IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| ROBERT J. BOBACK, | CIVIL DIVISION |
| Plaintiffs, | G.D. No. 14-016497 |
| vs. | |
| LabMD, INC., MICHAEL J. DAUGHERTY, RICHARD EDWARD WALLACE, and CAUSE OF ACTION INSTITUTE, | **MOTION FOR COORDINATION OR ALTERNATIVELY TO QUASH OR FOR PROTECTIVE ORDER** |
| Defendants | Filed on behalf of: |

**MOTION FOR COORDINATION OR
ALTERNATIVELY TO QUASH OR FOR
PROTECTIVE ORDER**

Filed on behalf of:

Non-Party Discovery Witnesses:  Molly
Trunzo, Anju Chopra, Keith Tagliaferri,
Daniel Kopchak and Katy Everett

Steven W. Zoffer, Esquire
PA I.D.# 62497

Brett W. Farrar, Esquire
PA I.D.# 79217

Dickie, McCamey & Chilcote, P.C.
Firm #067
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402

(412) 281-7272

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ROBERT J. BOBACK,                         CIVIL DIVISION

               Plaintiffs,           G.D. No. 14-016497

     vs.

LabMD, INC., MICHAEL J. DAUGHERTY,
RICHARD EDWARD WALLACE, and CAUSE
OF ACTION INSTITUTE,

             Defendants

## MOTION FOR COORDINATION OR
## ALTERNATIVELY TO QUASH OR FOR PROTECTIVE ORDER

AND NOW, come Molly Trunzo, Anju Chopra, Keith Tagliaferri and Daniel Kopchak by and through their attorneys, Dickie, McCamey & Chilcote, P.C., and Katy Everett, by and through her attorney Stephen Stallings, and file this Motion as follows:

1.     LabMD, Inc. ("LabMD") and Michael Daugherty ("Daugherty") seek to depose several nonparty witnesses, Molly Trunzo, Katy Everett, Anju Chopra, Keith Tagliaferri and Daniel Kopchak.   These persons are former Tiversa Holding Corporation ("Tiversa") employees, no longer employed by the company.

2.     Molly Trunzio was a former administrative assistant at Tiversa.  Katy Everett was a former sales person for Tiversa.  Anju Chopra held several positions at Tiversa: former Director of Development, former Vice President and Executive Vice President of Technology, and former Chief Information Officer and Executive Vice President of Technology.   Keith Tagliaferri also held several positions while with Tiversa: Analyst, Account Manager, Director of Operations and Senior Vice President of Operations.  Daniel Kopchak was Tiversa's former Chief Financial Officer.

## Multi-jurisdictional Litigation

3.      Multi-jurisdictional litigation between LabMD, Daugherty, Tiversa and Robert Boback ("Boback") has been ongoing for years across several jurisdictions.

### First Northern District of Georgia Action

4.      Litigation between LabMD, Daugherty, Tiversa and Boback began on October 19, 2011 when LabMD filed the first action in the Superior Court of Fulton County, Georgia.  LabMD asserted causes of action for violations of the Computer Fraud and Abuse Act (18 USC § 1030), computer crimes (O.C.G.A. § 16-9-93), conversion, and trespass relating to Tiversa's alleged download of a 1,718 page document ("1718 File") containing personal health information that was created and stored by LabMD.  LabMD alleges Tiversa intentionally accessed LabMD's computers and networks to download the 1718 File without permission.

5.      The case was removed the United States District Court for the Northern District of Georgia, Civil Action No. 1:11-cv-4044-LMM.  Tiversa successfully dismissed the action for lack of personal jurisdiction.  *LabMD, Inc. v. Tiversa, Inc., et al.*, No. 11-cv-4044, 2012 WL 12542448 (N.D. Ga. Aug. 15, 2012).  The Eleventh Circuit affirmed the dismissal on February 5, 2013.  *LabMD, Inc. v. Tiversa, Inc.*, 509 F.App'x 842 (11th Cir. 2013).

6.      In January 2016, LabMD filed a Rule 60(d)(3) Motion for Relief from Judgment and a Motion for Discovery to reopen this action.  LabMD alleged that it discovered evidence of purported fraud on the court by Tiversa and its counsel.  Specifically, LabMD argued that false evidence was provided to the court stating that Tiversa did not regularly solicit business in Georgia, or that its employees or agents did not conduct business in Georgia.

7.    The court permitted LabMD to engage in limited discovery, but ultimately, the court denied LabMD's motion determining that "LabMD ha[d] not proved by clear and convincing evidence that Tiversa committed a fraud on the court." LabMD appealed this decision to the Eleventh Circuit. On December 7, 2017 the Eleventh Circuit affirmed the district court rulings.

### Western District of Pennsylvania Defamation Action

8.    A second action, *Tiversa Holding Corp. and Robert J. Boback v. LabMD, Inc. and Michael J. Daugherty*, No. 2:13-cv-01296-NBF, was filed on September 5, 2013 in the United States District Court for the Western District of Pennsylvania. This action again arises out of actions surrounding the 1718 File, LabMD, a Federal Trade Commission investigation of LabMD, and defamatory statements made by LabMD/Daugherty in promotional materials for the book "The Devil Inside The Beltway" and in the book itself. Counts for defamation, slander per se, trade libel, violation of 15 USC § 1125, commercial disparagement, interference with contractual relations, intentional infliction of emotional distress and injunctive relief were alleged.

9.    The case was voluntarily dismissed by plaintiffs pursuant to FRCP 41 (a)(2) on November 4, 2014. A Pennsylvania state court action was subsequently filed.

10.    This case is used as the basis for an abuse of process and Dragonetti action filed by LabMD and Daugherty in the United States District Court for the Western District of Pennsylvania which will be more fully discussed below.

### Court of Common Pleas of Allegheny County, Pennsylvania Defamation Action (the Litigation in this Court)

11.    A third action, *Tiversa Holding Corporation and Robert J. Boback v. LabMD, Inc., Michael Daugherty and Richard Wallace*, No. GD-14-016497, was filed on September

23, 2014 in the Allegheny County Court of Common Pleas.  Like its federal predecessor, this action again arises out of the 1718 file, LabMD, the FTC investigation, and defamatory statements made by LabMD/Daugherty and former employee Richard Wallace's ("Wallace") false communications with Daugherty, as well as Wallace's statements in the FTC investigation proceeding.  The complaint asserts claims for defamation, slander per se, commercial disparagement/trade libel, breach of contract, tortious interference with contractual relations, and civil conspiracy.

12.     Tiversa voluntarily discontinued and removed itself from the case on March 10, 2016.  Boback continues to pursue this action in an individual capacity.  This action was stayed on September 2, 2016.

13.     This case is used as the basis for an abuse of process and Dragonetti action filed by LabMD and Daugherty in the United States District Court for the Western District of Pennsylvania against, among others, Boback's counsel (Clark Hill and Ridge) in this state defamation action before this Court.    The Dragonetti action, *LabMD, Inc. and Michael J. Daugherty v. Reed Smith, et al.* No. 2:17-cv-01365-NBF, will be more fully discussed below.

14.     Wallace also is using the state defamation action before this Court to form the basis for a Dragonetti claim in a lawsuit he filed in the Butler County Court of Common Pleas on June 3, 2016, *Richard Wallace and Amy Wallace v. Robert Boback, Tiversa, Inc., David Sitler and the Lancaster Township Police Department*, No. AD 16-10426.  Wallace's case will also be more fully discussed below.

15.     On January 11, 2018 this Court heard argument on a Motion for Extension of Stay.  It was argued that this state court defamation action should be stayed for 60 days so that Judge Maureen Kelly could rule on Clark Hill's and Ridge's motions to dismiss in the

federal Dragonetti action.  Since that time, LabMD and Daugherty filed an amended complaint.  Defendants again moved to dismiss the amended complaint.  Briefing on the several motions to dismiss the amended complaint continues at this time.

16.    Clark Hill and Ridge are in the odd position of being parties in the Dragonetti case for actions taken while litigating the state defamation action before this Court.

17.    On January 11, 2018, this Court granted the 60 day stay, but permitted LabMD and Daugherty to issue nonparty subpoenas after the expiration of 30 days.  The Court anticipated there would be issues with the subpoenas and entered an order on January 12, 12018 scheduling a follow up conference for March 13, 2018.  Resolution of the motions to dismiss in the federal Dragonetti action will not occur before this Court's March 13, 2018 conference.

18.    LabMD and Daugherty served, or are in the process of serving, subpoenas upon the nonparty witnesses to testify and to produce documents.  Molly Trunzo's subpoena[1] to produce documents directs that she produce all documents relating to: LabMD; Daugherty; the Privacy Institute; computer files belonging or once belonging to LabMD; the download of any computer files belonging or once belonging to LabMD; the methods or technologies or parties utilized to access and obtain computer files belonging or once belonging to LabMD; spread analysis(es) performed by Tiversa relating to any computer files belonging to or once belonging to LabMD; and Wallace.  A request is also made for all calendars or day planners of the witness, Boback, and other unidentified members of Tiversa for the time period January 1, 2008 to December 31, 2016.  (*See*

---

[1] Counsel has been provided with only Trunzo's subpoena which is discussed herein. Counsel anticipates the subpoenas directed to the other nonparty witnesses will be similar to the Trunzo subpoena.

Exhibit A, subpoena directed to Trunzo in *Tiversa Holding Corporation and Robert J. Boback v. LabMD, Inc., Michael Daugherty and Richard Wallace*, No. GD-14-016497)

## Western District of Pennsylvania Action

19.     A fourth action was filed in the Western District of Pennsylvania by LabMD on January 21, 2015, *LabMD, Inc. v. Tiversa Holding Corp., et al.,* Civil Action No. 2:15-cv-92. LabMD asserted, among other things, claims for conversion, defamation, tortious interference, fraud, negligent misrepresentation, and civil conspiracy, as well as violations of the federal RICO Act, 18 U.S.C. §§ 1962(c) and (d). The causes of action focused again upon LabMD's allegations that LabMD's computer systems were hacked to obtain personal identifying information and personal health information in the 1718 File, followed by attempts to extort or scare LabMD into using Tiversa's services. LabMD alleged Tiversa created the data security breach that needed to be solved. LabMD further claimed that once it refused Tiversa's services, Tiversa reported LabMD to the FTC for failed data security protocols and for allowing personal confidential information to be accessed.

20.     On January 8, 2016, the District Court issued a Memorandum Order adopting Chief Judge Magistrate Kelly's Report and Recommendation granting Tiversa's Motion to Dismiss. The Court denied LabMD's motion for reconsideration, noting that the motion was LabMD's "second (or third) bite at the apple after its arguments were not accepted before." *LabMD, Inc. v. Tiversa Holding Corp.*, No. 2:15-CV-92, 2016 WL 693014, at *5 (W.D. Pa. Feb. 22, 2016).

21.     On February 12, 2016 LabMD filed an Amended Complaint reasserting various claims. This case is currently stayed (since October 24, 2017) due to the filing of

*LabMD, Inc. et al v. Reed Smith, et al.* No. 2:17-cv-01365-NBF that was filed on October 20, 2017 in the United States District Court for the Western District of Pennsylvania. This case is more fully discussed below.

### Court of Common Pleas of Butler County, Pennsylvania Wallace Action

22.     A fifth action was filed by writ in the Butler County Court of Common Pleas on June 3, 2016 captioned *Richard Wallace and Amy Wallace v. Robert Boback, Tiversa, Inc., David Sitler and the Lancaster Township Police Department*, No. AD 16-10426. A complaint was filed on November 1, 2017. In response to preliminary objections, Wallace filed an amended complaint on January 19, 2018. Preliminary objections have been filed by Defendants and briefing continues. Argument is scheduled for April 4, 2018.

