**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

TIVERSA HOLDING CORP. and
ROBERT J. BOBACK,

        Plaintiffs,

    v.

LABMD, INC., MICHAEL J.
DAUGHERTY, and RICHARD EDWARD
WALLACE,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL DIVISION

GD-14-016497

**PLAINTIFF ROBERT J. BOBACK'S
ANSWERS, RESPONSES, AND
OBJECTIONS TO DEFENDANTS
LABMD, INC. AND MICHAEL J.
DAUGHERTY'S REVISED FIRST SET
OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF
DOCUMENTS**

Filed on behalf of Plaintiff, Robert J.
Boback

Counsel of Record for This Party:

Robert J. Ridge
Pa. I.D. No. 58651
rridge@clarkhill.com

Brandon J. Verdream
Pa. I.D. No. 204162
bverdream@clarkhill.com

CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219-1425
(412) 394-7711

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

|  |  |  |
|---|---|---|
| TIVERSA HOLDING CORP. and ROBERT J. BOBACK, | ) ) | CIVIL DIVISION |
|  | ) | GD-14-016497 |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| LABMD, INC., MICHAEL J. DAUGHERTY, and RICHARD EDWARD WALLACE, | ) ) ) ) |  |
| Defendants. | ) ) |  |

**PLAINTIFF ROBERT J. BOBACK'S ANSWERS, RESPONSES AND OBJECTIONS TO DEFENDANTS LABMD, INC. AND MICHAEL J. DAUGHERTY'S REVISED FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 4006 and 4009 of the Pennsylvania Rules of Civil Procedure, Plaintiff, Robert J. Boback ("Boback"), submits the following answers, responses, and objections to Defendants LabMD, Inc. and Michael J. Daugherty's (collectively, "LabMD Defendants") Revised First Set of Interrogatories and Request for Production of Documents.

**GENERAL OBJECTIONS AND CONDITIONS**

A.     **General Objections.**  Boback objects generally to each of LabMD Defendants' Revised First Set of Interrogatories and Request for Production of Documents (also referred to as "Discovery Requests") upon the following grounds:

1.     Boback objects to each of the Discovery Requests to the extent that the Discovery Request seeks or may be deemed to seek the disclosure of information and/or the identification and/or production of documents that are protected from disclosure by the attorney-client privilege, the accountant-client privilege or other privilege, or as work product and/or as

the mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research or theories of one or more attorneys for Boback, as well as the mental impressions, conclusions, or opinions respecting the value or merit of a claim or defense, or respecting the strategy or tactics of one or more representatives of Boback other than Boback's attorneys.  Boback also objects to the extent any Discovery Request seeks information protected from discovery.  Boback also objects to the extent any Discovery Request seeks information protected from discovery, such as private identifying information.  Any production of privileged or protected information is inadvertent and Boback reserves the right to be notified immediately of any such inadvertent production, and the right to "claw-back" and retain all protections afforded to the protected information.

2.      Boback objects to each of the Discovery Requests to the extent that it purports to seek information in the possession of persons and entities other than Boback.

3.      Boback objects to the instructions contained in the Discovery Requests to the extent that those instructions impose or purport to impose upon Boback requirements not otherwise provided by or contained in the rules applicable to this matter.

4.      Boback objects to each of the Discovery Requests to the extent that it seeks to impose a duty of supplementation beyond that which is required under the rules applicable to this matter.

5.      Boback objects to each of the Discovery Requests to the extent that it seeks information that is not relevant to the subject matter of this action or is not reasonably calculated to lead to the discovery of admissible evidence.

6.     Boback objects to the extent that the Discovery Requests seek information or documents already in the possession of LabMD Defendants or is equally available to LabMD Defendants.

7.     Boback objects to the each of the Discovery Requests to the extent that it is unreasonably annoying, unduly embarrassing, oppressive, unduly burdensome, requiring the outlay of undue expense, overly broad, duplicative and harassing.

8.     Boback objects to each of the Discovery Requests to the extent that it seeks information that is not reasonably accessible.

9.     Boback objects to any Discovery Request to the extent it seeks privileged (under the attorney-client privilege or otherwise), proprietary, protected, irrelevant or otherwise sensitive information of a party or a third party.

