IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIVERSA HOLDING CORP. f/k/a | ) | No. 2:15-cv-00092-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>NOTICE OF DEPOSITION</u>

TO:   Joel Adams
      c/o
      Jarrod D. Shaw
      Natalie Zagari
      McGuireWoods LLP
      Tower Two-Sixty
      260 Forbes Avenue
      Suite 1800
      Pittsburgh, PA 15222-3142

Please take notice that on November 15, 2017, commencing at 9:00 a.m. at the offices of

Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802, the Plaintiff in the

above-styled action will depose Joel Adams upon oral examination pursuant to Rule 30 of the

Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law

to administer oaths.  The deposition may be recorded by stenographic means and/or by video.

The deposition will be taken for all purposes allowed by law, including cross-examination and

use at trial and will continue from day to day until completed.

Date: October 6, 2017

**JAMES W. HAWKINS, LLC**

<u>*/s/ James W. Hawkins*</u>
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIVERSA HOLDING CORP. f/k/a | ) | No. 2:15-cv-00092-MRH-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2017, I served the foregoing Notice of Deposition on

the following counsel via email as follows:

Jarrod D. Shaw
Natalie Zagari
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com

*Attorneys for Defendant Tiversa Holding Corp.*

Robert J. Ridge
Brandon J. Verdream
301 Grant Street, 14th Floor
One Oxford Centre
Pittsburgh, PA 15219
rridge@clarkhill.com
bverdream@clarkhill.com

*Attorneys for Defendant Robert J. Boback*

<u>/s/ James W. Hawkins</u>
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LABMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIVERSA HOLDING CORP. f/k/a | ) | No. 2:15-cv-00092-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>NOTICE OF DEPOSITION</u>

TO:   Robert J. Boback
c/o
Robert J. Ridge
Brandon J. Verdream
Clark Hill PLC
301 Grant Street, 14th Floor
One Oxford Centre
Pittsburgh, PA 15219

Please take notice that on November 3, 2017, commencing at 9:00 a.m. at the offices of

Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802, the Plaintiff in the

above-styled action will depose Robert J. Boback upon oral examination pursuant to Rule 30 of

the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by

law to administer oaths.  The deposition may be recorded by stenographic means and/or by

video.  The deposition will be taken for all purposes allowed by law, including cross-

examination and use at trial and will continue from day to day until completed.

Date: October 6, 2017

**JAMES W. HAWKINS, LLC**

<u>/s/ James W. Hawkins</u>
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                                    )
                                               )
            Plaintiff,                          )
                                               )
v.                                             )
                                               )
TIVERSA HOLDING CORP. f/k/a                    )        No. 2:15-cv-00092-MRH-MPK
TIVERSA, INC.; ROBERT J. BOBACK;               )
and DOES 1-10,                                 )
                                               )
                                               )
            Defendants.                         )
_____            )

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Deposition on

the following counsel via email as follows:

Jarrod D. Shaw
Natalie Zagari
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com

*Attorneys for Defendant Tiversa Holding Corp.*

Robert J. Ridge
Brandon J. Verdream
301 Grant Street, 14th Floor
One Oxford Centre
Pittsburgh, PA 15219
rridge@clarkhill.com
bverdream@clarkhill.com

*Attorneys for Defendant Robert J. Boback*

_/s/ James W. Hawkins_
James W. Hawkins
_Admitted pro hac vice_
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

_Attorney for Plaintiff LabMD, Inc._

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABMD, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TIVERSA HOLDING CORP. f/k/a | )      No. 2:15-cv-00092-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) |
| and DOES 1-10, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## <u>NOTICE OF SUBPOENA</u>

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that

Plaintiff LabMD, Inc. intends to serve a Subpoena, in the form attached hereto, on Mary Beth

Buchanan on October 6, 2017, or as soon thereafter as service may be effectuated.

Dated: October 6, 2017

**JAMES W. HAWKINS, LLC**

<u>/s/ James W. Hawkins</u>
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIVERSA HOLDING CORP. f/k/a | ) | No. 2:15-cv-00092-MRH-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Subpoena on the

following counsel via email as follows:

Jarrod D. Shaw
Natalie Zagari
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com

*Attorneys for Defendant Tiversa Holding Corp.*

Robert J. Ridge
Brandon J. Verdream
301 Grant Street, 14th Floor
One Oxford Centre
Pittsburgh, PA 15219
rridge@clarkhill.com
bverdream@clarkhill.com

*Attorneys for Defendant Robert J. Boback*

*/s/ James W. Hawkins*

James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

| | | |
|---|---|---|
| LabMD, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; Robert J. Boback | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                  Mary Beth Buchanan

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time: 10/31/2017 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/05/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      LabMD, Inc.
, who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:15-cv-00092-MPK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## INTRODUCTION

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena to which this document is attached.

## DEFINITIONS AND INSTRUCTIONS

If you find any of these requests or instructions vague or confusing, or if you want to discuss the requests or instructions, please call Jim Hawkins, counsel for Plaintiff LabMD, Inc. at 678-697-1278.

The time period covered by this subpoena is from January 1, 2007 to the present.

A Stipulated Protective Order was entered in this lawsuit on October 4, 2017.  A copy of that document is attached hereto and marked as Exhibit A.  The Stipulated Protective Order ensures that certain information shall be maintained as confidential by the requesting parties and all receiving parties as set forth in that Order.  You have a right to invoke the protections of this Order.

Instead of producing documents and other items at the time, date and place set forth in the subpoena, you may send those documents and other items to the following address so long as the documents and items are received at this address no later than the date set forth for production in the subpoena:

James W. Hawkins
James W. Hawkins, LLC
11339 Musette Cir.
Alpharetta, GA 30009

As used herein, unless specifically indicated otherwise, the following terms shall have

the indicated meanings:

1.      "You/your" means the subpoenaed party.

2.      "Boback" means Robert J. Boback.  Boback is a defendant in this case.