23.     Wallace alleges claims for assault, battery, breach of contract, wrongful use of civil proceedings, abuse of process, intentional and negligent infliction of emotional distress, invasion of privacy, and various Section 1983 claims. Wallace asserts the intentional actions of Boback, Tiversa, Sitler and the Lancaster Township police department caused him damages. The alleged acts regarding Boback and Tiversa include sexual assault, intimidation, threats with firearms and the like allegedly to, in part, prevent Wallace from testifying as a whistle blower against Tiversa and Boback in an FTC investigation of LabMD.

24.     Wallace piggy backs this case upon the state defamation action, *Tiversa Holding Corporation and Robert J. Boback v. LabMD, Inc., Michael Daugherty and Richard Wallace*, No. GD-14-016497 filed in the Court of Common Pleas of Allegheny County, Pennsylvania, to support his abuse of process and wrongful use of civil proceedings claims.

## Second Northern District of Georgia Action

25.     A sixth action, *Michael Daugherty and LabMD, Inc. v. Joel P. Adams, et al.*, CIVIL

ACTION NO. 1:16-cv-02480-LMM, was filed on July 8, 2016 in the United States District

Court for the Northern District of Georgia.   Several causes of action are asserted: state and

federal RICO violations, alleged bank fraud, wire fraud, access device fraud, witness

tampering, computer crimes, negligence, misrepresentation and conspiracy, many of which

were asserted in the First Northern District of Georgia Action and in the Western District of

Pennsylvania Action discussed above.   There are allegations of collusion between Tiversa

and the FTC, which ultimately investigated LabMD's information security practices.   Once

again, as a basis for these claims Daugherty and LabMD allege that in May 2008 Tiversa

hacked and stole the 1718 File from a LabMD computer and used that file to attempt to

extort LabMD to use Tiversa's services.

26.     Several individuals were named in this action, including Keith Tagliaferri,

Anju Chopra and Daniel Kopchak, who are also served with subpoenas for deposition in

this case before this Court.

27.     The case was transferred to the Western District of Pennsylvania from the

Northern District of Georgia on March 22, 2017 based upon the "First Filed Rule".

Daugherty and LabMD filed an appeal to the United States Court of Appeals for the Eleventh

Circuit challenging the transfer of the case to the Western District of Pennsylvania.   On July

10, 2017 the Eleventh Circuit dismissed the appeal because the order appealed from was

not a final order and could not be appealed under the collateral order doctrine.

**Western District of Pennsylvania Action**
**Transferred from the Northern District of Georgia**

28.     On March 22, 2017 Judge Martin May in the United States District Court for

the Northern District of Georgia transferred *Michael Daugherty and LabMD, Inc. v. Joel P.*

*Adams, et al.*, CIVIL ACTION NO. 1:16-cv-02480-LMM to the United States District Court for

the Western District of Pennsylvania based upon the "First Filed Rule". The case number in

the Western District of Pennsylvania is 2:17-cv-00368, a new Pennsylvania case number.

29.     The Western District of Pennsylvania stayed this action on August 1, 2017.

**Western District of Pennsylvania Dragonetti Action**

30.     An eighth action, *LabMD, Inc. and Michael J. Daugherty v. Reed Smith, et al.* No.

2:17-cv-01365-NBF, was filed on October 20, 2017 in the United States District Court for

the Western District of Pennsylvania. This action seeks damages against Tiversa, Reed

Smith, Clark Hill, Boback, Jarrod Shaw and Robert Ridge arising from two cases mentioned

above: (1) *Tiversa Holding Corp. and Robert J. Boback v. LabMD, Inc. and Michael J.*

Daugherty, No. 2:13-cv-01296-NBF in the United States District Court for the Western

District of Pennsylvania filed on September 5, 2013 (federal defamation action); and (2)

*Tiversa Holding Corporation and Robert J. Boback v. LabMD, Michael Daugherty and Richard*

*Wallace*, No. GD-14-016497 filed on September 23, 2014 in the Allegheny County Court of

Common Pleas (state defamation action currently before this Court).

31.     LabMD and Daugherty allege in this action that Defendants filed and pursued

the two defamation actions to harass, intimidate and antagonize, to deplete Plaintiffs'

financial resources, and to stop Plaintiffs from obtaining information about and revealing

Tiversa's and Boback's fabrication of evidence and other misconduct with the FTC, alleged

illegal business practices, creation of reputational harm to Plaintiffs, and retaliation against

Plaintiffs, while knowing the basis for these actions was false, and based upon lies and fabricated documents. The claims asserted by LabMD and Daugherty are for violation of the Pennsylvania Dragonetti Act, abuse of process, and conspiracy to abuse process arising out of alleged abusive litigation based upon false evidence.

32.     LabMD and Daugherty filed a complaint to which Defendants moved to dismiss. In response, LabMD and Daugherty filed an amended complaint. Defendants again moved to dismiss the amended complaint. Briefing on the several motions to dismiss the amended complaint continues at this time. Resolution of the motions to dismiss will not occur before this Court's March 13, 2018 conference.

### The Witnesses To Be Deposed Have Been Served With Discovery In Another Action and Several Are Named Parties In A Third Action

33.     The persons sought to be deposed by LabMD and Daugherty in this case before this Court are Molly Trunzo, Katy Everett, Anju Chopra, Keith Tagliaferri and Daniel Kopchak.   A description of the subpoena seeking production of documents directed to Trunzo is described above in paragraph 18.

34.     All of these persons have also been subpoenaed in the United States District Court for the Western District of Pennsylvania case *LabMD, Inc. v. Tiversa Holding Corp., et al.*, Civil Action No. 2:15-cv-92, which is currently stayed. None of these persons are parties to the Western District of Pennsylvania action.

35.     In the *LabMD, Inc. v. Tiversa Holding Corp., et al.*, Civil Action No. 2:15-cv-92 case, Molly Trunzo, Keith Tagliaferri and Anju Chopra were subpoenaed for deposition and to produce documents. Katy Everett and Daniel Kopchak were subpoenaed to produce documents only.

36.     The subpoenas to produce documents directed to Trunzo, Tagliaferri, Everett and Kopchak in *LabMD, Inc. v. Tiversa Holding Corp., et al.*, Civil Action No. 2:15-cv-92 requested the same items: all documents relating to the methods or technologies utilized by Tiversa to search for access and download files from clients on peer to peer networks; all documents relating to Tiversa's and/or Wallace's use of law enforcement surveillance software to search for, access and download files from clients on peer to peer networks; all documents related to Tiversa manipulating data in its data store; all documents regarding Boback's reputation for truthfulness or untruthfulness; all documents regarding Boback's malice against Daugherty or Wallace; severance or post-employment agreements with Tiversa; emails to or from current or former employees of Tiversa that mention or refer to LabMD or Daugherty; emails to or from current or former employees of Tiversa that mention or refer to Tiversa or Boback; documents that mention, refer or evidence misconduct by Tiversa or Boback; documents received from or given to, notes from meetings or interviews with, and transcripts of interviews or testimonies given to, congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or its business practices; and all documents relating to LabMD and Daugherty.  The subpoena directed to Chopra also requested, in addition to those items, all documents relating to information provided to the Committee for Oversight and Government Reform of the U.S. House of Representatives; transcript of the interview/testimony given to the OGR Committee; documents relating to tours given to people who visited Tiversa, including employees if the FTC; documents related to contributions to technologies patented by Tiversea; documents related to her April 17, 2015 Affidavit; and documents related to

meetings with the FTC.   (See Exhibits B-F, subpoenas directed to Trunzo, Everett, Chopra, Tagliaferri and Kopchak in *LabMD, Inc. v. Tiversa Holding Corp., et al.*, Civil Action No. 2:15-cv-92)

37.     Chopra, Tagliaferri and Kopchak, are named parties in a different case in the United States District Court for the Northern District of Georgia, *Michael Daugherty and LabMD, Inc. v. Joel P. Adams, et al.*, CIVIL ACTION NO. 1:16-cv-02480-LMM, which was transferred to the United States District court for the Western District of Pennsylvania at 2:17-cv-00368.  Claims against these persons include federal RICO violations for conspiracy to commit identity fraud, access device fraud, computer fraud and abuse, various state RICO conspiracy violations and common law conspiracy.  The basis for the claims asserted are that in May 2008 Tiversa hacked and stole the 1718 File from a LabMD computer and used that file to attempt to extort LabMD to use Tiversa's services.  No discovery has occurred in that action and that action has been stayed since August 1, 2017.

**A.     The Requested Nonparty Discovery Should Be Coordinated With, At A Minimum, The Other Litigation Where The Nonparties Have Been Served With Discovery Or Are, In Fact, Parties.**

38.     There are numerous cases in both state and federal court involving, in part, common parties, common questions of law and fact, and overlapping discovery.   No single forum has jurisdiction over the cases because they are filed in both federal and state court.

39.     Persuasive authority recommends the various actions be coordinated for, at a minimum, discovery purposes.  Comity, necessity and fairness to the parties strongly suggests that the federal and state courts involved contact each other to discuss possible coordination, concerns, and exchange of information to efficiently and effectively achieve progression and resolution of these matters.  *See* MANUAL FOR COMPLEX LITIGATION (Fourth) §

20.3; *Dunlavey v. Takeda Pharms. Am., Inc.*, 2012 U.S. Dist. LEXIS 120897 (W.D. La. 2012).

The manual recommends that federal and state court judges communicate with each other

and coordinate the cases, if possible. MANUAL FOR COMPLEX LITIGATION (Fourth) § 20.312; §

20.313. *See also* COORDINATING MULTIJURISDICTIONAL LITIGATION *A POCKET GUIDE FOR JUDGES* at 1-

2 (2013) (publication based upon the premise that both state and federal systems should

be in a position to develop joint communication and cooperation to manage challenging

cases; "When appropriate, coordination of schedules and discovery among multiple

jurisdictions may create efficiencies, allow for more rational allocation of judicial resources,

and eliminate unnecessary duplication.")   With respect to discovery, examples of

coordination include coordinated scheduling of discovery deadlines, uniform deposition

protocol, and cross noticing of depositions to prevent redundancy. *Id.* at 8-10.

40.     Case law also supports such coordination in the proper circumstances. *See In

re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1009 (5th Cir. 1977)

(discussing coordinated discovery in progress between state court actions and federal

court actions); *In re Fed. Skywalk Cases*, 680 F.2d 1175 (8th Cir. 1982) *cert. denied* 459 U.S.

988 (1982) (noting that state and federal courts consolidated cases for discovery

purposes); *In re MGM Grand Hotel Fire Litigation*, 570 F.Supp. 913, 917 (D. Nev. 1983)

(noting agreement between federal and state courts that discovery developed in MDL could

be utilized in state court litigation; procedure for coordination of scheduling and taking of

depositions agreed upon by state and federal courts).

41.     Pennsylvania law also promotes the same goals, albeit in the context of

coordinating litigation in different counties.  Pennsylvania Rule of Civil Procedure 213.1

provides for coordination of actions to avoid inconvenience or prejudice to the parties,

witnesses and counsel, unreasonable expense, and duplicative or inconsistent rulings, as well as encouraging judicial efficiency.

42.     Some combination of LabMD, Daugherty, Boback and Tiversa as parties is found in every case.

43.     The basis out of which each case arises is Tiversa's alleged hacking of a LabMD computer and taking of the 1718 File, and subsequent efforts by Tiversa, and in some instances other alleged conspirators, to force LabMD to purchase Tiversa's services to remediate this situation.

44.     Common to each case is the alleged retaliation by Tivesa, and other alleged conspirators, against LabMD when LabMD did not do so, involving in part collusion with the FTC in connection with an FTC investigation of LabMD, and alleged cover up of Tiversa's alleged improper business practices.

45.     The persons subpoenaed in this case have also been subpoenaed in the United States District Court for the Western District of Pennsylvania case *LabMD, Inc. v. Tiversa Holding Corp., et al.*, Civil Action No. 2:15-cv-92, which is currently stayed.