B.     **General Conditions.**   Boback asserts the following conditions with respect to these responses to the Discovery Requests.

1.     When answering or responding to any Discovery Request, Boback expressly reserves the right (a) to object to the admissibility in this matter of any information supplied as a result of any such answer and/or to the admissibility in this matter of any documents produced in connection therewith, and (b) to modify any of the said answers at a later date if further factual development or analysis warrants such a modification or if additional documents are located that are properly called for by the Discovery Requests.

2.     All terms in the Discovery Requests have been given their usual and customary meaning without regard to any definitions contained in the "Definitions." These responses have been prepared in accordance with the rules applicable to this action rather than in accordance with any instructions or purported instructions contained in the Discovery Requests.

3.      Any answers or responses set forth below are made subject to, and without waiving, these General Objections and Conditions, or any specific objections propounded with respect to specific Interrogatories or Requests for Production of Documents.

## ANSWERS AND SPECIFIC OBJECTIONS TO INTERROGATORIES

1.      Is Mr. Boback currently serving as the CEO of Tiversa as alleged in paragraph 7 of the Complaint?

**ANSWER:**   No.

2.      If the answer to Interrogatory 1 is "no", please state the period when Mr. Boback was serving as the CEO of Tiversa and when he ceased serving as the CEO of Tiversa. Identify in your response any periods of administrative leave and state the reasons for such periods of administrative leave, if any.

**ANSWER:**   Boback was the CEO of Tiversa from 2006 until April 8, 2016. Boback was on administrative leave from March 1, 2016 to April 8, 2016. Boback was placed on administrative leave following the FBI raid of Tiversa.

3.      What is Mr. Boback's current relationship, if any, with Tiversa?

**ANSWER:**   Boback objects to this Interrogatory as vague and ambiguous. Without waiving any objections, Boback states as follows: Boback is the trustee of a trust that owns shares of Tiversa.

4.      Does Mr. Boback have any ownership interest in Tiversa?

**ANSWER:**   See objections and answer to Interrogatory No. 3, which are incorporated by reference herein. Without waiving any objections, Boback states as follows: not personally.

5.      If the answer to Interrogatory 4 is "yes", describe the ownership interest.

**ANSWER:**   See objections and answers to Interrogatories Nos. 4 and 5, which are incorporated by reference herein.

6.      What is Mr. Boback's current address?

**ANSWER:**   16575 Hutchison Road, Odessa, Florida 33556.

7.      When did Mr. Boback move to his current address?

**ANSWER:**   August 2016.

8.      What were Mr. Boback's reasons for moving to his current address?

**ANSWER:**   Boback was forced to relocate following the FBI investigation and the termination of his employment.

9.      Identify all Persons with whom Mr. Boback has had communications relating to the 1718 File.

**ANSWER:**   Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and/or information protected by the attorney-client privilege, the work product doctrine, and the Pennsylvania Rules of Civil Procedure.  Without waiving any objections, Boback states as follows: Tiversa employees and board members, Congress, FTC, MetLife, family, friends, attorneys, auditors, consultants, Sam Hopkins, various representatives of the media in response to media information requests, and John Boyle (LabMD).

10.     Identify all communications that Mr. Boback has had relating to the 1718 File, including without limitation Federal Trade Commission ("FTC") employees, Mary Beth Buchanan, and members of the media.

**ANSWER:**   Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and/or information protected by the attorney-client privilege, the work product doctrine, and the Pennsylvania Rules of Civil Procedure.  Without waiving any objections, Boback states as follows: see objections and answer to Interrogatory No. 9, which are incorporated by reference herein.  By way of further answer, Boback has not spoken with Mary Beth Buchanan in relation to the 1718 File.

11.     Identify the various IP addresses from which the 1718 File was downloaded by Tiversa as alleged in paragraph 16 of the Complaint.

**ANSWER:**   Boback lacks information sufficient to enable him to provide an answer to this Interrogatory.

12.     Identify any documents or other evidence that relates to your response to Interrogatory 11.

**ANSWER:**   Boback incorporates by reference his answer to Interrogatory No. 11.  By way of further answer, Boback lacks access to any potentially responsive documents that reside with Tiversa.