3.      "LabMD" means LabMD, Inc.  LabMD is the plaintiff in this case.

4.      "Tiversa" means Tiversa Holding Corp. and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof. Tiversa is a defendant in this case.

5.      "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

6.      "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial

statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

7.     "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.     "Relate to", "Relating to", "Related to" and "Concerning" mean referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

9.     The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

10.     The term "any" includes "all," and the term "all" includes "any."

11.    "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.    Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

## DOCUMENTS AND THINGS CALLED FOR BY THIS SUBPOENA

1.    The documents you produced to the Federal Trade Commission on or about January 30, 2015, and thereafter in or relating to *In re LabMD, Inc*., FTC Docket No. 9357.

2.    The documents "outside of Mr. Wallace's Production" as referenced in Ms. Schell's January 30, 2015 email to Ms. VanDruff, a copy of which is attached hereto as Exhibit A.

3.    The documents Mr. Wallace provided "to his former counsel but did not maintain a copy" as referenced on p. 2 of Ms. Schell's February 2, 2015 letter to Ms. VanDruff, a copy of which is attached hereto as Exhibit B.

4.    The "approximately 97 pages of responsive documents collected from [Mr. Wallace's Gmail account" as referenced on p. 1 of Ms. VanDruff's February 2, 2015 letter to you, a copy of which is attached hereto as Exhibit C.

5.    All documents returned to you, as Mr. Wallace's counsel, by the Oversight Committee.

6.      The "documents from Mr. Wallace's hard drive" as referenced in a February 12, 2015 email from Mr. Brown, a copy of which is attached hereto as Exhibit D.

7.      The documents you obtained that were "provided to the Committee on House Oversight and Government Reform" as referenced on p. 1 of Ms. Schell's February 13, 2015 letter to Ms. VanDruff, a copy of which is attached hereto as Exhibit E.

8.      All documents related to your conversation with Bob Schoshinski on February 20, 2015, as referenced in Ms. VanDruff's February 20, 2015 email to you, a copy of which is attached hereto as Exhibit F.

9.      The hard drive referenced in the February 2, 2015 letter from Laura VanDruff to you (Exhibit C).

10.     All hard drives you received from Richard E. Wallace.

11.     All hard drives or copies of hard drives from the stand-alone computer(s) used by Richard E. Wallace at Tiversa Holding Corp. at any time during his employment by Tiversa Holding Corp. (2007 – 2014).

12.     All hard drives or copies of hard drives provided to the FBI by Richard E. Wallace or his counsel.

13.     All non-privileged documents and items you received from Richard E. Wallace.

14.     All documents relating to the methods, manners and technologies utilized by Tiversa Holding Corp. to search for, access and download files from clients on peer-to-peer networks.

15.     All documents relating to Tiversa Holding Corp. and/or Richard E. Wallace's use of law enforcement surveillance software (*e.g.*, EP2P) to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

16.     All documents relating to any communications you have ever had with Robert J. Boback or any employee, director, officer, agent or attorney of Tiversa Holding Corp.

17.     All documents related to your April 29, 2015 meeting in Washington, D.C. with Laura VanDruff, Jarad Brown, Dan Kauffman (FTC Deputy Director, Bureau of Consumer Protection), Robert Kaye (FTC Chief Litigation Counsel for the Bureau of Consumer Protection), Bob Schoshinski (FTC Assistant Director, Division of Privacy & Identity Protection) and your partner Dan Schwartz.

18.     The "informal set of documents" referenced in Ms. Schell's May 2, 2015 email to Ms. VanDruff, a copy of which is attached hereto as Exhibit G.

19.     The documents that were referenced in Ex Ms. Schell's May 3, 2015 email to Ms. VanDruff, a copy of which is attached hereto as Exhibit H.

20.     All documents reflecting the representations you made to the Federal Trade Commission concerning the testimony of Richard E. Wallace in *In re LabMD, Inc.*, FTC Docket No. 9357.

21.     All documents reflecting any implied or express agreements you entered into with the Federal Trade Commission regarding the testimony of Richard E. Wallace in *In re LabMD, Inc.*, FTC Docket No. 9357.

22.     All documents reflecting facts, topics or subject areas that Laura Van Druff or any other employee of the FTC asked you to avoid in your examination of Richard E. Wallace in *In re LabMD, Inc.*, FTC Docket No. 9357.

23.     All documents reflecting any knowledge by the Federal Trade Commission as to the methods, manners and technologies utilized by Tiversa Holding Corp. to search for, access

and download files from clients on peer-to-peer networks, including, without limitation, LabMD, Inc.

24. All documents relating to LabMD, Inc.

25. All documents relating to Michael J. Daugherty.

**To:**      VanDruff, Laura Riposo[lvandruff@ftc.gov]; Brown, Jarad[jbrown4@ftc.gov]
**Cc:**      Buchanan, Mary Beth[MBuchanan@bryancave.com]
**From:**    Schell, Jacquelyn N.
**Sent:**    Fri 1/30/2015 12:22:13 AM
**Importance:**    Normal
**Subject:**   RE: FTC Docket 9357 - Call re: Wallace Production
**MAIL_RECEIVED:**    Fri 1/30/2015 12:22:44 AM

My apologies, the correct, domestic call-in number is below:

US & Canada Toll Free Number:  800-300-1596

Participant Passcode:  212 541 1074

Jacquelyn N. Schell

Attorney │ Bryan Cave LLP │ 1290 Avenue of the Americas │ New York, NY 10104

(p) 212-541-1242 │ (f) 212-261-9842

**From:** Schell, Jacquelyn N.
**Sent:** Friday, January 30, 2015 12:21 AM
**To:** VanDruff, Laura Riposo (lvandruff@ftc.gov); jbrown4@ftc.gov
**Cc:** Buchanan, Mary Beth
**Subject:** FTC Docket 9357 - Call re: Wallace Production

Laura and Jarad,

Thank you again for speaking with me today about the Wallace production.  As discussed, Mary Beth and I are planning on our call Friday afternoon at 3.30 p.m. to update you on the status of our production and efforts to obtain documents outside of Mr. Wallace's possession.