46.     Three of the persons subpoenaed in this case, Chopra, Tagliaferri and Kopchak, are named parties in another different case in the United States District Court for the Northern District of Georgia, *Michael Daugherty and LabMD, Inc. v. Joel P. Adams, et al.*, CIVIL ACTION NO. 1:16-cv-02480-LMM, which was transferred to the United States District Court for the Western District of Pennsylvania at 2:17-cv-00368.   No discovery has occurred in that action and that action has been stayed since August 1, 2017.

47.     The subpoenaed documents in this case before this Court overlap (and presumably the topics upon which the witnesses would be deposed in each case also

overlap) with the subpoenaed documents in the currently stayed case in the United States District Court for the Western District of Pennsylvania, *LabMD, Inc. v. Tiversa Holding Corp., et al.*, Civil Action No. 2:15-cv-92.   For example, subpoenas in multiple cases seek all documents in the possession of the witnesses, including those from current or former employees, pertaining to LabMD and Daugherty (subsumed within these requests are documents that relate to government investigations of LabMD); as well as the methods or technologies utilized by Tiversa to search for, access and obtain computer files, including those from LabMD.

48.     Permitting subpoenaed depositions of nonparty witnesses and production of documents by the nonparty witnesses should be prohibited until coordination of discovery can occur with the other cases.

49.     If coordination does not occur, witnesses will be unnecessarily inconvenienced and prejudiced, subject to unreasonable and duplicative expense and proceedings, such as multiple depositions by different attorneys in different cases on the same or very similar topics.   Further, such persons and parties to the proceedings would be subject to potentially inconsistent discovery rulings from various courts in which either discovery would be sought, or to which the persons are parties.   Coordination in this instance encourages judicial efficiency and consistency of rulings.

50.     The discovery requested is, in reality, an end run around the stays that currently exit in those cases to obtain discovery related to that other litigation currently stayed, and beyond the scope of the issues in the state defamation action before this Court.

51.    In the cases where the nonparties in this case are parties, the witnesses' testimony in this case as a nonparty could be binding in the case in which he or she is a party.

52.    When appropriate and after stays are lifted, the nonparties in this case plan to ask those courts to coordinate discovery.

53.    Discovery in this case should be prohibited until coordination can occur.

**B.    Alternatively, If This Court Determines That Coordination Is Not Appropriate, An Order Should Be Entered Quashing the Subpoenas Directed To The Nonparty Witnesses Or To Protect The Nonparty Witnesses From Improper Discovery.**

54.    This Court is authorized to either quash the subpoena or enter a protective order limiting the requested discovery.

55.    A nonparty is protected by the discovery rules limiting the scope of discovery. *Woods v. Dunlop*, 334 A.2d 619, 623 n.9 (Pa. 1975) ("[A] party's right to require the production of a non-party's documents is not unlimited.  The non-party may seek to quash the subpoena on appropriate grounds. He is also protected by Pa.R.Civ.P. 4011 & 4012.")

56.    "The trial court is responsible for '[overseeing] discovery between the parties and therefore it is within that court's discretion to determine the appropriate measure necessary to insure adequate and prompt discovering of matters allowed by the Rules of Civil Procedure.'" *Berkeyheiser v. A Plus Investigations, Inc.*, 936 A.2d 1117, 1125 (Pa. Super. Ct. 2007) (citations omitted).  A court will place limitations on discovery when such discovery is irrelevant.  *See Slayton v. Biebel*, 37 Pa. D.&C. 4th 140, 141 (Crawford County, 1998).

G.D. No. 14-016497

57.     Discovery is not granted as a matter of right but in the discretion of the court where the need therefor is shown, and in such manner as will protect the adversary against impertinent intrusion. *Kuhlman Elec. Co. v. Donegal Mfg. Corp.,* 81 Pa. D. & C. 12 (C.C.P. Lancaster Cnty. 1952). "Whether a subpoena shall be enforced rests in the judicial discretion of the trial court." *Commonwealth v. Walsh,* 36 A.3d 613, 620 (Pa. Super. 2012) (citations omitted).

58.     The Pennsylvania Rules of Civil Procedure permit a party to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the **pending** action." Pa.R.C.P. 4003.1 (emphasis added).

59.     The Pennsylvania Rules of Civil Procedure do not allow discovery "which (a) is sought in bad faith; (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party; (c) is beyond the scope of discovery as set forth in Rules 4003.1 through 4003.6." Pa.R.C.P. 4011.  Pa.R.C.P. 4003.1(b) requires that discovery requests not be overly broad and are narrowly tailored to lead to admissible evidence.

60.     The court must ensure that the discovery requests are tailored to the specific causes of action or defenses raised in the instant matter.  *See* Pa. R. Civ. P. 4003.1; *see also Berkeyheiser*, 936 A.2d at 1127 (remanding for trial court's failure to require plaintiff to establish discovery was reasonably calculated to lead to the discovery of admissible evidence; determining a court should not permit discovery requests "if they represent a mere fishing expedition").

61.     Pennsylvania Rule of Civil Procedure 4012 supports the imposition of a protective order, including the prohibition of discovery, "to protect a party or person from

unreasonable annoyance, embarrassment, oppression, burden or expense." Pa. R. Civ. P. 4012(a)(1).

62.    A court may also enter a protective order "that the discovery or deposition shall be only on specified terms and conditions, including a designation of the time and place." Pa. R. Civ. P. 4012(a)(2).

63.    For good cause shown, a person from whom discovery is sought may file a motion seeking a court order protecting that person from "unreasonable annoyance, embarrassment, oppression, burden or expense" prohibiting the requested discovery. Pa. R. Civ. P. 4012.   The question of whether "good cause" exists ultimately falls within the discretion of the court.  *Marion v. Lukaitis*, 32 Pa. D. & C.5th 287, 298 (C.C.P. Lackawanna Cnty. 2013), citing *Pennington v. Cuprum*, 32 Pa. D. & C.4th 75, 78 (C.C.P. Northampton Cnty. 1996).

64.    The matters at issue in the current litigation are Boback's defamation claims against LabMD, Daugherty and Wallace.   The claims asserted by Boback in the state defamation action before this Court are for defamation, slander per se, commercial disparagement/trade libel, breach of contract by Wallace, tortious interference with contractual relations, and civil conspiracy.

65.    Boback filed the action to remedy LabMD's, Daugherty's and Wallace's harmful false and defamatory conduct.   The state defamation action focuses upon Daugherty's false statements in his book "The Devil Inside The Beltway" and during promotion for the book's publication (Second Amended Complaint filed September 8, 2015, ¶¶ 28-35) and Wallace's breach of a termination agreement with Tiversa by providing false and disparaging information and testimony about Tiversa during the FTC investigation of

LabMD and by providing false information about Tiversa to Daugherty and his attorneys (Second Amended Complaint filed September 8, 2015, ¶¶ 44-62).

66.     LabMD's and Daugherty's subpoena document requests, however, specifically seek *all documents relating to*: LabMD; Daugherty; the Privacy Institute; computer files belonging or once belonging to LabMD; the download of any computer files belonging or once belonging to LabMD; the methods or technologies or parties utilized to access and obtain computer files belonging or once belonging to LabMD; spread analysis(es) performed by Tiversa relating to any computer files belonging to or once belonging to LabMD; and Wallace.  A request is also made for all calendars or day planners of the witness, Boback, and other unidentified members of Tiversa for the time period January 1, 2008 to December 31, 2016.

67.     These document requests are far beyond the issues and claims alleged in this state defamation action, *i.e.*, defamation, slander per se, commercial disparagement/trade libel, breach of contract by Wallace, tortious interference with contractual relations, and civil conspiracy.

68.     Pa. R. Civ. P. 4003.1 requires discovery be "relevant to the subject matter involved in the pending action." Pa. R. Civ. P. 4003.1; *see also J.S. v. Whetzel,* 860 A.2d 1112, 1121 (Pa. Super. Ct. 2004) (holding trial court erred in permitting discovery requesting "unfettered" production of "any and all" of appellant's tax forms, where such documentation contained information unrelated to case)  The subpoena document requests are nothing more than a fishing expedition done in bad faith to harass the nonparties (who are parties in another federal action) and to improperly obtain information and evidence for use in other federal litigation involving Daugherty and

LabMD.  *See* Pa. R. Civ. P. 4011; *Whetzel,* 860 A.2d 1112, 1121; *Berkeyheiser*, 936 A.2d 1117 (citations omitted) (remanding for trial court's failure to require plaintiff to establish discovery was reasonably calculated to lead to the discovery of admissible evidence); *see also Kuhlman Elec. Co.,* 81 Pa. D. & C. 12 (discovery only permitted in discretion of court where the need is shown, and in a manner to protect against impertinent intrusion).

69.     The nonparty subpoena document requests are not focused upon the claims and issues on this defamation action before this Court.  Rather, they seek information that is pertinent to the other actions between the parties that are focused upon Tiversa's alleged hacking of a LabMD computer and taking of the 1718 File, subsequent efforts to force LabMD to purchase Tiversa's services to remediate the situation, and FTC investigation of LabMD.

70.     Documents requested relating to the Privacy Institute necessarily seek documents provided to the FTC for its investigation, and nothing to do with the publication and promotion of Daugherty's book or Wallace's breach of contract.  Requests for LabMD computer files, the downloading of its computer files, and the technologies, methods, etc. associated therewith relate to claims of alleged hacking and stealing of the 1718 File found in other federal litigation, not the defamation claims in this case.  (*See* Complaint, *LabMD, Inc. v. Tiversa, Inc., et al.*, No. 11-cv-4044, ¶¶ 72-83; First Amended Complaint, *LabMD, Inc. v. Tiversa Holding Corp., et al.*, Civil Action No. 2:15-cv-92, ¶¶ 37-47; Complaint, *Michael Daugherty and LabMD, Inc. v. Joel P. Adams, et al.*, CIVIL ACTION NO. 1:16-cv-02480-LMM, ¶¶ 150-169)

71.     All documents requested relating to any spread analysis performed by Tiversa also concern the 1718 File.  The spread analysis is at issue in *Michael Daugherty*

*and LabMD, Inc. v. Joel P. Adams, et al.*, CIVIL ACTION NO. 1:16-cv-02480-LMM (*Michael Daugherty and LabMD, Inc. v. Joel P. Adams, et al.*, CIVIL ACTION NO. 1:16-cv-02480-LMM, Complaint, ¶¶ 82, 84, 179, 218, 305), as well as in *LabMD, Inc. v. Tiversa Holding Corp., et al.*, Civil Action No. 2:15-cv-92 (First Amended Complaint, ¶¶ 51-57). The spread analysis is overtly not related to the defamation claims asserted by Boback against LabMD, Daugherty or Wallace.

72.    The requests for calendars and day planners for any member of Tiversa's management for an eight year period between January 1, 2008 and December 31, 2016 are simply overly broad, unduly burdensome and seek irrelevant information.

73.    The subpoenaed document requests are an impertinent intrusion, which courts have held are not permitted. *See Kuhlman Elec. Co., supra.* The requests seek discovery that bears no relevance to the limited pending defamation allegations asserted in this case before this Court. It is obvious that LabMD and Daugherty are engaged in a fishing expedition seeking information not tied to this action to aid their litigation in other forums.

74.    The only apparent purposes for the irrelevant and improper discovery requests are harassment of nonparties, or an attempt to improperly obtain information relevant to other actions, both of which violate Pennsylvania authority.

75.    The subpoenaed document requests should be quashed. In the alternative, to the extent the Court finds that there is some relevancy and the information sought is not otherwise protected, a protective order limiting the requests to information that is not privileged and relevant to the instant pending matter should be entered.