13.     Identify any Tiversa employees who downloaded the 1718 File.

**ANSWER:**   Boback lacks information sufficient to enable him to provide an answer to this Interrogatory.

14.     At the time of the alleged downloads, identify the owners of the various IP addresses identified in the answer to Interrogatory 11.

220994748                                                    6

**ANSWER:**   Boback lacks information sufficient to enable him to provide an answer to this Interrogatory.

15.     Identify the owners of all IP addresses referenced in the April 18, 2008 Tiversa "Investigation Request Form" and "Incident Record Form," the August 12, 2008 Tiversa "Forensic Investigation Report," and the Tiversa "Forensic Investigation Report — LABMD0001," attached as Exhibit 10 to Defendants' Appendix to Motion for Sanctions.

**ANSWER:**   Boback lacks information sufficient to enable him to provide an answer to this Interrogatory.

16.     Identify any documents or other evidence that relates to your response to Interrogatory 15.

**ANSWER:**   See answer to Interrogatory No. 15, which is incorporated by reference herein.

17.     Identify all Persons at the FTC with whom You communicated regarding LabMD or P2P networks.

**ANSWER:**   Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, Boback states as follows: Alain Sheer (LabMD and P2P), Ruth Yodaiken (P2P), and possibly Carl Settlemeyer (P2P).

18.     Identify any communications that you had with any individual at the FTC regarding LabMD or P2P networks.

**ANSWER:**   Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, Boback states as follows:

Mr. Sheer called Boback in March 2013, and on one occasion, Boback and others from Tiversa met with FTC representatives at the FTC. Mr. Sheer and Ms. Yodaiken visited the Tiversa office in 2009. By way of further answer, Boback lacks information sufficient to enable him to provide further answer to this Interrogatory.

19.     Did Tiversa perform any work for the Office of the U.S. Attorney for the Western District of Pennsylvania or the FBI?

**ANSWER:**     Boback objects to this Interrogatory as vague, overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, Boback states as follows: Tiversa provided information to the FBI regarding issues relating to child pornography and the FBI paid Tiversa an informant fee on at least one occasion. Tiversa also provided FBI-LEEDA training and education for no compensation.

20.     Describe the nature of any work identified in Interrogatory 19.

**ANSWER:**     Boback objects to this Interrogatory as vague, overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, Boback states as follows: searching of various P2P networks and training and education.

21.     Identify any communications that you had with the Office of the U.S. Attorney for the Western District of Pennsylvania or the FBI relating to any work Tiversa performed for them.

**ANSWER:**     Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, Boback states as follows: Boback has spoken with former U.S. Attorney David Hickton, Assistant U.S. Attorney Soo Song, Greg Frankhouser, and Thomas Stone (LEEDA). Boback also was on the Anti-Terrorism Task Force.

22.     Identify each defamatory statement about Mr. Boback made by LabMD or Michael Daugherty that forms the basis for Count I of the Complaint.

**ANSWER:**    See Second Amended Complaint.


23.     For each defamatory statement identified in Your response to Interrogatory 22 that is allegedly untrue, state the facts or reasons why the statement is untrue.

**ANSWER:**    Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, and the Pennsylvania Rules of Civil Procedure. Without waiving any objections, Boback states as follows: Boback does not have the burden of proving that LabMD Defendants' defamatory statement are untrue at this time. By way of further answer, the defamatory statements made by LabMD Defendants are untrue. See also Second Amended Complaint.


24.     For each defamatory statement identified in Your response to Interrogatory 22, state the basis for why that statement has a defamatory meaning.

**ANSWER:**    Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, and the Pennsylvania Rules of Civil Procedure. Without waiving any objections, Boback states as follows: see Second Amended Complaint.


25.     For each defamatory statement identified in Your response to Interrogatory 22, identify the date on which you allege that it was made.

**ANSWER:**    See Second Amended Complaint.

26.   For each defamatory statement identified in Your response to Interrogatory 22 that does not mention Mr. Boback, explain how the statement applies or refers to Mr. Boback.