For the call, please use the following information.

**DIAL-IN INSTRUCTIONS:**

International Toll Number:  001 - 719-955-2351

Participant Passcode:  212 541 1074

Thank you,

Jacquelyn

**Jacquelyn N. Schell**

Attorney │ Bryan Cave LLP │ 1290 Avenue of the Americas │ New York, NY 10104

(p) 212-541-1242 │ (f) 212-261-9842

---

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.
bcllp2015

FTC 000125



Jacquelyn Schell
Direct: 212-541-1242
Fax: 212-261-9842
Jacquelyn.Schell@bryancave.com

February 2, 2015

<span style="text-decoration: underline">Via E-Mail</span>

Laura VanDruff
Jarad Brown
Federal Trade Commission
600 Pennsylvania Ave. NW
Mail Stop CC-8232
Washington, DC 20580
lvandruff@ftc.gov
jbrown4@ftc.gov

**Bryan Cave LLP**
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

**Bryan Cave Offices**
Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
Miami
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

Re:   **Federal Trade Commission Docket No. 9357**
      *In the Matter of LabMd, Inc.*
      **Document Production and Correction to Inadvertent Disclosure of Confidential Information**

Dear Laura and Jarad:

This letter accompanies our production of documents, on behalf of our client, Richard Edward Wallace, in response to the Subpoena Duces Tecum ("Subpoena") served on Mr. Wallace on or about December 30, 2014, in the above-referenced case.

As you know, we initially produced documents on Friday, January 30, 2015, through the FTC's file upload system, but realized shortly thereafter that this production inadvertently contained confidential personal information which should have been labeled or redacted pursuant to the Protective Order that accompanied the Subpoena ("Protective Order"). Specifically, the documents contained confidential, personal information about Mr. Wallace, his wife, their contact information, and their private financial information.

All of the documents produced are confidential, as defined in the Protective Order, and should have been labeled as such. One of the documents produced (an email with attachments) contained confidential information and was not responsive to the Subpoena; that document should not have been produced at all. Finally, certain information regarding Mr. Wallace's IP address and bank account information should have been redacted.

FTC 000094

Laura VanDruff
Jarad Brown
February 2, 2015
Page 2

Pursuant to our January 30, 2015 conversation and your agreement regarding these documents, we respectfully request that you return, destroy, or delete all copies of the documents provided on January 30, 2014, bates labeled Wallace_000001 to Wallace_000097 ("Original Production"). We are providing today, again through the FTC's file upload system, a revised, replacement set of responsive documents, bates labeled Wallace_00000001 through Wallace_00000081 ("Replacement Production").

The Replacement Production differs from the Original Production in that it (1) bears the appropriate "Confidential – FTC Docket No. 9357" designation throughout; (2) removes the non-responsive email and attachments that contained confidential information; and (3) redacts Mr. Wallace's IP address and bank account information in any place not already redacted in the Original Production.

Further, as discussed in our January 30, 2015 telephone call and earlier correspondence, Mr. Wallace was previously in possession of certain responsive documents, which he provided to the U.S. House of Representatives, Committee on House Oversight and Government Reform, in response to a separate subpoena. Mr. Wallace provided a copy of these documents to his former counsel but did not maintain a personal copy. We reiterate our objection to the Subpoena insofar as it requests documents which are not in Mr. Wallace's possession, custody, or control. Without waiving that objection, we are in the process of obtaining a copy of these documents, and, if and when we are able to do so, we will produce any documents responsive to the Subpoena and not otherwise privileged.

In both the Original Production and the Replacement Production, we intend to protect the attorney/client and any other applicable privilege. If any privileged matter is revealed in this material, that disclosure is inadvertent. We do not intend to waive any privileges. If you discover privileged material, please stop reading it as soon as you realize what it is and return it to us.

Please immediately return to us or destroy any and all physical or electronic copies of the Original Production. If you have forwarded any copies of the documents to anyone else, please instruct them to return those copies or destroy them as well, and please do not provide these documents to any additional parties. Thank you.

Sincerely,

Jacquelyn N. Schell



United States of America
FEDERAL TRADE COMMISSION
WASHINGTON, DC 20580

Bureau of Consumer Protection
Division of Privacy and Identity Protection

February 2, 2015

**VIA EMAIL**

Mary Beth Buchanan
Jacquelyn N. Schell
Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300

     Re:    **In the Matter of LabMD, Inc., FTC Docket No. 9357**

Dear Ms. Buchanan and Ms. Schell:

     This letter memorializes our January 28, January 29, and January 30, 2015 telephone conversations. We appreciate your diligent efforts on behalf of Mr. Wallace to comply with Complaint Counsel's subpoena *duces tecum* ("Subpoena").

     On the afternoon of Friday, January 30, 2015, you produced approximately 97 pages of responsive documents collected from his Gmail account. As we discussed, you intend to reproduce these materials in accordance with Paragraph 6 of the Protective Order. We will work with counsel for Respondent to substitute the revised production for the forthcoming production and meet our obligations under Paragraph 14 of the Additional Provisions of the Scheduling Order.

     You advised us that the balance of Mr. Wallace's production would follow your receipt and review of the information Mr. Wallace provided to his former counsel and to the House of Representatives' Committee on Oversight and Government Reform ("Oversight Committee"). You indicated that it is your understanding that your client provided terabytes of data on a hard drive and possibly other materials to his former counsel at Quinn Emanuel Urquhart & Sullivan, LLP. You stated that documents responsive to the Subpoena are likely to be included in the materials Mr. Wallace provided to Quinn Emanuel, and which Quinn Emanuel provided to the Oversight Committee. You indicated that Quinn Emanuel turned over its files related to Mr. Wallace, which included copies of these potentially responsive documents, to the attorneys who next represented Mr. Wallace at Katten Muchen Rosenman LLP. You represented that on the afternoon of Friday, January 30, 2015, Claudia Callaway at Katten agreed to transfer Mr. Wallace's files to your firm.