G.D. No. 14-016497

WHEREFORE, it is respectfully requested that this Honorable Court enter the attached order staying discovery so that coordination of this action with other actions between the parties can occur.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By: _____
     Steven W. Zoffer, Esquire
     PA I.D.# 62497
     Brett W. Farrar
     PA I.D.# 79217

Two PPG Place
Pittsburgh, PA 15222-5402
(412) 281-7272

*Counsel for Non-Party Discovery Witnesses*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| TIVERSA HOLDING CORP. and ROBERT J. BOBACK, | ) ) ) | CIVIL DIVISION |
| Plaintiffs, | ) ) ) | No. GD-14-016497 |
| v. | ) ) ) | |
| LabMD, INC.; MICHAEL J. DAUGHERTY; and RICHARD EDWARD WALLACE, | ) ) ) ) ) | **AMENDED NOTICE OF VIDEO DEPOSITION OF MOLLY TRUNZO** |
| Defendants. | ) ) ) | Filed on behalf of Defendants, LabMD, Inc. and Michael J. Daugherty |

Counsel of Record for this Party:

DUANE MORRIS LLP

Cynthia L. Counts
GA Bar No. 190280 (admitted *pro hac vice*)
1075 Peachtree St. NE, Suite 2000
Atlanta, GA  30309
Telephone:  (404) 253-6900
Fax:  (404) 253-6901
clcounts@duanemorris.com

Kenneth M. Argentieri
PA ID No. 41468
600 Grant Street, Suite 5010
Pittsburgh, PA  15219
Telephone:  (412) 497-1005
Fax:  (412) 497-1001
kmargentieri@duanemorris.com

James W. Hawkins
GA Bar No. 338767 (admitted *pro hac vice*)
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA  30009
Telephone:  (678) 697-1278
Fax:  (678) 540-4515
jhawkins@jameshawkinsllc.com

DM1\8495602.1

**Exhibit A**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TIVERSA HOLDING CORP. and ROBERT J. BOBACK, | ) ) ) | CIVIL DIVISION |
| Plaintiffs, | ) ) | |
| v. | ) | |
| LabMD, INC.; MICHAEL J. DAUGHERTY, and RICHARD EDWARD WALLACE, | ) ) ) ) | No. GD-14-016497 |
| Defendants. | ) ) | |

## AMENDED NOTICE OF VIDEO DEPOSITION OF MOLLY TRUNZO

PLEASE TAKE NOTICE that, in accordance with the Subpoena to Attend and Testify

attached hereto as Exhibit A, the videotaped deposition of Molly Trunzo shall be taken before a

notary public duly authorized by law to administer oaths on Tuesday, March 27, 2018 at

10:00 am and continuing thereafter from day to day until completed, at the offices of Duane

Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219, and at any and all

adjournments thereof, at which time and place you are invited to appear and take such parts as

shall be fitting and proper.

DUANE MORRIS LLP

/s/Kenneth M. Argentieri
Kenneth M. Argentieri (PA ID No. 41468)
600 Grant Street, Suite 5010
Pittsburgh, PA 15219
Telephone: (412) 497-1005
kmargentieri@duanemorris.com

Cynthia L. Counts
GA Bar No. 190280 (admitted *pro hac vice*)
1075 Peachtree St. NE, Suite 2000
Atlanta, GA 30309
Telephone: (404) 253-6900
clcounts@duanemorris.com

James W. Hawkins
GA Bar No. 338767 (admitted *pro hac vice*)
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA  30009
Telephone:  678-697-1278
jhawkins@jameshawkinsllc.com

March 1, 2018                          Counsel for Defendants, LabMD, Inc. and
                                       Michael J. Daugherty

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

THE COMMONWEALTH OF PENNSYLVANIA    )ss:
COUNTY OF ALLEGHENY    )


TIVERSA HOLDING CORP. AND ROBERT J.
BOBACK

vs.                                          No. ____GD 14-016497____


LABMD, INC., MICHAEL J. DAUGHERTY AND
RICHARD EDWARD WALLACE

**SUBPOENA TO ATTEND AND TESTIFY** (AMENDED)

To:  MOLLY TRUNZO, 1612 KING JAMES DRIVE, PITTSBURGH, PA 15237 (home)
     PITTSBURGH PENGUINS, PPG PAINTS ARENA, 1001 FIFTH AVE.,
     PITTSBURGH, PA 15219 (work)

1.   You are ordered by the Court to come to:
     the Offices of Duane Morris LLP _____      at 600 Grant St., 50th Fl.,
          Specify courtroom or other place              Pittsburgh, PA 15219

     Pennsylvania, on ___March 27, 2018_____      at 10:00____ o'clock A. M., to
     testify on behalf of _Defendants LabMD, Inc. and Michael J. Daugherty_
     in the above case and to remain until excused.

2.   And bring with you the following: __SEE ATTACHED EXHIBIT_____


     If you fail to attend or to produce the documents or things required by this subpoena, you
     may be subject to the sanctions authorized by Rule 234.5 of the Pennsylvania Rules of Civil
     Procedure, including but not limited to costs, attorney fees and imprisonment.

     **REQUESTED BY A PARTY/ATTORNEY IN COMPLIANCE WITH Pa. R.C.P. No. 234.2 (a)**

**Attorney's Name:** Kenneth M. Argentieri_____

**Address:**  Duane Morris LLP_____        **By The Court:**

     600 Grant St., 50th Fl., Pittsburgh,
**Telephone:**  412-497-1005_____  PA 15219     **By:** *Kate Barkman*

**Supreme Court ID #** _41468_____                **Kate Barkman**

**Attorney for:** Defendants LabMD, Inc. and          Director, Department of Court Records
     Michael Daugherty

**Date:** _____                    **By:** *Eric Feder*

                                                      **Eric Feder**
                                                      Deputy Director, Department of Court Records

Nº  08130

*Note:*  This form of subpoena shall be used whenever a subpoena is issuable under Rule 234.1, including
         hearing in connection with depositions and before arbitrators, masters, commissioners, etc.
         To require the production of documents or things in addition to testimony, complete paragraph 2.

# RETURN OF SERVICE

On the _23^RD_ day of _FEBRUARY_, 20 _18_, I, _RODNEY TROUPE_

served _MOLLY TRUNZO_ with the foregoing subpoena by: (describe method of service)

_PERSONAL   SERVICE   AT   12:31 PM   AT   PPG PAJYUTS_

_ARENA, 1001 FIFTH AVE, PGH, PA_

**I verify that the statements in this return of service are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.**

_FEBRUARY 23, 2018_

Date                                    Signature

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TIVERSA HOLDING CORP. and<br>ROBERT J. BOBACK, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. GD-14-016497 |
| | ) | |
| LabMD, INC., MICHAEL J.<br>DAUGHERTY, and RICHARD EDWARD<br>WALLACE, | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT TO SUBPOENA

Pursuant to the Pennsylvania Rules of Civil Procedure, Defendants LabMD, Inc. and Michael J. Daugherty ("Defendants") demand that you produce the following documents in connection with a subpoena served upon you.

## DEFINITIONS

The terms and phrases listed below are defined as follows:

1.     "Tiversa" means Tiversa Holding Corp., Tiversa Entertainment Group, Tiversa Government, Inc., Tiversa Inc., Tiversa IP, Inc., Tiversa Labs, Tiversa Media, Inc., Tiversa Real Estate Holdings, Inc., and The Privacy Institute, and shall include Tiversa's agents, employees, representatives, attorneys, accountants, investigators, and/or other persons or representatives acting or purporting to act on behalf of Tiversa.

2.     "Document" or "Documents" includes all materials falling within the scope and meaning of the Pennsylvania Rules of Civil Procedure and means any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation all correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams,

minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, intra-office communications, offers, notations or any sort of conversations, telephone calls, meetings, e-mails (both work and personal) or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or oral records of representations of any kind, any electronic, mechanical or electronic records or representations of any kind (including all related metadata), of which Tiversa has knowledge or which are now or formerly were in Tiversa's actual or constructive possession, custody or control.

3.    "Possession," "custody," or "control" includes the joint or several possession, custody or control not only by the person to whom these Discovery Requests are addressed, but also the joint or several possession, custody or control by each or any other person acting or purporting to act on behalf of the person, whether as employee, attorney, investigator, agent, sponsor, spokesman, or otherwise.

4.    "Person" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association separately identifiable whether or not such association has a separate juristic existence in its own right.

5.    "Representative" means any person acting or purporting to act on behalf of any other person.

6.    "Referring to," "relating to," and "concerning" should be construed in the broadest sense possible and shall mean commenting upon, including, regarding, discussing, describing, reflecting, relevant to, constituting, used in connection with, embodying, or evidencing.

2

7.      The use of the masculine gender herein includes the feminine and vice versa; the use of the singular includes the plural and vice versa; the use of and includes or and vice versa; the use of all includes any and vice versa.

## INSTRUCTIONS

1.      In responding to this Subpoena, you must make a diligent search of your records and other papers and materials in your possession or available to you or your representatives.  You must produce all documents requested below which are in your possession, custody or control, or in the possession, custody or control of any other person or entity acting or purporting to act in concert with you or on your behalf, wherever located.

2.      In responding to this Subpoena, you are required to serve a written response to all requests and are required to produce all documents that are in your actual or constructive possession, custody or control or that are in the possession, custody or control of your attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on your behalf at the offices of Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA, 15219-2802, on or before the date set forth in the Subpoena.

3.      If any requested document(s) was but is no longer in your possession or subject to your control, or is no longer in existence, you must identify the document(s) and state whether it (i) has been destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of documents should be identified.  In each such instance, explain the circumstances surrounding the disposition and the identity of all persons who you believe to have knowledge of such disposition.

4.     The document requests in this Subpoena are to be regarded as continuing, and you are required to provide supplementary responses as set forth in the Pennsylvania Rules of Civil Procedure.

5.     If you object to any document request in this Subpoena on the ground that it seeks privileged information, please identify the portion of the request to which the objection applies, state the general nature of the withheld information, identify all persons privy to the withheld information, and answer the remaining portion of the Discovery Requests.  For each document or portion thereof withheld, the privilege log shall contain a description of the following:

a.     the type of document (e.g., memorandum, letter, notes, e-mail, etc.);

b.     the date of the document or, if no date appears thereon, the approximate date the document was prepared;

c.     the author's name(s);

d.     the recipient's name(s) (e.g., the direct addressee's name(s));

e.     the identity of any other recipients of the document that appear on the document as having received a copy (e.g., as "cc" or "bcc");

f.     the identity of any attachments to the document and whether the attachments have been produced;

g.     the claim of privilege providing the grounds for withholding the document (e.g., attorney-client privilege or work product);

h.     an identification number of the document;

i.     designate the names of all persons identified as receiving a copy who were attorneys and designate the names of all persons identified as receiving a copy who were not employees or agents of a party to this litigation;

4

j.     a description of the document's general subject matter;

k.     the legal basis for withholding the document; and

l.     information sufficient to identify the title, capacity, and affiliation of each individual upon whom the claim of privilege or work product immunity is based.

Nothing herein shall prevent any party from seeking additional information regarding any writings or categories of documents identified on a privilege log.

6.     You should furnish all documents in your possession and all documents available to you through your representatives or otherwise.

7.     If you are unable to respond to the following document requests in the Subpoena completely, respond to the extent possible, specifically state the reason for your inability to respond to the remainder and state whatever information or knowledge you have concerning the documents not produced.

8.     All documents produced shall be segregated and identified by the paragraph to which they are primarily responsive.  In the event that more than one copy of any document exists, the original shall be produced as well as every copy on which appears any notations or markings of any sort not appearing on the original.

9.     All words used in the singular shall be read as having been used in the plural and vice versa.

## DOCUMENT REQUESTS

1.     Produce all Documents relating to LabMD, Inc.

2.     Produce all Documents relating to Michael Daugherty.

3.     Produce all Documents relating to the Privacy Institute.

4.     Produce all Documents relating to any computer files belonging to or once belonging to LabMD, Inc.

5.      Produce all Documents relating to the download of any computer files belonging to or once belonging to LabMD, Inc.

6.      Produce all Documents relating to the method, manner, services, technologies, and/or parties that were utilized to access and obtain any computer files belonging to or once belonging to LabMD, Inc.