**ANSWER:**   Boback is the founder and was the CEO at Tiversa.

27.   For each defamatory statement identified in Your response to Interrogatory 22, explain how Defendants knew or should have known of the falsity of the statement as alleged in Paragraph 96 of the Complaint.

**ANSWER:**   Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, and the Pennsylvania Rules of Civil Procedure.  Without waiving any objections, Boback states as follows: Boback does not have the burden of proving that LabMD Defendants' defamatory statements are untrue at this time.  By way of further answer, LabMD Defendants knew or should have known that the defamatory statements they made are untrue.  See also Second Amended Complaint.

28.   For each defamatory statement identified in Your response to Interrogatory 22, detail how Mr. Boback has been injured or damaged.

**ANSWER:**   Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, and the Pennsylvania Rules of Civil Procedure.  Without waiving any objections, Boback states as follows: Boback has suffered and continues to suffer damages that are personal, reputational, and financial, including, but not limited to, the following:
1)   Lost revenue from Tiversa;
2)   Non-renewal of Tiversa's insurance policy requiring increased premiums and a change in carrier;
3)   Costly investigation by OGR;
4)   Costly investigation by DOJ/FBI;
5)   Numerous articles of containing fake and/or inaccurate news;
6)   Termination from Tiversa, which Boback founded and grew;
7)   Loss of customers and interference with contracts;
8)   Infliction of emotional distress;
9)   Forced to sell lifelong dream home and family forced to relocate;

10) Forced to sell many possessions;
11) Loss of health insurance;
12) Forced to find a new career;
13) Family members suffered emotional problems;
14) Forced to pay higher rate SBA loan for a business purchase;
15) Denied surety bonds;
16) Denied business financing;
17) Ruin of relationships and business contacts; and,
18) Costly litigation.

29.     Identify each statement, if any, in the report title "Tiversa, Inc.: White Knight Or High-Tech Protection Racket?," attached as Exhibit 2 to Defendants' Appendix to Motion for Sanctions, that is untrue.

**ANSWER:**   Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

30.     Identify any rewards or recognition Mr. Boback has received for his contribution to law enforcement and national security as alleged in paragraph 14 of the Fed. Court Complaint.

**ANSWER:**   Boback objects to this Interrogatory as vague, overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, Boback states as follows: Boback received two FBI-LEEDA awards.

31.     Identify any testimony by Mr. Boback in front of the United States Congress (including its committees and subcommittees).

**ANSWER:**   Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, Boback states as follows:

U.S. House of Representatives Committee on Oversight and Reform in July 2007 and in July 2009, and a subcommittee in May 2009.

32.     Identify any interviews or meetings (whether transcribed or not) between Mr. Boback and members of the United States Congress, their staff, or the staff of the committees or subcommittees of the United States Congress.

**ANSWER:** Boback objects to this Interrogatory as vague, overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, Boback states as follows: Senator Orrin Hatch and staff, including Thomas Sydnor, Senator Arlen Specter and staff, Senator Joe Biden's staff, Rep. Tim Murphy and staff, Rep. Mac Thornberry and staff, Rep. Chris Cox and staff, Rep. Henry Waxman and staff, Rep. Nancy Pelosi, Rep. Edolphus Townes and staff, Rep. Zoe Lofgren and staff, Rep. Mary Bono Mack and staff, Rep. Michael McCaul and staff, Rep. Mike Kelly and staff, Rep. Mike Doyle, Rep. Keith Rothfus, Rep. Dana Rohrabacher, Rep. Kathy Castor, Rep. Porter Goss, Rep. Melissa Hart, Rep. Peter Hoekstra, Rep. Mike Rogers, Mark Marin, Tyler Grimm, Jennifer Goodlatte-Barblan, Steven Rangel, Ashok Pinto, and various members and staff during hearings where Boback testified or was interviewed.

33.     Identify any public speeches made by Mr. Boback relating to Tiversa's business.

**ANSWER:**     Boback objects to this Interrogatory as vague, overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, Boback states as follows: Boback made few public speeches, with the exception of semi-public speeches in relation to FBI-LEEDA.