FTC 000217

Mary Beth Buchanan
Jacquelyn N. Schell
February 2, 2015
Page 2

We understand that the Oversight Committee will not agree to return Mr. Wallace's files to your firm at this time.  However, it is our understanding that you intend to review the materials that are forthcoming from Katten and produce responsive documents without undue delay.  Nonetheless, because of the volume of potentially responsive documents that must be reviewed after they are received, we understand that you cannot estimate the time required to complete Mr. Wallace's production.

We look forward to continuing to work with you on these issues.  As always, please do not hesitate to call me at (202) 326-2999 if you would like to discuss this or any other matter.

Sincerely,

Laura Riposo VanDruff

cc:    Jarad Brown

**To:**      Brown, Jarad[jbrown4@ftc.gov]; VanDruff, Laura Riposo[lvandruff@ftc.gov]
**Cc:**      Buchanan, Mary Beth[MBuchanan@bryancave.com]; Miles, Stephan[Stephan.Miles@bryancave.com]
**From:**    Schell, Jacquelyn N.
**Sent:**    Thur 2/12/2015 4:33:00 PM
**Importance:**      Normal
**Subject:**   In re: LabMD: Request for Additional Upload Link
**MAIL_RECEIVED:**    Thur 2/12/2015 4:33:08 PM

Laura and Jarad,

We have obtained and are finalizing our review of the documents from Mr. Wallace's hard drive that were provided to the house Oversight Committee and are responsive to the Subpoena Duces Tecum served on Mr. Wallace on or about December 30, 2014, in the LabMD matter.

Please send an upload link to Stephan Miles in our office (copied) at your earliest convenience.  We expect that the documents will be ready to produce later this evening or tomorrow.

In past telephone conversations, you stated that you would withdraw your Motion to Compel upon receipt of these documents.  Please confirm that this remains the case and that you will withdraw your Motion upon our upload to the FTC system.

Thank you,

Jacquelyn

**Jacquelyn N. Schell**

Associate │ Bryan Cave LLP │ 1290 Avenue of the Americas │ New York, NY 10104

(p) 212-541-1242 │ (f) 212-261-9842

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.
bcllp2015



Jacquelyn Schell
Direct: 212-541-1242
Fax: 212-261-9842
Jacquelyn.Schell@bryancave.com

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

February 13, 2015

<u>Via E-Mail</u>

Laura VanDruff
Jarad Brown
Federal Trade Commission
600 Pennsylvania Ave. NW
Mail Stop CC-8232
Washington, DC 20580
lvandruff@ftc.gov
jbrown4@ftc.gov

Bryan Cave Offices

Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
Miami
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

Re:     **Federal Trade Commission Docket No. 9357**
        *In the Matter of LabMd, Inc.*
        **Document Production in Response to Subpoena**

Dear Laura and Jarad:

   This letter accompanies our supplemental production of documents, bates labeled Wallace_00000098 to Wallace_00003590 ("Supplemental Production"), in response to the Subpoena Duces Tecum served on Richard Wallace on or about December 30, 2014 ("Subpoena").

   Since making our initial document production on January 30, 2014 (as amended, the "Initial Production"), we have obtained copies of the documents provided to the Committee on House Oversight and Government Reform and responsive to the Subpoena, and those documents make up the Supplemental Production, which was uploaded earlier today through the link provided by your office.

   As indicated on each document, the Supplemental Production is Confidential, as defined in the Protective Order Governing Discovery Material provided with the Subpoena.  Many of these documents include personal or financial information relating to individuals who are not parties to this action. Please take care to maintain the confidentiality of that information.

   We believe that the Supplemental Production, combined with the Initial Production, constitutes all of the responsive material in Mr. Wallace's possession,

**Bryan Cave LLP**

Laura VanDruff
Jarad Brown
February 13, 2015
Page 2

custody, or control.  If any additional responsive material comes to light, we will make an additional production.

We intend to protect the attorney/client and any other applicable privilege.  If any privileged matter is revealed in this material, that disclosure is inadvertent.  We do not intend to waive any privileges.  If you discover privileged material, please stop reading it as soon as you realize what it is and return it to us.

Sincerely,

Jacquelyn N. Schell

| | |
|---|---|
| **To:** | 'Buchanan, Mary Beth'[MBuchanan@bryancave.com] |
| **Cc:** | VanDruff, Laura Riposo[lvandruff@ftc.gov] |
| **From:** | Brown, Jarad |
| **Sent:** | Fri 2/20/2015 11:37:30 AM |
| **Importance:** | Normal |
| **Subject:** | RE: Continuance |
| **MAIL_RECEIVED:** | Fri 2/20/2015 11:37:00 AM |

2015.02.10_Butler County Docket for R. Wallace.pdf

Hi Mary Beth,

Thanks for speaking with Bob Schoshinski and me this morning. As we discussed, attached is a copy of the Docket we pulled from Butler County relating to Mr. Wallace. Information on the 4th page suggested to us that confinement might be involved.

Best,

Jarad



**Jarad Brown**

Federal Trade Commission | Bureau of Consumer Protection

Division of Privacy and Identity Protection

600 Pennsylvania Ave. NW, CC-8232

Washington, DC 20580

jbrown4@ftc.gov | (202) 326-2927




**From:** Buchanan, Mary Beth [mailto:MBuchanan@bryancave.com]
**Sent:** Thursday, February 19, 2015 5:46 PM
**To:** Brown, Jarad; VanDruff, Laura Riposo
**Subject:** RE: Continuance


Thank you.