7.      Produce all Documents relating to any spread analysis(es) performed by Tiversa relating to any computer files belonging to or once belonging to LabMD, Inc.

8.      Produce all Documents relating to Richard Wallace, including, but not limited to, emails and other communications.

9.      Produce all calendars or day planners of (i) yours; (ii) Robert Boback's; (iii) anyone you assisted at Tiversa; and (iv) other members of Tiversa's management, for the time period January 1, 2008 to December 31, 2016.

6

**CERTIFICATE OF SERVICE**

I certify that, on this 1st day of March, 2018, a copy of the foregoing **AMENDED NOTICE OF VIDEO DEPOSITION OF MOLLY TRUNZO** was served by electronic mail and U.S. Mail, postage prepaid, on the following counsel of record:

Robert J. Ridge
Brandon J. Verdream
Clark Hill PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219
rridge@clarkhill.com
bverdream@clarkhill.com

*Counsel for Plaintiff, Robert J. Boback*

Mary Beth Buchanan
Jacquelyn N. Schell
Bryan Cave LLP
1290 Avenue of the Americas
New York, NY  10104
mbuchanan@bryancave.com
Jacquelyn.Schell@bryancave.com

*Counsel for Defendant Richard Edward Wallace*

/s/ Kenneth M. Argentieri
Kenneth M. Argentieri

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIVERSA HOLDING CORP. f/k/a | ) | No. 2:15-cv-00092-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF SUBPOENAS

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that

Plaintiff LabMD, Inc. intends to serve Subpoenas, in the form attached hereto, on Molly Trunzo

on October 6, 2017, or as soon thereafter as service may be effectuated.

Dated: October 6, 2017

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

**Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                                    )
                                               )
              Plaintiff,                        )
                                               )
v.                                             )
                                               )
TIVERSA HOLDING CORP. f/k/a                    )       No. 2:15-cv-00092-MRH-MPK
TIVERSA, INC.; ROBERT J. BOBACK;               )
and DOES 1-10,                                 )
                                               )
                                               )
              Defendants.                       )
_____ )

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Subpoena on the

following counsel via email as follows:

Jarrod D. Shaw
Natalie Zagari
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com

*Attorneys for Defendant Tiversa Holding Corp.*

Robert J. Ridge
Brandon J. Verdream
301 Grant Street, 14th Floor
One Oxford Centre
Pittsburgh, PA 15219
rridge@clarkhill.com
bverdream@clarkhill.com

*Attorneys for Defendant Robert J. Boback*

*/s/ James W. Hawkins*

James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

2

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Pennsylvania

| | |
|---|---|
| LabMD, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; | ) |
| Robert J. Boback | ) |
| *Defendant* | ) |

Civil Action No.   2:15-cv-00092-MPK

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                   Molly Trunzo

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time:<br>10/26/2017 1:59 pm |
|---|---|

The deposition will be recorded by this method:   Stenographically and may be recorded by audio and video

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/05/2017

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   LabMD, Inc.
_____ , who issues or requests this subpoena, are:
James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:15-cv-00092-MPK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                              *Server's signature*

                                        _____
                                                              *Printed name and title*

                                        _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

                  Plaintiff,

      v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

                Defendants.

Civil Action No. 2:15-cv-00092-MPK

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests for production of documents or things; requests for admission; and/or depositions, may require, by way of illustration, not limitation, disclosure of personal and confidential information such as information contained in customer account files; competitively sensitive or proprietary business information and data; business policies, procedures and/or handbooks; marketing, financial and/or business plans, models, strategies, information and data; otherwise private, confidential and/or trade secret information; and/or information, the disclosure of which may cause injury or embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential Materials"), which should otherwise remain confidential and the private property and information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS,** the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

WHEREAS, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

WHEREAS, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

1.     **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

a.     "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.     Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production.  A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c.     For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d.     Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material.  The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

2.    **Disclosures of Documents**

a.    All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.    Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c.       Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.       "Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a.       the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b.       attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.       parties to this lawsuit;

d.       employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e.       court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f.       any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.      any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.      Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.      any other person that all parties agree to in writing.

**4.      Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

### 5. Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

### 6. Handling of Confidential Materials

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

### 7.   Inadvertent Failure to Designate

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

### 9.   Information from Third-Party Sources

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

### 10.   Use in Court Proceedings

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

### 11.   Filing in Court

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal.  The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

### 12.   Further Application

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

### 13.   Remedies

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

**14.    Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,

/s/ James W. Hawkins
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com
*Attorney for Plaintiff LabMD, Inc.*

Respectfully submitted,

/s/ Jarrod D. Shaw
Jarrod D. Shaw
Pa. ID No. 93459
Natalie Zagari
Pa. ID No. 316221
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
Telephone: 412 667 6000
Facsimile: 412 402 4193
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com
*Attorneys for Defendant Tiversa Holding Corp.*

/s/Brandon J. Verdream
Robert J. Ridge, Esquire
PA I.D. No.: 58651
E-mail: rridge@clarkhill.com
Brandon J. Verdream, Esquire
PA I.D. No.: 204162
E-mail: bverdream@clarkhill.com

Firm I.D. No.: 282
One Oxford Centre

10

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone:  (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| LabMD, Inc. | ) | |
| --- | --- | --- |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; | ) | |
| Robert J. Boback | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Molly Trunzo

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time: 10/25/2017 9:00 am |
| --- | --- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/05/2017

| CLERK OF COURT | | |
| --- | --- | --- |
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     LabMD, Inc.
, who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:15-cv-00092-MPK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person: and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## INTRODUCTION

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena to which this document is attached.

## DEFINITIONS AND INSTRUCTIONS

If you find any of these requests or instructions vague or confusing, or if you want to discuss the requests or instructions, please call Jim Hawkins, counsel for Plaintiff LabMD, Inc. at 678-697-1278.

The time period covered by this subpoena is from January 1, 2007 to the present.

A Stipulated Protective Order was entered in this lawsuit on October 4, 2017.  A copy of that document is attached hereto and marked as Exhibit A.  The Stipulated Protective Order ensures that certain information shall be maintained as confidential by the requesting parties and all receiving parties as set forth in that Order.  You have a right to invoke the protections of this Order.

Instead of producing documents and other items at the time, date and place set forth in the subpoena, you may send those documents and other items to the following address so long as the documents and items are received at this address no later than the date set forth for production in the subpoena:

James W. Hawkins
James W. Hawkins, LLC
11339 Musette Cir.
Alpharetta, GA 30009

As used herein, unless specifically indicated otherwise, the following terms shall have

the indicated meanings:

     1.     "You/your" means the subpoenaed party.

     2.     "Boback" means Robert J. Boback.  Boback is a defendant in this case.

     3.     "LabMD" means LabMD, Inc.  LabMD is the plaintiff in this case.

     4.     "Tiversa" means Tiversa Holding Corp. and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof. Tiversa is a defendant in this case.

     5.     "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

     6.     "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial

2

statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

7.     "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.     "Relate to", "Relating to", "Related to" and "Concerning" mean referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

9.     The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

10.     The term "any" includes "all," and the term "all" includes "any."

11.     "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.     Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

## DOCUMENTS AND THINGS CALLED FOR BY THIS SUBPOENA

1.     All documents relating to the methods, manners and technologies utilized by Tiversa Holding Corp. to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

2.     All documents relating to Tiversa Holding Corp. and/or Richard E. Wallace's use of law enforcement surveillance software (*e.g.*, EP2P) to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

3.     All documents related to the allegation that Tiversa Holding Corp. manipulated metadata (including, but not limited to, IP addresses) in files in Tiversa's data store.

4.     All documents evidencing or relating to facts or opinions regarding Robert J. Boback's reputation for having a character for truthfulness or untruthfulness.

5.     All documents evidencing or relating to Robert J. Boback's malice (or lack thereof) against Michael J. Daugherty or Richard E. Wallace.

6.     Severance or post-employment agreements with Tiversa including, without limitation, non-disclosure agreements.

4

7.      Emails to or from current or former employees of Tiversa that mention or refer to LabMD, Inc. or Michael J. Daugherty.

8.      Emails to or from current or former employees of Tiversa that mention or refer to misconduct by Tiversa or Boback.

9.      Documents that mention, refer to or evidence misconduct by Tiversa or Boback.

10.     Documents you received from or gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

11.     Notes from meetings or interviews with Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

12.     Transcript of interviews or testimonies you gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

13.     All documents relating to LabMD, Inc.

14.     All documents relating to Michael J. Daugherty.

## IN THE UNITED STATE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

                Plaintiff,         |    Civil Action No. 2:15-cv-00092-MPK

    v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

                Defendants.

### STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests

for production of documents or things; requests for admission; and/or depositions, may require,

by way of illustration, not limitation, disclosure of personal and confidential information such as

information contained in customer account files; competitively sensitive or proprietary business

information and data; business policies, procedures and/or handbooks; marketing, financial

and/or business plans, models, strategies, information and data; otherwise private, confidential

and/or trade secret information; and/or information, the disclosure of which may cause injury or

embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential

Materials"), which should otherwise remain confidential and the private property and

information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an

Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary

or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS**, the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

**WHEREAS**, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

**WHEREAS**, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

## 1.    <u>Materials Covered</u>

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a.     "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.     Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production.  A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c.     For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d.     Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material.  The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

## 2.    **Disclosures of Documents**

a.    All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.    Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c.      Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.      "Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a.      the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b.      attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.      parties to this lawsuit;

d.      employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e.      court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f.      any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.      any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.      Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.      any other person that all parties agree to in writing.

**4.      Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

### 5. Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

### 6. Handling of Confidential Materials

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

7.      **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

9.      **Information from Third-Party Sources**

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

**10.     Use in Court Proceedings**

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

**11.     Filing in Court**

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal.  The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

**12.     Further Application**

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

**13.     Remedies**

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

14.    **Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,                               Respectfully submitted,

/s/ James W. Hawkins                              /s/ Jarrod D. Shaw
James W. Hawkins                                   Jarrod D. Shaw
*Admitted pro hac vice*                            Pa. ID No. 93459
Georgia State Bar No. 338767                       Natalie Zagari
JAMES W. HAWKINS, LLC                              Pa. ID No. 316221
11339 Musette Circle                               Tower Two-Sixty
Alpharetta, GA 30009                               260 Forbes Avenue
V: 678-697-1278                                    Suite 1800
F: 678-540-4515                                    Pittsburgh, PA 15222-3142
jhawkins@jameswhawkinsllc.com                      Telephone: 412 667 6000
*Attorney for Plaintiff LabMD, Inc.*               Facsimile: 412 402 4193
                                                   jshaw@mcguirewoods.com
                                                   nzagari@mcguirewoods.com
                                                   *Attorneys for Defendant Tiversa Holding*
                                                   *Corp.*

                                                   /s/Brandon J. Verdream
                                                   Robert J. Ridge, Esquire
                                                   PA I.D. No.: 58651
                                                   E-mail: rridge@clarkhill.com
                                                   Brandon J. Verdream, Esquire
                                                   PA I.D. No.: 204162
                                                   E-mail: bverdream@clarkhill.com

                                                   Firm I.D. No.: 282
                                                   One Oxford Centre

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                              )
                                          )
                Plaintiff,                )
                                          )
v.                                        )
                                          )
TIVERSA HOLDING CORP. f/k/a               )        No. 2:15-cv-00092-MPK
TIVERSA, INC.; ROBERT J. BOBACK;          )
and DOES 1-10,                            )
                                          )
                                          )
                Defendants.               )
                                          )

## NOTICE OF SUBPOENA

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that

Plaintiff LabMD, Inc. intends to serve a Subpoena, in the form attached hereto, on Katy Everett

on October 6, 2017, or as soon thereafter as service may be effectuated.