34.     Identify any press or media interviews Mr. Boback has granted.

**ANSWER:**     Boback objects to this Interrogatory as vague, overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, Boback states as follows: Boback granted numerous interviews.

35.     Identify any statements Mr. Boback has given to the press.

**ANSWER:**    Boback objects to this Interrogatory as vague, overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving any objections, Boback states as follows: Boback made numerous statements to the press.

36.     Identify the Tiversa client for whom Tiversa was performing services in 2008 when the 1718 File was located as alleged in Paragraph 13 of the Complaint.

**ANSWER:**    Cigna.

37.     Identify each statement made by Michael Daugherty or LabMD that forms the basis for Count II — Slander Per Se in Your Complaint.

**ANSWER:**    See Second Amended Complaint.

38.     For each statement identified in Your response to Interrogatory 37, explain how Your reputation as a businessman has been "darkened" as alleged in paragraph 100 of the Complaint.

**ANSWER:**    See objections and answer to Interrogatory No. 28, which are incorporated by reference herein.

39.     For each statement identified in Your response to Interrogatory 37, explain how Defendants know or should have known of the falsity of the statement as alleged in Paragraph 103 of the Complaint.

**ANSWER:**    Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, and the Pennsylvania Rules of Civil Procedure.   Without

waiving any objections, Boback states as follows: Boback does not have the burden of proving that LabMD Defendants' defamatory statements are untrue at this time.  By way of further answer, LabMD Defendants knew or should have known that the defamatory statements they made are untrue.  See also Second Amended Complaint.

40.     For each statement identified in Your response to Interrogatory 37, detail how Mr. Boback has been injured or damaged.

**ANSWER:**   See objections and answer to Interrogatory No. 28, which are incorporated by reference herein.

41.     Describe the facts that support Your claim in Count III — Commercial Disparagement/Trade Libel of the Complaint.

**ANSWER:**   See Second Amended Complaint and objections and answer to Interrogatory No. 28, which are incorporated by reference herein.

42.     Explain how Mr. Boback suffered pecuniary loss as alleged in Paragraph 109 of the Complaint.

**ANSWER:**   See Second Amended Complaint and objections and answer to Interrogatory No. 28, which are incorporated by reference herein.

43.     Identify any Person with knowledge of Mr. Boback's slandered reputation as alleged in Paragraph 109 of the Complaint that resulted from Defendants' statements.

**ANSWER:**   See objections and answer to Interrogatory No. 28, which are incorporated by reference herein.

44.     Identify any other damages that Mr. Boback allegedly suffered as a result of Defendants' statements.

**ANSWER:**   See objections and answer to Interrogatory No. 28, which are incorporated by reference herein.

45.     Identify any communications you had with any person at Ari Fleischer Communications from 2008 to the present relating to LabMD or Mr. Daugherty.

**ANSWER:**   Boback objects to this Interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, Boback states as follows: Boback communicated with Ari Fleischer and Claire Buchan Parker.

46.     Identify any individuals at Tiversa who had communications with any person at Ari Fleischer Communications from 2008 to the present relating to LabMD or Mr. Daugherty.

**ANSWER:**   See objections and answer to Interrogatory No. 45, which are incorporated by reference herein.

## RESPONSES AND SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

1.     Produce all documents and written communications that are identified in the answers to the Interrogatories, above.

**RESPONSE:**   Boback objects to Request No. 1 as overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, and the Pennsylvania Rules of Civil Procedure.  Without waiving any objections, Boback responds as follows: Boback is not in possession of any documents that are responsive to this Request that are not either in LabMD Defendants' possession or readily available to LabMD Defendants from public sources.

2.      Produce all documents relating to any communications You had regarding

Defendants.

**RESPONSE:**      Boback objects to Request No. 2 as overly broad, unduly
burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the
discovery of admissible evidence, and to the extent it seeks information that is protected by the
attorney-client privilege, the work product doctrine, and the Pennsylvania Rules of Civil
Procedure.  Without waiving any objections, Boback responds as follows: Boback is not in
possession of any documents that are responsive to this Request that are not either in LabMD
Defendants' possession or readily available to LabMD Defendants from public sources.