**Mary Beth Buchanan**
Partner

**From:** Schell, Jacquelyn N. [mailto:jacquelyn.schell@bryancave.com]
**Sent:** Saturday, May 02, 2015 7:35 PM
**To:** VanDruff, Laura Riposo; Brown, Jarad; william.sherman@dinsmore.com
**Cc:** Buchanan, Mary Beth
**Subject:** FTC: Additional Documents


Counsel,


While reviewing documents with Mr. Wallace today, we discovered that we have copies of the nineteen files downloaded from the 64.190.82.42 IP address, believed to be the Atlanta LabMD computer.  These files include the 1718 file, letters on LabMD letterhead, a LabMD handbook, and other similar documents.  (For reference, these documents were also described in and portions attached to an exhibit attached to the House Oversight Committee's December 1, 2014 letter to the Honorable Edith Ramirez.)


We believe these documents may be responsive to the FTC's subpoena to Mr. Wallace.  But, based on our understanding of the case, we do not believe they substantially change the issues for hearing, and you may already have them.


**In light of the approaching hearing and this late discovery, we propose the following**:  We forward an informal set of the documents now, zipped to protect any metadata, to be treated as a confidential attorney proffer.  Both parties can review and let us know if a formal (i.e. bates labeled, marked for confidentiality, etc.) set is needed.  If so, we will prepare one as soon as possible, likely Monday afternoon.


This way, our formal production will not delay your hearing preparations, and if, as we suspect, you do not need the documents, our client can be spared the expense of a production and counsel can focus on his preparations.


Please let us know as soon as possible if this is acceptable.  My cell phone is 404-538-6515 if you would like to discuss.


Thank you,

Jacquelyn

**Jacquelyn N. Schell**
*Associate*

**To:**       VanDruff, Laura Riposo[lvandruff@ftc.gov]; Brown, Jarad[jbrown4@ftc.gov]
**Cc:**       Buchanan, Mary Beth[MBuchanan@bryancave.com]
**From:**     Schell, Jacquelyn N.
**Sent:**     Sun 5/3/2015 11:31:58 AM
**Importance:**       Normal
**Subject:**  RE: Wallace - Additional Documents
**MAIL_RECEIVED:**  Sun 5/3/2015 11:32:06 AM

Please confirm receipt – it appears our system automatically encrypted the documents.  I can use SendThisFile if needed.



**Jacquelyn N. Schell**
*Associate*
jacquelyn.schell@bryancave.com   T: +1 212 541 1242

**From:** Schell, Jacquelyn N.
**Sent:** Sunday, May 03, 2015 11:30 AM
**To:** 'VanDruff, Laura Riposo'; jbrown4@ftc.gov
**Cc:** Buchanan, Mary Beth
**Subject:** Wallace - Additional Documents

Laura and Jarad,

The additional documents are attached.  As discussed, please treat this set as a confidential attorney proffer, as they are not redacted or marked for confidentiality yet, and let us know at your earliest convenience whether a formal production set if needed.

Thank you,

Jacquelyn



**Jacquelyn N. Schell**
*Associate*

T: +1 212 541 1242   F: +1 212 261 9842

IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

              Plaintiff,

     v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

              Defendants.

Civil Action No. 2:15-cv-00092-MPK

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests

for production of documents or things; requests for admission; and/or depositions, may require,

by way of illustration, not limitation, disclosure of personal and confidential information such as

information contained in customer account files; competitively sensitive or proprietary business

information and data; business policies, procedures and/or handbooks; marketing, financial

and/or business plans, models, strategies, information and data; otherwise private, confidential

and/or trade secret information; and/or information, the disclosure of which may cause injury or

embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential

Materials"), which should otherwise remain confidential and the private property and

information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an

Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary

or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS,** the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

**WHEREAS**, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

**WHEREAS**, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

### 1. **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a. "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b. Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production. A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c. For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d. Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material. The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

### 2. Disclosures of Documents

a.     All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.     Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material."   Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c.     Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.     "Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a.     the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b.     attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.     parties to this lawsuit;

d.     employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e.     court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f.     any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.     any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.     Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.     any other person that all parties agree to in writing.

**4.     Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

### 5. Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

### 6. Handling of Confidential Materials

7

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

  **7.**  **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.  The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

  **9.**  **Information from Third-Party Sources**

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

### 10.  Use in Court Proceedings

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

### 11.  Filing in Court

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal.  The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

### 12.  Further Application

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

### 13.  Remedies

9

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

### 14.    **Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,

/s/ James W. Hawkins
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com
*Attorney for Plaintiff LabMD, Inc.*

Respectfully submitted,

/s/ Jarrod D. Shaw
Jarrod D. Shaw
Pa. ID No. 93459
Natalie Zagari
Pa. ID No. 316221
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
Telephone: 412 667 6000
Facsimile: 412 402 4193
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com
*Attorneys for Defendant Tiversa Holding Corp.*

/s/Brandon J. Verdream
Robert J. Ridge, Esquire
PA I.D. No.: 58651
E-mail: rridge@clarkhill.com
Brandon J. Verdream, Esquire
PA I.D. No.: 204162
E-mail: bverdream@clarkhill.com

Firm I.D. No.: 282
One Oxford Centre

10

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LABMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIVERSA HOLDING CORP. f/k/a | ) | No. 2:15-cv-00092-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF DEPOSITION

TO:     Anju S. Chopra
        3017 E Ridge Dr.
        Gibsonia, PA 15044-6129

Please take notice that on November 8, 2017, commencing at 9:00 a.m. at the offices of

Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802, the Plaintiff in the

above-styled action will depose Anju S. Chopra upon oral examination pursuant to Rule 30 of

the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by

law to administer oaths.  The deposition may be recorded by stenographic means and/or by

video.  The deposition will be taken for all purposes allowed by law, including cross-

examination and use at trial and will continue from day to day until completed.