Dated: October 6, 2017

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

**Exhibit C**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                                )
                                            )
                Plaintiff,                  )
                                            )
v.                                          )
                                            )
TIVERSA HOLDING CORP. f/k/a                 )       No. 2:15-cv-00092-MRH-MPK
TIVERSA, INC.; ROBERT J. BOBACK;            )
and DOES 1-10,                              )
                                            )
                                            )
                Defendants.                 )
_____     )

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Subpoena on the

following counsel via email as follows:

> Jarrod D. Shaw
> Natalie Zagari
> Tower Two-Sixty
> 260 Forbes Avenue
> Suite 1800
> Pittsburgh, PA 15222-3142
> jshaw@mcguirewoods.com
> nzagari@mcguirewoods.com

*Attorneys for Defendant Tiversa Holding Corp.*

> Robert J. Ridge
> Brandon J. Verdream
> 301 Grant Street, 14th Floor
> One Oxford Centre
> Pittsburgh, PA 15219
> rridge@clarkhill.com
> bverdream@clarkhill.com

*Attorneys for Defendant Robert J. Boback*

*/s/ James W. Hawkins*

James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

| | | |
|---|---|---|
| LabMD, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; Robert J. Boback | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Katy Everett

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:See Attachment A

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time: 10/31/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/05/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    LabMD, Inc. , who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:15-cv-00092-MPK

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                   _____
                                                        *Server's signature*

                                        _____
                                                        *Printed name and title*

                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

 (2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 (2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 (2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## INTRODUCTION

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena to which this document is attached.

## DEFINITIONS AND INSTRUCTIONS

If you find any of these requests or instructions vague or confusing, or if you want to discuss the requests or instructions, please call Jim Hawkins, counsel for Plaintiff LabMD, Inc. at 678-697-1278.

The time period covered by this subpoena is from January 1, 2007 to the present.

A Stipulated Protective Order was entered in this lawsuit on October 4, 2017.  A copy of that document is attached hereto and marked as Exhibit A.  The Stipulated Protective Order ensures that certain information shall be maintained as confidential by the requesting parties and all receiving parties as set forth in that Order.  You have a right to invoke the protections of this Order.

Instead of producing documents and other items at the time, date and place set forth in the subpoena, you may send those documents and other items to the following address so long as the documents and items are received at this address no later than the date set forth for production in the subpoena:

> James W. Hawkins
> James W. Hawkins, LLC
> 11339 Musette Cir.
> Alpharetta, GA 30009

As used herein, unless specifically indicated otherwise, the following terms shall have

the indicated meanings:

    1.    "You/your" means the subpoenaed party.

    2.    "Boback" means Robert J. Boback.  Boback is a defendant in this case.

    3.    "LabMD" means LabMD, Inc.  LabMD is the plaintiff in this case.

    4.    "Tiversa" means Tiversa Holding Corp. and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof. Tiversa is a defendant in this case.

    5.    "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

    6.    "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial

2

statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

7.      "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.      "Relate to", "Relating to", "Related to" and "Concerning" mean referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

9.      The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

10.      The term "any" includes "all," and the term "all" includes "any."

3

11.     "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.     Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

## DOCUMENTS AND THINGS CALLED FOR BY THIS SUBPOENA

1.     All documents relating to the methods, manners and technologies utilized by Tiversa Holding Corp. to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

2.     All documents relating to Tiversa Holding Corp. and/or Richard E. Wallace's use of law enforcement surveillance software (*e.g.*, EP2P) to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

3.     All documents related to the allegation that Tiversa Holding Corp. manipulated metadata (including, but not limited to, IP addresses) in files in Tiversa's data store.

4.     All documents evidencing or relating to facts or opinions regarding Robert J. Boback's reputation for having a character for truthfulness or untruthfulness.

5.     All documents evidencing or relating to Robert J. Boback's malice (or lack thereof) against Michael J. Daugherty or Richard E. Wallace.

6.     Severance or post-employment agreements with Tiversa including, without limitation, non-disclosure agreements.

4

7.     Emails to or from current or former employees of Tiversa that mention or refer to LabMD, Inc. or Michael J. Daugherty.

8.     Emails to or from current or former employees of Tiversa that mention or refer to misconduct by Tiversa or Boback.

9.     Documents that mention, refer to or evidence misconduct by Tiversa or Boback.

10.     Documents you received from or gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

11.     Notes from meetings or interviews with Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

12.     Transcript of interviews or testimonies you gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

13.     All documents relating to LabMD, Inc.

14.     All documents relating to Michael J. Daugherty.

## IN THE UNITED STATE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

                        Plaintiff,

      v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

                      Defendants.

Civil Action No. 2:15-cv-00092-MPK

### STIPULATED PROTECTIVE ORDER

**WHEREAS,** discovery in this case including, but not limited to, interrogatories; requests for production of documents or things; requests for admission; and/or depositions, may require, by way of illustration, not limitation, disclosure of personal and confidential information such as information contained in customer account files; competitively sensitive or proprietary business information and data; business policies, procedures and/or handbooks; marketing, financial and/or business plans, models, strategies, information and data; otherwise private, confidential and/or trade secret information; and/or information, the disclosure of which may cause injury or embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential Materials"), which should otherwise remain confidential and the private property and information of the respective party or third-party;

**WHEREAS,** the Proposed Confidential Materials should be given the protection of an Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS,** the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

WHEREAS, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

WHEREAS, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

1.    **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a.    "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.    Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production.  A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c.    For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d.    Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material.  The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

**2.    Disclosures of Documents**

a.    All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.    Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material."   Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c.      Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.      "Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a.      the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b.      attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.      parties to this lawsuit;

d.      employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e.      court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f.      any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.   any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.   Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.   any other person that all parties agree to in writing.

**4.   Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

### 5.  Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

### 6.    Handling of Confidential Materials

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

7.     **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

9.     **Information from Third-Party Sources**

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

**10.**   **Use in Court Proceedings**

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

**11.**   **Filing in Court**

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal.  The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

**12.**   **Further Application**

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

**13.**   **Remedies**

9

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of

Civil Procedure and such other sanctions as may be available to the Court. All other remedies

available to any person(s) injured by a violation of this Protective Order are fully reserved.

**14.   Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such

material is relevant or discoverable in this action. All parties reserve the right to seek discovery

of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,                          Respectfully submitted,

/s/ James W. Hawkins                             /s/ Jarrod D. Shaw
James W. Hawkins                                 Jarrod D. Shaw
*Admitted pro hac vice*                          Pa. ID No. 93459
Georgia State Bar No. 338767                     Natalie Zagari
JAMES W. HAWKINS, LLC                            Pa. ID No. 316221
11339 Musette Circle                             Tower Two-Sixty
Alpharetta, GA 30009                             260 Forbes Avenue
V: 678-697-1278                                  Suite 1800
F: 678-540-4515                                  Pittsburgh, PA 15222-3142
jhawkins@jameswhawkinsllc.com                    Telephone: 412 667 6000
*Attorney for Plaintiff LabMD, Inc.*             Facsimile: 412 402 4193
                                                 jshaw@mcguirewoods.com
                                                 nzagari@mcguirewoods.com
                                                 *Attorneys for Defendant Tiversa Holding*
                                                 *Corp.*

                                                 /s/Brandon J. Verdream
                                                 Robert J. Ridge, Esquire
                                                 PA I.D. No.: 58651
                                                 E-mail: rridge@clarkhill.com
                                                 Brandon J. Verdream, Esquire
                                                 PA I.D. No.: 204162
                                                 E-mail: bverdream@clarkhill.com

                                                 Firm I.D. No.: 282
                                                 One Oxford Centre

10

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIVERSA HOLDING CORP. f/k/a | ) | No. 2:15-cv-00092-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF SUBPOENAS

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that

Plaintiff LabMD, Inc. intends to serve Subpoenas, in the form attached hereto, on Anju S.

Chopra on October 6, 2017, or as soon thereafter as service may be effectuated.

Dated: October 6, 2017

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

**Exhibit D**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                          )
                                      )
            Plaintiff,                )
                                      )
v.                                    )
                                      )
TIVERSA HOLDING CORP. f/k/a           )        No. 2:15-cv-00092-MRH-MPK
TIVERSA, INC.; ROBERT J. BOBACK;      )
and DOES 1-10,                        )
                                      )
                                      )
            Defendants.               )
_____ )

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Subpoena on the

following counsel via email as follows:

Jarrod D. Shaw
Natalie Zagari
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com

*Attorneys for Defendant Tiversa Holding Corp.*

Robert J. Ridge
Brandon J. Verdream
301 Grant Street, 14th Floor
One Oxford Centre
Pittsburgh, PA 15219
rridge@clarkhill.com
bverdream@clarkhill.com

*Attorneys for Defendant Robert J. Boback*

*/s/ James W. Hawkins*

James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| | | |
|---|---|---|
| LabMD, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; | ) | |
| Robert J. Boback | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Anju S. Chopra

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time: 11/08/2017 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically and may be recorded by audio and video

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/05/2017

|  *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   LabMD, Inc.
_____ , who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:15-cv-00092-MPK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

                  Plaintiff,

    v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

               Defendants.

Civil Action No. 2:15-cv-00092-MPK

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests for production of documents or things; requests for admission; and/or depositions, may require, by way of illustration, not limitation, disclosure of personal and confidential information such as information contained in customer account files; competitively sensitive or proprietary business information and data; business policies, procedures and/or handbooks; marketing, financial and/or business plans, models, strategies, information and data; otherwise private, confidential and/or trade secret information; and/or information, the disclosure of which may cause injury or embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential Materials"), which should otherwise remain confidential and the private property and information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS**, the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

**WHEREAS**, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

**WHEREAS**, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

## 1.    Materials Covered

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a.      "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.      Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production.  A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c.      For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d.      Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material.  The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

### 2.    Disclosures of Documents

a.    All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.    Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c.      Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.      "Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a.      the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b.      attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.      parties to this lawsuit;

d.      employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e.      court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f.      any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.      any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.      Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.      any other person that all parties agree to in writing.

4.      **Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

### 5. **Challenge to Designation**

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

### 6. **Handling of Confidential Materials**

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

7.   **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

9.   **Information from Third-Party Sources**

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

### 10.   Use in Court Proceedings

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

### 11.   Filing in Court

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal.  The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

### 12.   Further Application

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

### 13.   Remedies

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

**14.    Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,                    Respectfully submitted,

/s/ James W. Hawkins                       /s/ Jarrod D. Shaw
James W. Hawkins                           Jarrod D. Shaw
*Admitted pro hac vice*                    Pa. ID No. 93459
Georgia State Bar No. 338767               Natalie Zagari
JAMES W. HAWKINS, LLC                      Pa. ID No. 316221
11339 Musette Circle                       Tower Two-Sixty
Alpharetta, GA 30009                       260 Forbes Avenue
V: 678-697-1278                            Suite 1800
F: 678-540-4515                            Pittsburgh, PA 15222-3142
jhawkins@jameswhawkinsllc.com              Telephone: 412 667 6000
*Attorney for Plaintiff LabMD, Inc.*       Facsimile: 412 402 4193
                                           jshaw@mcguirewoods.com
                                           nzagari@mcguirewoods.com
                                           *Attorneys for Defendant Tiversa Holding*
                                           *Corp.*

                                           /s/Brandon J. Verdream
                                           Robert J. Ridge, Esquire
                                           PA I.D. No.: 58651
                                           E-mail: rridge@clarkhill.com
                                           Brandon J. Verdream, Esquire
                                           PA I.D. No.: 204162
                                           E-mail: bverdream@clarkhill.com

                                           Firm I.D. No.: 282
                                           One Oxford Centre

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone:  (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Pennsylvania

| | | |
|---|---|---|
| LabMD, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; Robert J. Boback | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Anju S. Chopra

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time: 10/31/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/05/2017

*CLERK OF COURT*                              OR

_____                      _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    LabMD, Inc.
_____, who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:15-cv-00092-MPK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## INTRODUCTION

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena to which this document is attached.