3.      Produce copies of any transcript of any of Your testimony, interviews, and

meetings before the United States Congress (including its committees and subcommittees), or

with members of the United States Congress, their staff, or the staff of the committees or

subcommittees of the United States Congress.

**RESPONSE:**      Boback objects to Request No. 3 as overly broad, unduly
burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the
discovery of admissible evidence.  Without waiving any objections, Boback responds as follows:
Boback is not in possession of any documents that are responsive to this Request that are not
either in LabMD Defendants' possession or readily available to LabMD Defendants from public
sources.

4.      Produce copies of any awards you received while you were the CEO of

Tiversa.

**RESPONSE:**      Boback objects to Request No. 4 as overly broad, unduly
burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the
discovery of admissible evidence.  Without waiving any objections, Boback responds as follows:
Boback is not in possession of any documents that are responsive to this Request.

5.      Produce copies of any articles or letters to the editor You authored that

were published regarding Tiversa, LabMD or P2P networks.

**RESPONSE:**    Boback objects to Request No. 5 as overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, Boback responds as follows: Boback is not in possession of any documents that are responsive to this Request that are not either in LabMD Defendants' possession or readily available to LabMD Defendants from public sources.

6.      Produce any documents that relate to any of the claims You have asserted

in the Complaint.

**RESPONSE:**    Boback objects to Request No. 6 as overly broad, unduly burdensome, and to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, and the Pennsylvania Rules of Civil Procedure.  Without waiving any objections, Boback responds as follows: Boback is not in possession of any documents that are responsive to this Request that are not either in LabMD Defendants' possession or readily available to LabMD Defendants from public sources.

7.      Produce all documents relating to Your employment by Tiversa and, if

applicable, your termination of employment at Tiversa.

**RESPONSE:**    Boback objects to Request No. 7 as overly broad, unduly burdensome, and to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, and the Pennsylvania Rules of Civil Procedure.  Without waiving any objections, Boback responds as follows: Boback is not in possession of any documents that are responsive to this Request that are not either in LabMD Defendants' possession or readily available to LabMD Defendants from public sources.

Respectfully submitted,

CLARK HILL PLC

Date:  February 11, 2019

Robert J. Ridge
Pa. I.D. No. 58651
Brandon J. Verdream
Pa. I.D. No. 204162

301 Grant Street, 14th Floor
One Oxford Centre
Pittsburgh, PA 15219
Telephone: 412-394-7711
Fax: 412-394-2555
rridge@clarkhill.com
bverdream@clarkhill.com

*Counsel for Plaintiff, Robert J. Boback*

## VERIFICATION

I, Robert J. Boback, have read the foregoing Answers and Responses to Defendants LabMD, Inc. and Michael J. Daugherty's Revised First Set of Interrogatories and Request for Production of Documents.  The statements of fact within the Answers and Responses are correct to the best of my personal knowledge, information, and/or belief.  This verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false averments, I may be subject to criminal penalties.

Date:  February 11, 2019

Robert J. Boback

221136213

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

**PLAINTIFF ROBERT J. BOBACK'S ANSWERS, RESPONSES, AND OBJECTIONS TO**

**DEFENDANTS LABMD, INC. AND MICHAEL J. DAUGHERTY'S REVISED FIRST**

**SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF**

**DOCUMENTS** was served this 11th day of February, 2019, upon the following via E-Mail and

U.S. Mail, First Class, postage prepaid:

Cynthia L. Counts, Esq.
Duane Morris LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309
clcounts@duanemorris.com
*Counsel for Defendants, LabMD, Inc. and Michael J. Daugherty*

Kenneth M. Argentieri, Esq.
Duane Morris LLP
600 Grant Street, Suite 5010
Pittsburgh, PA 15219
kmargentieri@duanemorris.com
*Counsel for Defendants, LabMD, Inc. and Michael J. Daugherty*

Alexander H. Lindsay, Jr., Esq.
The Lindsay Law Firm, P.C.
110 East Diamond St., Suite 301
Butler, PA 16001
michele@lindsaylawfirm.com
*Counsel for Defendant, Richard Edward Wallace*

Brandon J. Verdream