Date: October 6, 2017

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767

JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABMD, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TIVERSA HOLDING CORP. f/k/a | ) |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) |
| and DOES 1-10, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

No. 2:15-cv-00092-MRH-MPK

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2017, I served the foregoing Notice of Deposition on

the following counsel via email as follows:

Jarrod D. Shaw
Natalie Zagari
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com

*Attorneys for Defendant Tiversa Holding Corp.*

Robert J. Ridge
Brandon J. Verdream
301 Grant Street, 14th Floor
One Oxford Centre
Pittsburgh, PA 15219
rridge@clarkhill.com
bverdream@clarkhill.com

*Attorneys for Defendant Robert J. Boback*

<u>/s/ James W. Hawkins</u>
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIVERSA HOLDING CORP. f/k/a | ) | No. 2:15-cv-00092-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>NOTICE OF SUBPOENAS</u>

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that

Plaintiff LabMD, Inc. intends to serve Subpoenas, in the form attached hereto, on Anju S.

Chopra on October 6, 2017, or as soon thereafter as service may be effectuated.

Dated: October 6, 2017

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                              )
                                          )
             Plaintiff,                   )
                                          )
v.                                        )
                                          )
TIVERSA HOLDING CORP. f/k/a               )          No. 2:15-cv-00092-MRH-MPK
TIVERSA, INC.; ROBERT J. BOBACK;          )
and DOES 1-10,                            )
                                          )
                                          )
             Defendants.                  )
_____   )

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Subpoena on the

following counsel via email as follows:

    Jarrod D. Shaw
    Natalie Zagari
    Tower Two-Sixty
    260 Forbes Avenue
    Suite 1800
    Pittsburgh, PA 15222-3142
    jshaw@mcguirewoods.com
    nzagari@mcguirewoods.com

    *Attorneys for Defendant Tiversa Holding Corp.*

    Robert J. Ridge
    Brandon J. Verdream
    301 Grant Street, 14th Floor
    One Oxford Centre
    Pittsburgh, PA 15219
    rridge@clarkhill.com
    bverdream@clarkhill.com

    *Attorneys for Defendant Robert J. Boback*

            */s/ James W. Hawkins*

James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

2

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

| | |
|---|---|
| LabMD, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; | ) |
| Robert J. Boback | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                            Anju S. Chopra

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time: 11/08/2017 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographically and may be recorded by audio and video

❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/05/2017

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    LabMD, Inc.
_____, who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:15-cv-00092-MPK

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

#### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

#### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

#### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

#### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

               Plaintiff,

    v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

               Defendants.

Civil Action No. 2:15-cv-00092-MPK

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests

for production of documents or things; requests for admission; and/or depositions, may require,

by way of illustration, not limitation, disclosure of personal and confidential information such as

information contained in customer account files; competitively sensitive or proprietary business

information and data; business policies, procedures and/or handbooks; marketing, financial

and/or business plans, models, strategies, information and data; otherwise private, confidential

and/or trade secret information; and/or information, the disclosure of which may cause injury or

embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential

Materials"), which should otherwise remain confidential and the private property and

information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an

Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary

or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS,** the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

**WHEREAS**, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

**WHEREAS**, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

### 1.    **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a. "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b. Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production. A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c. For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d. Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material. The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

### 2. Disclosures of Documents

a. All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b. Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c. Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

### 3. **"Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a. the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b. attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c. parties to this lawsuit;

d. employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e. court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f. any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

  g. any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

  h. Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

  i. any other person that all parties agree to in writing.

  **4.** **Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

### 5.  Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

### 6.     Handling of Confidential Materials

7

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

### 7. Inadvertent Failure to Designate

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

### 9. Information from Third-Party Sources

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

### 10.    Use in Court Proceedings

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

### 11.    Filing in Court

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal. The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

### 12.    Further Application

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

### 13.    Remedies

9

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

## 14.    **Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,

/s/ James W. Hawkins
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com
*Attorney for Plaintiff LabMD, Inc.*

Respectfully submitted,

/s/ Jarrod D. Shaw
Jarrod D. Shaw
Pa. ID No. 93459
Natalie Zagari
Pa. ID No. 316221
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
Telephone: 412 667 6000
Facsimile: 412 402 4193
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com
*Attorneys for Defendant Tiversa Holding
Corp.*

/s/Brandon J. Verdream
Robert J. Ridge, Esquire
PA I.D. No.: 58651
E-mail: rridge@clarkhill.com
Brandon J. Verdream, Esquire
PA I.D. No.: 204162
E-mail: bverdream@clarkhill.com

Firm I.D. No.: 282
One Oxford Centre

10

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

11

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

| | |
|---|---|
| LabMD, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.;<br>Robert J. Boback | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Anju S. Chopra

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010,<br>Pittsburgh, PA 15219-2802 | Date and Time:<br><br>10/31/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/05/2017

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     LabMD, Inc.
_____ , who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:15-cv-00092-MPK

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*             .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____   for travel and $ _____   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# INTRODUCTION

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena to which this document is attached.

## DEFINITIONS AND INSTRUCTIONS

If you find any of these requests or instructions vague or confusing, or if you want to discuss the requests or instructions, please call Jim Hawkins, counsel for Plaintiff LabMD, Inc. at 678-697-1278.

The time period covered by this subpoena is from January 1, 2007 to the present.

A Stipulated Protective Order was entered in this lawsuit on October 4, 2017.  A copy of that document is attached hereto and marked as Exhibit A.  The Stipulated Protective Order ensures that certain information shall be maintained as confidential by the requesting parties and all receiving parties as set forth in that Order.  You have a right to invoke the protections of this Order.

Instead of producing documents and other items at the time, date and place set forth in the subpoena, you may send those documents and other items to the following address so long as the documents and items are received at this address no later than the date set forth for production in the subpoena:

James W. Hawkins
James W. Hawkins, LLC
11339 Musette Cir.
Alpharetta, GA 30009

As used herein, unless specifically indicated otherwise, the following terms shall have

the indicated meanings:

1.      "You/your" means the subpoenaed party.

2.      "Boback" means Robert J. Boback.  Boback is a defendant in this case.

3.      "LabMD" means LabMD, Inc.  LabMD is the plaintiff in this case.

4.      "Tiversa" means Tiversa Holding Corp. and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof. Tiversa is a defendant in this case.