## DEFINITIONS AND INSTRUCTIONS

If you find any of these requests or instructions vague or confusing, or if you want to discuss the requests or instructions, please call Jim Hawkins, counsel for Plaintiff LabMD, Inc. at 678-697-1278.

The time period covered by this subpoena is from January 1, 2007 to the present.

A Stipulated Protective Order was entered in this lawsuit on October 4, 2017. A copy of that document is attached hereto and marked as Exhibit A. The Stipulated Protective Order ensures that certain information shall be maintained as confidential by the requesting parties and all receiving parties as set forth in that Order. You have a right to invoke the protections of this Order.

Instead of producing documents and other items at the time, date and place set forth in the subpoena, you may send those documents and other items to the following address so long as the documents and items are received at this address no later than the date set forth for production in the subpoena:

James W. Hawkins
James W. Hawkins, LLC
11339 Musette Cir.
Alpharetta, GA 30009

As used herein, unless specifically indicated otherwise, the following terms shall have

the indicated meanings:

1.      "You/your" means the subpoenaed party.

2.      "Boback" means Robert J. Boback.  Boback is a defendant in this case.

3.      "LabMD" means LabMD, Inc.  LabMD is the plaintiff in this case.

4.      "Tiversa" means Tiversa Holding Corp. and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof. Tiversa is a defendant in this case.

5.      "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

6.      "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial

2

statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

7.      "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.      "Relate to", "Relating to", "Related to" and "Concerning" mean referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

9.      The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

10.     The term "any" includes "all," and the term "all" includes "any."

11.     "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.     Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

## DOCUMENTS AND THINGS CALLED FOR BY THIS SUBPOENA

1.     All documents relating to the methods, manners and technologies utilized by Tiversa Holding Corp. to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

2.     All documents relating to Tiversa Holding Corp. and/or Richard E. Wallace's use of law enforcement surveillance software (*e.g.*, EP2P) to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

3.     All documents related to the allegation that Tiversa Holding Corp. manipulated metadata (including, but not limited to, IP addresses) in files in Tiversa's data store.

4.     All documents relating to information you provided to the Committee for Oversight and Government Reform of the U.S. House of Representatives ("OGR Committee").

5.     The transcript of the interview/testimony you gave to the OGR Committee.

6.     Any documents relating to tours you gave to people who visited Tiversa including, without limitation, politicians, individuals running for public office, and employees of the Federal Trade Commission.

7.     Documents related to your contributions to technologies that were patented by Tiversa.

8.     All documents relating to your April 17, 2015 Affidavit and documents referenced therein, copies of which are attached hereto as Exhibit ___.

9.     All documents relating to any meeting you attended with employees, representatives or agents of the Federal Trade Commission.

10.    All documents evidencing or relating to facts or opinions regarding Robert J. Boback's reputation for having a character for truthfulness or untruthfulness.

11.    All documents evidencing or relating to Robert J. Boback's malice (or lack thereof) against Michael J. Daugherty or Richard E. Wallace.

12.    Severance or post-employment agreements with Tiversa including, without limitation, non-disclosure agreements.

13.    Emails to or from current or former employees of Tiversa that mention or refer to LabMD, Inc. or Michael J. Daugherty.

14.    Emails to or from current or former employees of Tiversa that mention or refer to misconduct by Tiversa or Boback.

15.    Documents that mention, refer to or evidence misconduct by Tiversa or Boback.

16.    Documents you received from or gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

17.    Notes from meetings or interviews with Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

18.     Transcript of interviews or testimonies you gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

19.      All documents relating to LabMD, Inc.

20.     All documents relating to Michael J. Daugherty.

6

## IN THE UNITED STATE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

                          Plaintiff,              |   Civil Action No. 2:15-cv-00092-MPK

        v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

                          Defendants.

### STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests for production of documents or things; requests for admission; and/or depositions, may require, by way of illustration, not limitation, disclosure of personal and confidential information such as information contained in customer account files; competitively sensitive or proprietary business information and data; business policies, procedures and/or handbooks; marketing, financial and/or business plans, models, strategies, information and data; otherwise private, confidential and/or trade secret information; and/or information, the disclosure of which may cause injury or embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential Materials"), which should otherwise remain confidential and the private property and information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS**, the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

WHEREAS, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

WHEREAS, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

1.   **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a.    "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.    Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production.  A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c.    For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d.    Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material.  The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

**2.    Disclosures of Documents**

a.    All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.    Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c.      Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

### 3.      **"Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a.      the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b.      attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.      parties to this lawsuit;

d.      employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e.      court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f.      any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.      any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.      Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.      any other person that all parties agree to in writing.

**4.      Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

### 5.  Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

### 6.      Handling of Confidential Materials

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

7.     **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

9.     **Information from Third-Party Sources**

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

**10.     Use in Court Proceedings**

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

**11.     Filing in Court**

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal.  The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

**12.     Further Application**

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

**13.     Remedies**

9

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone:  (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,     )
          )
   Plaintiff,   )
          )
v.         )
          )
TIVERSA HOLDING CORP. f/k/a )   No. 2:15-cv-00092-MPK
TIVERSA, INC.; ROBERT J. BOBACK; )
and DOES 1-10,    )
          )
          )
   Defendants.  )
          )

## NOTICE OF SUBPOENAS

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that

Plaintiff LabMD, Inc. intends to serve Subpoenas, in the form attached hereto, on Keith

Tagliaferri on October 6, 2017, or as soon thereafter as service may be effectuated.

Dated: October 6, 2017

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

**Exhibit E**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                                )
                                            )
                Plaintiff,                  )
                                            )
v.                                          )
                                            )
TIVERSA HOLDING CORP. f/k/a                 )        No. 2:15-cv-00092-MRH-MPK
TIVERSA, INC.; ROBERT J. BOBACK;            )
and DOES 1-10,                              )
                                            )
                                            )
                Defendants.                 )
_____     )

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Subpoena on the

following counsel via email as follows:

> Jarrod D. Shaw
> Natalie Zagari
> Tower Two-Sixty
> 260 Forbes Avenue
> Suite 1800
> Pittsburgh, PA 15222-3142
> jshaw@mcguirewoods.com
> nzagari@mcguirewoods.com

*Attorneys for Defendant Tiversa Holding Corp.*

> Robert J. Ridge
> Brandon J. Verdream
> 301 Grant Street, 14th Floor
> One Oxford Centre
> Pittsburgh, PA 15219
> rridge@clarkhill.com
> bverdream@clarkhill.com

*Attorneys for Defendant Robert J. Boback*

*/s/ James W. Hawkins*

James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

2

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| | |
|---|---|
| LabMD, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; | ) |
| Robert J. Boback | ) |
| *Defendant* | ) |

Civil Action No.   2:15-cv-00092-MPK

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Keith Tagliaferri

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time: 11/14/2017 9:00 am |
|---|---|---|

The deposition will be recorded by this method:   Stenographically and may be recorded by audio and video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/05/2017

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   LabMD, Inc.
_____, who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:15-cv-00092-MPK

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                *Server's signature*

                                                _____
                                                *Printed name and title*

                                                _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

                Plaintiff,

      v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

              Defendants.

Civil Action No. 2:15-cv-00092-MPK

### STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests for production of documents or things; requests for admission; and/or depositions, may require, by way of illustration, not limitation, disclosure of personal and confidential information such as information contained in customer account files; competitively sensitive or proprietary business information and data; business policies, procedures and/or handbooks; marketing, financial and/or business plans, models, strategies, information and data; otherwise private, confidential and/or trade secret information; and/or information, the disclosure of which may cause injury or embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential Materials"), which should otherwise remain confidential and the private property and information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS**, the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

WHEREAS, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

WHEREAS, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

1.   **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a.      "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.      Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production.  A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c.      For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d.      Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material.  The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

2.     **Disclosures of Documents**

a.     All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.     Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c.      Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

3.      **"Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a.      the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b.      attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.      parties to this lawsuit;

d.      employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e.      court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f.      any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.      any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.      Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.      any other person that all parties agree to in writing.

**4.      Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

**5.   Challenge to Designation**

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

**6.      Handling of Confidential Materials**

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

   7.   **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

   9.   **Information from Third-Party Sources**

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

**10.** **Use in Court Proceedings**

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

**11.** **Filing in Court**

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal.  The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

**12.** **Further Application**

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

**13.** **Remedies**

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

**14.    Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,

/s/ James W. Hawkins
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com
*Attorney for Plaintiff LabMD, Inc.*

Respectfully submitted,

/s/ Jarrod D. Shaw
Jarrod D. Shaw
Pa. ID No. 93459
Natalie Zagari
Pa. ID No. 316221
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
Telephone: 412 667 6000
Facsimile: 412 402 4193
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com
*Attorneys for Defendant Tiversa Holding Corp.*

/s/Brandon J. Verdream
Robert J. Ridge, Esquire
PA I.D. No.: 58651
E-mail: rridge@clarkhill.com
Brandon J. Verdream, Esquire
PA I.D. No.: 204162
E-mail: bverdream@clarkhill.com

Firm I.D. No.: 282
One Oxford Centre

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone:  (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

| | | |
|---|---|---|
| LabMD, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; Robert J. Boback | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Keith Tagliaferri

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time: 10/31/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/05/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   LabMD, Inc.
, who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:15-cv-00092-MPK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                                 *Server's signature*

                                                         _____
                                                                 *Printed name and title*

                                                         _____
                                                                 *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## INTRODUCTION

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena to which this document is attached.

## DEFINITIONS AND INSTRUCTIONS

If you find any of these requests or instructions vague or confusing, or if you want to discuss the requests or instructions, please call Jim Hawkins, counsel for Plaintiff LabMD, Inc. at 678-697-1278.

The time period covered by this subpoena is from January 1, 2007 to the present.

A Stipulated Protective Order was entered in this lawsuit on October 4, 2017.  A copy of that document is attached hereto and marked as Exhibit A.  The Stipulated Protective Order ensures that certain information shall be maintained as confidential by the requesting parties and all receiving parties as set forth in that Order.  You have a right to invoke the protections of this Order.

Instead of producing documents and other items at the time, date and place set forth in the subpoena, you may send those documents and other items to the following address so long as the documents and items are received at this address no later than the date set forth for production in the subpoena:

James W. Hawkins
James W. Hawkins, LLC
11339 Musette Cir.
Alpharetta, GA 30009

As used herein, unless specifically indicated otherwise, the following terms shall have

the indicated meanings:

1.      "You/your" means the subpoenaed party.

2.      "Boback" means Robert J. Boback.  Boback is a defendant in this case.

3.      "LabMD" means LabMD, Inc.  LabMD is the plaintiff in this case.

4.      "Tiversa" means Tiversa Holding Corp. and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof. Tiversa is a defendant in this case.

5.      "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

6.      "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial

statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

7.      "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.      "Relate to", "Relating to", "Related to" and "Concerning" mean referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

9.      The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

10.      The term "any" includes "all," and the term "all" includes "any."

11.     "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.     Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

## DOCUMENTS AND THINGS CALLED FOR BY THIS SUBPOENA

1.     All documents relating to the methods, manners and technologies utilized by Tiversa Holding Corp. to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

2.     All documents relating to Tiversa Holding Corp. and/or Richard E. Wallace's use of law enforcement surveillance software (*e.g.*, EP2P) to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

3.     All documents related to the allegation that Tiversa Holding Corp. manipulated metadata (including, but not limited to, IP addresses) in files in Tiversa's data store.

4.     All documents evidencing or relating to facts or opinions regarding Robert J. Boback's reputation for having a character for truthfulness or untruthfulness.

5.     All documents evidencing or relating to Robert J. Boback's malice (or lack thereof) against Michael J. Daugherty or Richard E. Wallace.

6.     Severance or post-employment agreements with Tiversa including, without limitation, non-disclosure agreements.

4

7.      Emails to or from current or former employees of Tiversa that mention or refer to LabMD, Inc. or Michael J. Daugherty.