5.      "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

6.      "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial

statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

7.    "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.    "Relate to", "Relating to", "Related to" and "Concerning" mean referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

9.    The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

10.    The term "any" includes "all," and the term "all" includes "any."

11.    "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.    Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

### DOCUMENTS AND THINGS CALLED FOR BY THIS SUBPOENA

1.    All documents relating to the methods, manners and technologies utilized by Tiversa Holding Corp. to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

2.    All documents relating to Tiversa Holding Corp. and/or Richard E. Wallace's use of law enforcement surveillance software (*e.g.*, EP2P) to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

3.    All documents related to the allegation that Tiversa Holding Corp. manipulated metadata (including, but not limited to, IP addresses) in files in Tiversa's data store.

4.    All documents relating to information you provided to the Committee for Oversight and Government Reform of the U.S. House of Representatives ("OGR Committee").

5.    The transcript of the interview/testimony you gave to the OGR Committee.

6.    Any documents relating to tours you gave to people who visited Tiversa including, without limitation, politicians, individuals running for public office, and employees of the Federal Trade Commission.

7.      Documents related to your contributions to technologies that were patented by Tiversa.

8.      All documents relating to your April 17, 2015 Affidavit and documents referenced therein, copies of which are attached hereto as Exhibit ___.

9.      All documents relating to any meeting you attended with employees, representatives or agents of the Federal Trade Commission.

10.     All documents evidencing or relating to facts or opinions regarding Robert J. Boback's reputation for having a character for truthfulness or untruthfulness.

11.     All documents evidencing or relating to Robert J. Boback's malice (or lack thereof) against Michael J. Daugherty or Richard E. Wallace.

12.     Severance or post-employment agreements with Tiversa including, without limitation, non-disclosure agreements.

13.     Emails to or from current or former employees of Tiversa that mention or refer to LabMD, Inc. or Michael J. Daugherty.

14.     Emails to or from current or former employees of Tiversa that mention or refer to misconduct by Tiversa or Boback.

15.     Documents that mention, refer to or evidence misconduct by Tiversa or Boback.

16.     Documents you received from or gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

17.     Notes from meetings or interviews with Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

18.     Transcript of interviews or testimonies you gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

19.     All documents relating to LabMD, Inc.

20.     All documents relating to Michael J. Daugherty.

## IN THE UNITED STATE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

           Plaintiff,

    v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

           Defendants.

Civil Action No. 2:15-cv-00092-MPK

### STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests

for production of documents or things; requests for admission; and/or depositions, may require,

by way of illustration, not limitation, disclosure of personal and confidential information such as

information contained in customer account files; competitively sensitive or proprietary business

information and data; business policies, procedures and/or handbooks; marketing, financial

and/or business plans, models, strategies, information and data; otherwise private, confidential

and/or trade secret information; and/or information, the disclosure of which may cause injury or

embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential

Materials"), which should otherwise remain confidential and the private property and

information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an

Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary

or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS,** the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

**WHEREAS**, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

**WHEREAS**, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

### 1.    **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a. "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b. Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production. A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c. For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d. Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material. The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

## 2.    Disclosures of Documents

a.    All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.    Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c. Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.** **"Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a. the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b. attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c. parties to this lawsuit;

d. employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e. court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f. any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.      any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.      Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.      any other person that all parties agree to in writing.

**4.      Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

## 5. Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

## 6. Handling of Confidential Materials

7

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

## 7.    **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.  The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

## 9.    **Information from Third-Party Sources**

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

### 10. Use in Court Proceedings

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

### 11. Filing in Court

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal. The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

### 12. Further Application

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

### 13. Remedies

9

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

### 14.   **Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,

/s/ James W. Hawkins_____
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com
*Attorney for Plaintiff LabMD, Inc.*

Respectfully submitted,

/s/ Jarrod D. Shaw____
Jarrod D. Shaw
Pa. ID No. 93459
Natalie Zagari
Pa. ID No. 316221
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
Telephone: 412 667 6000
Facsimile: 412 402 4193
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com
*Attorneys for Defendant Tiversa Holding Corp.*

/s/Brandon J. Verdream_____
Robert J. Ridge, Esquire
PA I.D. No.: 58651
E-mail: rridge@clarkhill.com
Brandon J. Verdream, Esquire
PA I.D. No.: 204162
E-mail: bverdream@clarkhill.com

Firm I.D. No.: 282
One Oxford Centre

10

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                                )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )
                                            )
TIVERSA HOLDING CORP. f/k/a                 )          No. 2:15-cv-00092-MPK
TIVERSA, INC.; ROBERT J. BOBACK;            )
and DOES 1-10,                              )
                                            )
                                            )
            Defendants.                     )
_____        )

## NOTICE OF SUBPOENA

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that

Plaintiff LabMD, Inc. intends to serve a Subpoena, in the form attached hereto, on Cranberry

Township Police Department on October 6, 2017, or as soon thereafter as service may be

effectuated.

Dated: October 6, 2017

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                                )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )
                                            )
TIVERSA HOLDING CORP. f/k/a                 )        No. 2:15-cv-00092-MRH-MPK
TIVERSA, INC.; ROBERT J. BOBACK;            )
and DOES 1-10,                              )
                                            )
                                            )
            Defendants.                     )
_____             )

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Subpoena on the

following counsel via email as follows:

> Jarrod D. Shaw
> Natalie Zagari
> Tower Two-Sixty
> 260 Forbes Avenue
> Suite 1800
> Pittsburgh, PA 15222-3142
> jshaw@mcguirewoods.com
> nzagari@mcguirewoods.com

*Attorneys for Defendant Tiversa Holding Corp.*

> Robert J. Ridge
> Brandon J. Verdream
> 301 Grant Street, 14th Floor
> One Oxford Centre
> Pittsburgh, PA 15219
> rridge@clarkhill.com
> bverdream@clarkhill.com

*Attorneys for Defendant Robert J. Boback*

*/s/ James W. Hawkins*

James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Pennsylvania

| | |
|---|---|
| LabMD, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.;<br>Robert J. Boback | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Cranberry Township Police Department c/o Chief of Police Kevin Meyer

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time:<br>10/31/2017 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/05/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   LabMD, Inc.
_____ , who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:15-cv-00092-MPK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## INTRODUCTION

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena to which this document is attached.