8.      Emails to or from current or former employees of Tiversa that mention or refer to misconduct by Tiversa or Boback.

9.      Documents that mention, refer to or evidence misconduct by Tiversa or Boback.

10.      Documents you received from or gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

11.      Notes from meetings or interviews with Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

12.      Transcript of interviews or testimonies you gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

13.      All documents relating to LabMD, Inc.

14.      All documents relating to Michael J. Daugherty.

IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

                Plaintiff,

    v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

                Defendants.

Civil Action No. 2:15-cv-00092-MPK

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests for production of documents or things; requests for admission; and/or depositions, may require, by way of illustration, not limitation, disclosure of personal and confidential information such as information contained in customer account files; competitively sensitive or proprietary business information and data; business policies, procedures and/or handbooks; marketing, financial and/or business plans, models, strategies, information and data; otherwise private, confidential and/or trade secret information; and/or information, the disclosure of which may cause injury or embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential Materials"), which should otherwise remain confidential and the private property and information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS**, the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

**WHEREAS**, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

**WHEREAS**, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

1.   **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a.     "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.     Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production.  A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c.     For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d.     Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material.  The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

2.   **Disclosures of Documents**

a.   All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.   Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c.      Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.      "Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a.      the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b.      attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.      parties to this lawsuit;

d.      employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e.      court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f.      any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.     any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.     Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.     any other person that all parties agree to in writing.

**4.     Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

**5.   Challenge to Designation**

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

**6.   Handling of Confidential Materials**

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

7.      **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

9.      **Information from Third-Party Sources**

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

10.    **Use in Court Proceedings**

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

11.    **Filing in Court**

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal.  The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

12.    **Further Application**

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

13.    **Remedies**

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone:  (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                              )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )
                                          )
TIVERSA HOLDING CORP. f/k/a               )      No. 2:15-cv-00092-MPK
TIVERSA, INC.; ROBERT J. BOBACK;          )
and DOES 1-10,                            )
                                          )
                                          )
                    Defendants.           )
                                          )
_____ )

## NOTICE OF SUBPOENA

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that

Plaintiff LabMD, Inc. intends to serve a Subpoena, in the form attached hereto, on Daniel

Kopchak on October 6, 2017, or as soon thereafter as service may be effectuated.

Dated: October 6, 2017

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

**Exhibit F**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                                      )
                                                 )
                 Plaintiff,                      )
                                                 )
v.                                               )
                                                 )
TIVERSA HOLDING CORP. f/k/a                      )        No. 2:15-cv-00092-MRH-MPK
TIVERSA, INC.; ROBERT J. BOBACK;                 )
and DOES 1-10,                                   )
                                                 )
                                                 )
                 Defendants.                     )
_____        )

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Subpoena on the

following counsel via email as follows:

      Jarrod D. Shaw
      Natalie Zagari
      Tower Two-Sixty
      260 Forbes Avenue
      Suite 1800
      Pittsburgh, PA 15222-3142
      jshaw@mcguirewoods.com
      nzagari@mcguirewoods.com

      *Attorneys for Defendant Tiversa Holding Corp.*

      Robert J. Ridge
      Brandon J. Verdream
      301 Grant Street, 14th Floor
      One Oxford Centre
      Pittsburgh, PA 15219
      rridge@clarkhill.com
      bverdream@clarkhill.com

      *Attorneys for Defendant Robert J. Boback*

                     */s/ James W. Hawkins*

James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| | |
|---|---|
| LabMD, Inc. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; | ) |
| Robert J. Boback | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Daniel Kopchak

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time:<br>10/31/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/05/2017

             *CLERK OF COURT*            OR

          _____      _____

            *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    LabMD, Inc.
_____ , who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:15-cv-00092-MPK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## INTRODUCTION

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena to which this document is attached.

## DEFINITIONS AND INSTRUCTIONS

If you find any of these requests or instructions vague or confusing, or if you want to discuss the requests or instructions, please call Jim Hawkins, counsel for Plaintiff LabMD, Inc. at 678-697-1278.

The time period covered by this subpoena is from January 1, 2007 to the present.

A Stipulated Protective Order was entered in this lawsuit on October 4, 2017. A copy of that document is attached hereto and marked as Exhibit A. The Stipulated Protective Order ensures that certain information shall be maintained as confidential by the requesting parties and all receiving parties as set forth in that Order. You have a right to invoke the protections of this Order.

Instead of producing documents and other items at the time, date and place set forth in the subpoena, you may send those documents and other items to the following address so long as the documents and items are received at this address no later than the date set forth for production in the subpoena:

James W. Hawkins
James W. Hawkins, LLC
11339 Musette Cir.
Alpharetta, GA 30009

As used herein, unless specifically indicated otherwise, the following terms shall have

the indicated meanings:

1.    "You/your" means the subpoenaed party.

2.    "Boback" means Robert J. Boback.  Boback is a defendant in this case.

3.    "LabMD" means LabMD, Inc.  LabMD is the plaintiff in this case.

4.    "Tiversa" means Tiversa Holding Corp. and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof. Tiversa is a defendant in this case.

5.    "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

6.    "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial

statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

7.     "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.     "Relate to", "Relating to", "Related to" and "Concerning" mean referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

9.     The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

10.     The term "any" includes "all," and the term "all" includes "any."

11.     "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.     Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

## DOCUMENTS AND THINGS CALLED FOR BY THIS SUBPOENA

1.     All documents relating to the methods, manners and technologies utilized by Tiversa Holding Corp. to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

2.     All documents relating to Tiversa Holding Corp. and/or Richard E. Wallace's use of law enforcement surveillance software (*e.g.*, EP2P) to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

3.     All documents related to the allegation that Tiversa Holding Corp. manipulated metadata (including, but not limited to, IP addresses) in files in Tiversa's data store.

4.     All documents evidencing or relating to facts or opinions regarding Robert J. Boback's reputation for having a character for truthfulness or untruthfulness.

5.     All documents evidencing or relating to Robert J. Boback's malice (or lack thereof) against Michael J. Daugherty or Richard E. Wallace.

6.     All documents relating to LabMD, Inc.

7.     All documents relating to Michael J. Daugherty.

8.      Severance or post-employment agreements with Tiversa including, without limitation, non-disclosure agreements.

9.      Emails to or from current or former employees of Tiversa that mention or refer to LabMD, Inc. or Michael J. Daugherty.

10.     Emails to or from current or former employees of Tiversa that mention or refer to misconduct by Tiversa or Boback.

11.     Documents that mention, refer to or evidence misconduct by Tiversa or Boback.

12.     Documents you received from or gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

13.     Notes from meetings or interviews with Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

14.     Transcript of interviews or testimonies you gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

## IN THE UNITED STATE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

                Plaintiff,

    v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

                Defendants.

Civil Action No. 2:15-cv-00092-MPK

### STIPULATED PROTECTIVE ORDER

**WHEREAS,** discovery in this case including, but not limited to, interrogatories; requests for production of documents or things; requests for admission; and/or depositions, may require, by way of illustration, not limitation, disclosure of personal and confidential information such as information contained in customer account files; competitively sensitive or proprietary business information and data; business policies, procedures and/or handbooks; marketing, financial and/or business plans, models, strategies, information and data; otherwise private, confidential and/or trade secret information; and/or information, the disclosure of which may cause injury or embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential Materials"), which should otherwise remain confidential and the private property and information of the respective party or third-party;

**WHEREAS,** the Proposed Confidential Materials should be given the protection of an Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS,** the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

WHEREAS, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

WHEREAS, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

1.   **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a.      "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.      Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production.  A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c.      For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d.      Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material.  The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

**2.   Disclosures of Documents**

a.   All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.   Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material."   Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c.      Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.      "Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a.      the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b.      attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.      parties to this lawsuit;

d.      employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e.      court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f.      any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.      any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.      Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.      any other person that all parties agree to in writing.

4.      **Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

### 5. Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

### 6. Handling of Confidential Materials

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

### 7.   Inadvertent Failure to Designate

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.  The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

### 9.   Information from Third-Party Sources

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

### 10.   **Use in Court Proceedings**

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

### 11.   **Filing in Court**

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal.  The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

### 12.   **Further Application**

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

### 13.   **Remedies**

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

**14.     Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,                              Respectfully submitted,

/s/ James W. Hawkins                                 /s/ Jarrod D. Shaw
James W. Hawkins                                     Jarrod D. Shaw
*Admitted pro hac vice*                              Pa. ID No. 93459
Georgia State Bar No. 338767                         Natalie Zagari
JAMES W. HAWKINS, LLC                                Pa. ID No. 316221
11339 Musette Circle                                 Tower Two-Sixty
Alpharetta, GA 30009                                 260 Forbes Avenue
V: 678-697-1278                                      Suite 1800
F: 678-540-4515                                      Pittsburgh, PA 15222-3142
jhawkins@jameswhawkinsllc.com                        Telephone: 412 667 6000
*Attorney for Plaintiff LabMD, Inc.*                 Facsimile: 412 402 4193
                                                     jshaw@mcguirewoods.com
                                                     nzagari@mcguirewoods.com
                                                     *Attorneys for Defendant Tiversa Holding*
                                                     *Corp.*

                                                     /s/Brandon J. Verdream
                                                     Robert J. Ridge, Esquire
                                                     PA I.D. No.: 58651
                                                     E-mail: rridge@clarkhill.com
                                                     Brandon J. Verdream, Esquire
                                                     PA I.D. No.: 204162
                                                     E-mail: bverdream@clarkhill.com

                                                     Firm I.D. No.: 282
                                                     One Oxford Centre

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

11

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ROBERT J. BOBACK,                                    CIVIL DIVISION

                              Plaintiffs,            G.D. No. 14-016497

        vs.

LabMD, INC., MICHAEL J. DAUGHERTY,
RICHARD EDWARD WALLACE, and CAUSE
OF ACTION INSTITUTE,

                              Defendants

## **ORDER OF COURT**

AND NOW, this _____ day of March 2018, upon consideration of the nonparties'

Motion For Coordination or Alternatively to Quash or for Protective Order, it is hereby that

said Motion is GRANTED.  It IS ORDERED that discovery in this action is stayed so that

coordination of this action with other actions between the parties occurs.


                              BY THE COURT:


                              _____, J.

### CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing MOTION FOR COORDINATION OR ALTERNATIVELY TO QUASH OR FOR PROTECTIVE ORDER have been served this 12th day of March, 2018, by Email to counsel of record listed below:

Robert J. Ridge, Esquire
Email: rridge@clarkhill.com
Brandon J. Verdream, Esquire
Email: bverdream@clarkhill.com
CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219-1425
*Counsel for Robert J. Boback*

Cynthia L. Counts, Esquire
Email: clcounts@duanemorris.com
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309
*Counsel for Defendants, LabMD and Michael J. Daugherty*

Kenneth M. Argentieri, Esquire
Email: kmargentieri@guanemorris.com
DUANE MORRIS LLP
600 Grant Street, Suite 5010
Pittsburgh, PA 15219
*Counsel for Defendants, LabMD and Michael J. Daugherty*

Mary Beth Buchanan, Esquire
Email: MBuchanan@bryancave.com
Jacquelin N. Schell, Esquire
Email: Jacquelyn.Schell@bryancave.com
BRYAN CAVE, LLP
1290 Avenue of the Americas
New York, NY 10104
*Counsel for Defendant, Richard Edward Wallace*

Robert M. Barnes, Esquire
Email: rbarnes@marcus-shapira.com
Jonathan D. Marcus, Esquire
Email: jmarcus@marcus-shapira.com
MARCUS & SHAPIRA, LLP
One Oxford Centre, 35th Floor
301 Grant Street
Pittsburgh, PA 15219

DICKIE, McCAMEY & CHILCOTE, P.C.

By _____
Brett W. Farrar, Esquire

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Brett W. Farrar</u>

Signature: <u>Brett W. Farrar</u>

Name: <u>Brett W. Farrar</u>

Attorney No. (if applicable): <u>79217</u>