## DEFINITIONS AND INSTRUCTIONS

If you find any of these requests or instructions vague or confusing, or if you want to discuss the requests or instructions, please call Jim Hawkins, counsel for Plaintiff LabMD, Inc. at 678-697-1278.

The time period covered by this subpoena is from January 1, 2007 to the present.

A Stipulated Protective Order was entered in this lawsuit on October 4, 2017.  A copy of that document is attached hereto and marked as Exhibit A.  The Stipulated Protective Order ensures that certain information shall be maintained as confidential by the requesting parties and all receiving parties as set forth in that Order.  You have a right to invoke the protections of this Order.

Instead of producing documents and other items at the time, date and place set forth in the subpoena, you may send those documents and other items to the following address so long as the documents and items are received at this address no later than the date set forth for production in the subpoena:

James W. Hawkins
James W. Hawkins, LLC
11339 Musette Cir.
Alpharetta, GA 30009

As used herein, unless specifically indicated otherwise, the following terms shall have

the indicated meanings:

1.      "You/your" means the subpoenaed party.

2.      "Boback" means Robert J. Boback.  Boback is a defendant in this case.

3.      "LabMD" means LabMD, Inc.  LabMD is the plaintiff in this case.

4.      "Tiversa" means Tiversa Holding Corp. and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof. Tiversa is a defendant in this case.

5.      "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

6.      "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial

2

statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

7.      "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.      "Relate to", "Relating to", "Related to" and "Concerning" mean referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

9.      The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

10.      The term "any" includes "all," and the term "all" includes "any."

11.     "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.     Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

## **DOCUMENTS AND THINGS CALLED FOR BY THIS SUBPOENA**

1.     All documents relating to any complaints or allegations made against Richard E. Wallace or any member of his family (130 Scott Ridge Rd. Harmony, PA  16037), including all documents identifying complaining parties and witnesses.

2.     All incident reports regarding Mr. Wallace.

3.     All documents evidencing or relating to any investigation conducted by the Pennsylvania State Police regarding David A. Sitler or other current or former members of the Cranberry Township Police Department which concerned or pertained to Richard E. Wallace or any member of his family.

4.     All documents provided by the Cranberry Township Police Department to the Pennsylvania State Police regarding David A. Sitler or other current or former members of the Cranberry Township Police Department which concerned or pertained to Richard E. Wallace or any member of his family.

5.     All documents evidencing or relating to any information received by Cranberry Township Police Department from Robert J. Boback or other employees or agents of Tiversa

that led any member of the Cranberry Township Police to investigate, monitor, surveil, watch or question Richard E. Wallace or any member of his family.

6.      All documents evidencing or relating to any requests by Robert J. Boback or other employees or agents of Tiversa requesting Cranberry Township Police Department to investigate, monitor, surveil, watch or question Richard E. Wallace or any member of his family.

7.      All documents evidencing or relating to any surveillance conducted by the Cranberry Township Police Department on Richard E. Wallace or any member of his family.

8.      All documents evidencing or relating to any surveillance conducted on Richard E. Wallace or any member of his family.

9.      All documents that mention or relate to Richard E. Wallace or any member of his family.

10.     All documents related to the termination of David Sitler.

11.     Documents you received from or gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

12.     Notes from meetings or interviews with Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

13.     All documents relating to LabMD, Inc.

14.     All documents relating to Michael J. Daugherty.

IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

                Plaintiff,

    v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

                Defendants.

Civil Action No. 2:15-cv-00092-MPK

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests

for production of documents or things; requests for admission; and/or depositions, may require,

by way of illustration, not limitation, disclosure of personal and confidential information such as

information contained in customer account files; competitively sensitive or proprietary business

information and data; business policies, procedures and/or handbooks; marketing, financial

and/or business plans, models, strategies, information and data; otherwise private, confidential

and/or trade secret information; and/or information, the disclosure of which may cause injury or

embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential

Materials"), which should otherwise remain confidential and the private property and

information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an

Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary

or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS,** the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

**WHEREAS**, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

**WHEREAS**, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

### 1. **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a.    "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.    Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production.  A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c.    For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d.    Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material.  The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

### 2. Disclosures of Documents

a. All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b. Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c.    Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

### 3.    "Confidential Materials"

Disclosure of "Confidential Materials" may be made only to:

a.    the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b.    attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.    parties to this lawsuit;

d.    employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e.    court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f.    any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

       g.     any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

       h.     Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

       i.     any other person that all parties agree to in writing.

    **4.**    **Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

### 5. Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

### 6. Handling of Confidential Materials

7

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

### 7.    **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

### 9.    **Information from Third-Party Sources**

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

### 10.   Use in Court Proceedings

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

### 11.   Filing in Court

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal.  The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

### 12.   Further Application

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

### 13.   Remedies

9

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

**14.    Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,

/s/ James W. Hawkins____
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com
*Attorney for Plaintiff LabMD, Inc.*

Respectfully submitted,

/s/ Jarrod D. Shaw___
Jarrod D. Shaw
Pa. ID No. 93459
Natalie Zagari
Pa. ID No. 316221
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
Telephone: 412 667 6000
Facsimile: 412 402 4193
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com
*Attorneys for Defendant Tiversa Holding Corp.*

/s/Brandon J. Verdream_____
Robert J. Ridge, Esquire
PA I.D. No.: 58651
E-mail: rridge@clarkhill.com
Brandon J. Verdream, Esquire
PA I.D. No.: 204162
E-mail: bverdream@clarkhill.com

Firm I.D. No.: 282
One Oxford Centre

10

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

11