IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIVERSA HOLDING CORP. f/k/a | ) | No. 2:15-cv-00092-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>NOTICE OF SUBPOENA</u>

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that

Plaintiff LabMD, Inc. intends to serve a Subpoena, in the form attached hereto, on CSI

Investigators, Inc. on October 6, 2017, or as soon thereafter as service may be effectuated.

Dated: October 6, 2017

**JAMES W. HAWKINS, LLC**

<u>/s/ James W. Hawkins</u>
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                                    )
                                                )
                  Plaintiff,                    )
                                                )
v.                                              )
                                                )
TIVERSA HOLDING CORP. f/k/a                     )     No. 2:15-cv-00092-MRH-MPK
TIVERSA, INC.; ROBERT J. BOBACK;                )
and DOES 1-10,                                  )
                                                )
                                                )
                  Defendants.                   )
_____         )

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Subpoena on the

following counsel via email as follows:

> Jarrod D. Shaw
> Natalie Zagari
> Tower Two-Sixty
> 260 Forbes Avenue
> Suite 1800
> Pittsburgh, PA 15222-3142
> jshaw@mcguirewoods.com
> nzagari@mcguirewoods.com
>
> *Attorneys for Defendant Tiversa Holding Corp.*
>
> Robert J. Ridge
> Brandon J. Verdream
> 301 Grant Street, 14th Floor
> One Oxford Centre
> Pittsburgh, PA 15219
> rridge@clarkhill.com
> bverdream@clarkhill.com
>
> *Attorneys for Defendant Robert J. Boback*

*/s/ James W. Hawkins*

James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Pennsylvania

| | |
|---|---|
| LabMD, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; | ) |
| Robert J. Boback | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CSI Investigators, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time: 10/31/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/05/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* LabMD, Inc. , who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:15-cv-00092-MPK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research,
development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These
procedures apply to producing documents or electronically stored
information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## INTRODUCTION

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena to which this document is attached.

## DEFINITIONS AND INSTRUCTIONS

If you find any of these requests or instructions vague or confusing, or if you want to discuss the requests or instructions, please call Jim Hawkins, counsel for Plaintiff LabMD, Inc. at 678-697-1278.

The time period covered by this subpoena is from January 1, 2007 to the present.

A Stipulated Protective Order was entered in this lawsuit on October 4, 2017.  A copy of that document is attached hereto and marked as Exhibit A.  The Stipulated Protective Order ensures that certain information shall be maintained as confidential by the requesting parties and all receiving parties as set forth in that Order.  You have a right to invoke the protections of this Order.

Instead of producing documents and other items at the time, date and place set forth in the subpoena, you may send those documents and other items to the following address so long as the documents and items are received at this address no later than the date set forth for production in the subpoena:

James W. Hawkins
James W. Hawkins, LLC
11339 Musette Cir.
Alpharetta, GA 30009

As used herein, unless specifically indicated otherwise, the following terms shall have

the indicated meanings:

1.      "You/your" means the subpoenaed party.

2.      "Boback" means Robert J. Boback.  Boback is a defendant in this case.

3.      "LabMD" means LabMD, Inc.  LabMD is the plaintiff in this case.

4.      "Tiversa" means Tiversa Holding Corp. and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof. Tiversa is a defendant in this case.

5.      "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

6.      "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial

2

statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

7.      "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.      "Relate to", "Relating to", "Related to" and "Concerning" mean referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

9.      The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

10.      The term "any" includes "all," and the term "all" includes "any."

11.     "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.     Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

## DOCUMENTS AND THINGS CALLED FOR BY THIS SUBPOENA

1.     All documents evidencing or relating to any requests by Robert J. Boback or other employees or agents of Tiversa requesting your firm's services related to Richard E. Wallace and his family and attorneys, Michael J. Daugherty and his family and attorneys or LabMD, Inc. and its attorneys.

2.     All documents evidencing or relating to any services performed by your firm for Robert J. Boback or other employees or agents of Tiversa that related to Richard E. Wallace and his family and attorneys, Michael J. Daugherty and his family and attorneys or LabMD, Inc. and its attorneys.

3.     All documents evidencing or relating to any surveillance your firm conducted for Robert J. Boback or other employees or agents of Tiversa on Richard E. Wallace and his family and attorneys, Michael J. Daugherty and his family and attorneys or LabMD, Inc. and its attorneys.

4.     All documents that mention or relate to Richard E. Wallace and his family and attorneys, Michael J. Daugherty and his family and attorneys or LabMD, Inc. and its attorneys.

5.      Documents you received from or gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

6.      Notes from meetings or interviews with Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

7.      All documents relating to LabMD, Inc.

8.      All documents relating to Michael J. Daugherty.

IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

          Plaintiff,

    v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

          Defendants.

Civil Action No. 2:15-cv-00092-MPK

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests

for production of documents or things; requests for admission; and/or depositions, may require,

by way of illustration, not limitation, disclosure of personal and confidential information such as

information contained in customer account files; competitively sensitive or proprietary business

information and data; business policies, procedures and/or handbooks; marketing, financial

and/or business plans, models, strategies, information and data; otherwise private, confidential

and/or trade secret information; and/or information, the disclosure of which may cause injury or

embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential

Materials"), which should otherwise remain confidential and the private property and

information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an

Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary

or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS,** the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues
in this case;

**WHEREAS**, the need for confidentiality, although subject to dispute, may outweigh the
importance of public disclosure as the protective order may: expedite the flow of discovery
material; preserve the integrity of truly confidential information, trade secrets, and commercial
and proprietary information; promote the prompt resolution of disputes over confidentiality; and
facilitate the preservation of material worthy of protection;

**WHEREAS**, the purpose of this Stipulated Protective Order is to expedite the production
of documents and other information without judicial intervention, the provisions in this
Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third
party to seek relief from or greater protection than that provided by this Stipulated Protective
Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant
Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that
good cause exists for entry of a protective order to prevent unauthorized disclosure and use of
the parties' proprietary and other confidential information during and after the course of this
litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery
material shall be governed by the following provisions:

### 1.    **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may
designate all or any part of a document, discovery response, deposition, or other discovery
material which that party or person produces, serves, or provides in connection with this action
as "Confidential" or "Confidential Attorney Eyes Only" as described below.

a.    "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.    Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production.  A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c.    For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d.    Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material.  The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

## 2.    **Disclosures of Documents**

a.     All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.     Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c.      Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.      "Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a.      the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b.      attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.      parties to this lawsuit;

d.      employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e.      court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f.      any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

       g.     any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

       h.     Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

       i.     any other person that all parties agree to in writing.

**4.**     **Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

### 5.  Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

### 6.  Handling of Confidential Materials

7

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

### 7. **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

### 9. **Information from Third-Party Sources**

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

### 10.    Use in Court Proceedings

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

### 11.    Filing in Court

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal. The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

### 12.    Further Application

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

### 13.    Remedies

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

**14.** **Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,

/s/ James W. Hawkins
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com
*Attorney for Plaintiff LabMD, Inc.*

Respectfully submitted,

/s/ Jarrod D. Shaw
Jarrod D. Shaw
Pa. ID No. 93459
Natalie Zagari
Pa. ID No. 316221
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
Telephone: 412 667 6000
Facsimile: 412 402 4193
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com
*Attorneys for Defendant Tiversa Holding Corp.*

/s/Brandon J. Verdream
Robert J. Ridge, Esquire
PA I.D. No.: 58651
E-mail: rridge@clarkhill.com
Brandon J. Verdream, Esquire
PA I.D. No.: 204162
E-mail: bverdream@clarkhill.com

Firm I.D. No.: 282
One Oxford Centre

10

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

*Maureen P. Kelly*

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIVERSA HOLDING CORP. f/k/a | ) | No. 2:15-cv-00092-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## NOTICE OF SUBPOENA

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that

Plaintiff LabMD, Inc. intends to serve a Subpoena, in the form attached hereto, on Orion

Czarnecki on October 6, 2017, or as soon thereafter as service may be effectuated.

Dated: October 6, 2017

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                                )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )
                                            )
TIVERSA HOLDING CORP. f/k/a                 )        No. 2:15-cv-00092-MRH-MPK
TIVERSA, INC.; ROBERT J. BOBACK;            )
and DOES 1-10,                              )
                                            )
                                            )
            Defendants.                     )
_____   )

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Subpoena on the

following counsel via email as follows:

      Jarrod D. Shaw
      Natalie Zagari
      Tower Two-Sixty
      260 Forbes Avenue
      Suite 1800
      Pittsburgh, PA 15222-3142
      jshaw@mcguirewoods.com
      nzagari@mcguirewoods.com

      *Attorneys for Defendant Tiversa Holding Corp.*

      Robert J. Ridge
      Brandon J. Verdream
      301 Grant Street, 14th Floor
      One Oxford Centre
      Pittsburgh, PA 15219
      rridge@clarkhill.com
      bverdream@clarkhill.com

      *Attorneys for Defendant Robert J. Boback*

                              */s/ James W. Hawkins*

James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

| | |
|---|---|
| LabMD, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; | ) |
| Robert J. Boback | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                               Orion Czarnecki

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time: 10/31/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/05/2017

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     LabMD, Inc.
_____ , who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:15-cv-00092-MPK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                   _____
                                              *Printed name and title*

                                   _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### INTRODUCTION

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena to which this document is attached.

### DEFINITIONS AND INSTRUCTIONS

If you find any of these requests or instructions vague or confusing, or if you want to discuss the requests or instructions, please call Jim Hawkins, counsel for Plaintiff LabMD, Inc. at 678-697-1278.

The time period covered by this subpoena is from January 1, 2007 to the present.

A Stipulated Protective Order was entered in this lawsuit on October 4, 2017.  A copy of that document is attached hereto and marked as Exhibit A.  The Stipulated Protective Order ensures that certain information shall be maintained as confidential by the requesting parties and all receiving parties as set forth in that Order.  You have a right to invoke the protections of this Order.

Instead of producing documents and other items at the time, date and place set forth in the subpoena, you may send those documents and other items to the following address so long as the documents and items are received at this address no later than the date set forth for production in the subpoena:

James W. Hawkins
James W. Hawkins, LLC
11339 Musette Cir.
Alpharetta, GA 30009

As used herein, unless specifically indicated otherwise, the following terms shall have

the indicated meanings:

1.      "You/your" means the subpoenaed party.

2.      "Boback" means Robert J. Boback.  Boback is a defendant in this case.

3.      "LabMD" means LabMD, Inc.  LabMD is the plaintiff in this case.

4.      "Tiversa" means Tiversa Holding Corp. and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof. Tiversa is a defendant in this case.

5.      "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

6.      "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial

2

statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

7.      "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.      "Relate to", "Relating to", "Related to" and "Concerning" mean referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

9.      The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

10.      The term "any" includes "all," and the term "all" includes "any."

11.     "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.     Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

## DOCUMENTS AND THINGS CALLED FOR BY THIS SUBPOENA

1.     All documents relating to the methods, manners and technologies utilized by Tiversa Holding Corp. to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

2.     All documents relating to Tiversa Holding Corp. and/or Richard E. Wallace's use of law enforcement surveillance software (*e.g.*, EP2P) to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

3.     All documents related to the allegation that Tiversa Holding Corp. manipulated metadata (including, but not limited to, IP addresses) in files in Tiversa's data store.

4.     All documents evidencing or relating to facts or opinions regarding Robert J. Boback's reputation for having a character for truthfulness or untruthfulness.

5.     All documents evidencing or relating to Robert J. Boback's malice (or lack thereof) against Michael J. Daugherty or Richard E. Wallace.

6.     Severance or post-employment agreements with Tiversa including, without limitation, non-disclosure agreements.

7.      Emails to or from current or former employees of Tiversa that mention or refer to LabMD, Inc. or Michael J. Daugherty.

8.      Emails to or from current or former employees of Tiversa that mention or refer to misconduct by Tiversa or Boback.

9.      Documents that mention, refer to or evidence misconduct by Tiversa or Boback.

10.      Documents you received from or gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

11.      Notes from meetings or interviews with Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

12.      Transcript of interviews or testimonies you gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

13.      All documents relating to LabMD, Inc.

14.      All documents relating to Michael J. Daugherty.

IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

          Plaintiff,

      v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

          Defendants.

Civil Action No. 2:15-cv-00092-MPK

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests

for production of documents or things; requests for admission; and/or depositions, may require,

by way of illustration, not limitation, disclosure of personal and confidential information such as

information contained in customer account files; competitively sensitive or proprietary business

information and data; business policies, procedures and/or handbooks; marketing, financial

and/or business plans, models, strategies, information and data; otherwise private, confidential

and/or trade secret information; and/or information, the disclosure of which may cause injury or

embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential

Materials"), which should otherwise remain confidential and the private property and

information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an

Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary

or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS,** the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

**WHEREAS**, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

**WHEREAS**, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

### 1. **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a. "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b. Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production. A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c. For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d. Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material. The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

## 2. Disclosures of Documents

a.    All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.    Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c. Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.** **"Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a. the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b. attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c. parties to this lawsuit;

d. employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e. court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f. any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.        any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.        Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.        any other person that all parties agree to in writing.

**4.        Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

## 5. Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

## 6. Handling of Confidential Materials

7

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

### 7.     **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.  The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

### 9.     **Information from Third-Party Sources**

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

## 10.     Use in Court Proceedings

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

## 11.     Filing in Court

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal.  The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

## 12.     Further Application

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

## 13.     Remedies

9

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

### 14. Reservation of Rights

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,

/s/ James W. Hawkins
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com
*Attorney for Plaintiff LabMD, Inc.*

Respectfully submitted,

/s/ Jarrod D. Shaw
Jarrod D. Shaw
Pa. ID No. 93459
Natalie Zagari
Pa. ID No. 316221
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
Telephone: 412 667 6000
Facsimile: 412 402 4193
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com
*Attorneys for Defendant Tiversa Holding Corp.*

/s/Brandon J. Verdream
Robert J. Ridge, Esquire
PA I.D. No.: 58651
E-mail: rridge@clarkhill.com
Brandon J. Verdream, Esquire
PA I.D. No.: 204162
E-mail: bverdream@clarkhill.com

Firm I.D. No.: 282
One Oxford Centre

10

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

*Maureen P. Kelly*

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIVERSA HOLDING CORP. f/k/a | ) | No. 2:15-cv-00092-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>NOTICE OF SUBPOENA</u>

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that

Plaintiff LabMD, Inc. intends to serve a Subpoena, in the form attached hereto, on Jeremy Dean

on October 6, 2017, or as soon thereafter as service may be effectuated.

Dated: October 6, 2017

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                              )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )
                                          )
TIVERSA HOLDING CORP. f/k/a               )         No. 2:15-cv-00092-MRH-MPK
TIVERSA, INC.; ROBERT J. BOBACK;          )
and DOES 1-10,                            )
                                          )
                                          )
              Defendants.                 )
_____   )

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Subpoena on the

following counsel via email as follows:

Jarrod D. Shaw
Natalie Zagari
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com

*Attorneys for Defendant Tiversa Holding Corp.*

Robert J. Ridge
Brandon J. Verdream
301 Grant Street, 14th Floor
One Oxford Centre
Pittsburgh, PA 15219
rridge@clarkhill.com
bverdream@clarkhill.com

*Attorneys for Defendant Robert J. Boback*

*/s/ James W. Hawkins*

James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Pennsylvania

| | |
|---|---|
| LabMD, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; | ) |
| Robert J. Boback | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                             Jeremy Dean

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time: 10/31/2017 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/05/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    LabMD, Inc. _____, who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:15-cv-00092-MPK

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____     on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**INTRODUCTION**

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena to which this document is attached.

**DEFINITIONS AND INSTRUCTIONS**

If you find any of these requests or instructions vague or confusing, or if you want to discuss the requests or instructions, please call Jim Hawkins, counsel for Plaintiff LabMD, Inc. at 678-697-1278.

The time period covered by this subpoena is from January 1, 2007 to the present.

A Stipulated Protective Order was entered in this lawsuit on October 4, 2017. A copy of that document is attached hereto and marked as Exhibit A. The Stipulated Protective Order ensures that certain information shall be maintained as confidential by the requesting parties and all receiving parties as set forth in that Order. You have a right to invoke the protections of this Order.

Instead of producing documents and other items at the time, date and place set forth in the subpoena, you may send those documents and other items to the following address so long as the documents and items are received at this address no later than the date set forth for production in the subpoena:

James W. Hawkins
James W. Hawkins, LLC
11339 Musette Cir.
Alpharetta, GA 30009

As used herein, unless specifically indicated otherwise, the following terms shall have

the indicated meanings:

1.      "You/your" means the subpoenaed party.

2.      "Boback" means Robert J. Boback.  Boback is a defendant in this case.

3.      "LabMD" means LabMD, Inc.  LabMD is the plaintiff in this case.

4.      "Tiversa" means Tiversa Holding Corp. and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof. Tiversa is a defendant in this case.

5.      "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

6.      "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial

2

statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

7.   "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.   "Relate to", "Relating to", "Related to" and "Concerning" mean referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

9.   The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

10.   The term "any" includes "all," and the term "all" includes "any."

11.     "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.     Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

### DOCUMENTS AND THINGS CALLED FOR BY THIS SUBPOENA

1.     All documents relating to the methods, manners and technologies utilized by Tiversa Holding Corp. to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

2.     All documents relating to Tiversa Holding Corp. and/or Richard E. Wallace's use of law enforcement surveillance software (*e.g.*, EP2P) to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

3.     All documents related to the allegation that Tiversa Holding Corp. manipulated metadata (including, but not limited to, IP addresses) in files in Tiversa's data store.

4.     All documents evidencing or relating to facts or opinions regarding Robert J. Boback's reputation for having a character for truthfulness or untruthfulness.

5.     All documents evidencing or relating to Robert J. Boback's malice (or lack thereof) against Michael J. Daugherty or Richard E. Wallace.

6.     Severance or post-employment agreements with Tiversa including, without limitation, non-disclosure agreements.

7.     Emails to or from current or former employees of Tiversa that mention or refer to LabMD, Inc. or Michael J. Daugherty.

8.     Emails to or from current or former employees of Tiversa that mention or refer to misconduct by Tiversa or Boback.

9.     Documents that mention, refer to or evidence misconduct by Tiversa or Boback.

10.    Documents you received from or gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

11.    Notes from meetings or interviews with Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

12.    Transcript of interviews or testimonies you gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

13.     All documents relating to LabMD, Inc.

14.    All documents relating to Michael J. Daugherty.

## IN THE UNITED STATE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

           Plaintiff,

    v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

           Defendants.

Civil Action No. 2:15-cv-00092-MPK

### STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests

for production of documents or things; requests for admission; and/or depositions, may require,

by way of illustration, not limitation, disclosure of personal and confidential information such as

information contained in customer account files; competitively sensitive or proprietary business

information and data; business policies, procedures and/or handbooks; marketing, financial

and/or business plans, models, strategies, information and data; otherwise private, confidential

and/or trade secret information; and/or information, the disclosure of which may cause injury or

embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential

Materials"), which should otherwise remain confidential and the private property and

information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an

Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary

or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS,** the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

**WHEREAS**, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

**WHEREAS**, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

### 1.    **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a.     "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.     Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production. A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c.     For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d.     Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material. The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

### 2. **Disclosures of Documents**

a. All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b. Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c. Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.    "Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a. the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b. attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c. parties to this lawsuit;

d. employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e. court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f. any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.      any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.      Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.      any other person that all parties agree to in writing.

**4.      Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

### 5. Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

### 6. Handling of Confidential Materials

7

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

### 7.    **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.  The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

### 9.    **Information from Third-Party Sources**

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

## 10. Use in Court Proceedings

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

## 11. Filing in Court

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal. The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

## 12. Further Application

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

## 13. Remedies

9

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of

Civil Procedure and such other sanctions as may be available to the Court. All other remedies

available to any person(s) injured by a violation of this Protective Order are fully reserved.

### 14.    **Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such

material is relevant or discoverable in this action. All parties reserve the right to seek discovery

of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,                          Respectfully submitted,

/s/ James W. Hawkins                          /s/ Jarrod D. Shaw
James W. Hawkins                              Jarrod D. Shaw
*Admitted pro hac vice*                       Pa. ID No. 93459
Georgia State Bar No. 338767                  Natalie Zagari
JAMES W. HAWKINS, LLC                         Pa. ID No. 316221
11339 Musette Circle                          Tower Two-Sixty
Alpharetta, GA 30009                          260 Forbes Avenue
V: 678-697-1278                               Suite 1800
F: 678-540-4515                               Pittsburgh, PA 15222-3142
jhawkins@jameswhawkinsllc.com                 Telephone: 412 667 6000
*Attorney for Plaintiff LabMD, Inc.*          Facsimile: 412 402 4193
                                              jshaw@mcguirewoods.com
                                              nzagari@mcguirewoods.com
                                              *Attorneys for Defendant Tiversa Holding*
                                              *Corp.*

                                              /s/Brandon J. Verdream
                                              Robert J. Ridge, Esquire
                                              PA I.D. No.: 58651
                                              E-mail: rridge@clarkhill.com
                                              Brandon J. Verdream, Esquire
                                              PA I.D. No.: 204162
                                              E-mail:  bverdream@clarkhill.com

                                              Firm I.D. No.: 282
                                              One Oxford Centre

10

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIVERSA HOLDING CORP. f/k/a | ) | No. 2:15-cv-00092-MPK |
| TIVERSA, INC.; ROBERT J. BOBACK; | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>NOTICE OF SUBPOENA</u>

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that

Plaintiff LabMD, Inc. intends to serve a Subpoena, in the form attached hereto, on Katy Everett

on October 6, 2017, or as soon thereafter as service may be effectuated.

Dated: October 6, 2017

**JAMES W. HAWKINS, LLC**

<u>/s/ James W. Hawkins</u>
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorneys for Plaintiff LabMD, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,                                    )
                                                )
            Plaintiff,                          )
                                                )
v.                                              )
                                                )
TIVERSA HOLDING CORP. f/k/a                     )        No. 2:15-cv-00092-MRH-MPK
TIVERSA, INC.; ROBERT J. BOBACK;                )
and DOES 1-10,                                  )
                                                )
                                                )
            Defendants.                         )
_____        )

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I served the foregoing Notice of Subpoena on the

following counsel via email as follows:

> Jarrod D. Shaw
> Natalie Zagari
> Tower Two-Sixty
> 260 Forbes Avenue
> Suite 1800
> Pittsburgh, PA 15222-3142
> jshaw@mcguirewoods.com
> nzagari@mcguirewoods.com
>
> *Attorneys for Defendant Tiversa Holding Corp.*
>
> Robert J. Ridge
> Brandon J. Verdream
> 301 Grant Street, 14th Floor
> One Oxford Centre
> Pittsburgh, PA 15219
> rridge@clarkhill.com
> bverdream@clarkhill.com
>
> *Attorneys for Defendant Robert J. Boback*

*/s/ James W. Hawkins*

James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Plaintiff LabMD, Inc.*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

| | | |
|---|---|---|
| LabMD, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:15-cv-00092-MPK |
| Tiversa Holding Corp. f/k/a Tiversa, Inc.; | ) | |
| Robert J. Boback | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Katy Everett

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 | Date and Time: <br><br> 10/31/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/05/2017

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      LabMD, Inc.
_____ , who issues or requests this subpoena, are:

James W. Hawkins, 11339 Musette Circle, Alpharetta, GA 30009; jhawkins@jameswhawkinsllc.com; 678-697-1278

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:15-cv-00092-MPK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**INTRODUCTION**

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena to which this document is attached.

**DEFINITIONS AND INSTRUCTIONS**

If you find any of these requests or instructions vague or confusing, or if you want to discuss the requests or instructions, please call Jim Hawkins, counsel for Plaintiff LabMD, Inc. at 678-697-1278.

The time period covered by this subpoena is from January 1, 2007 to the present.

A Stipulated Protective Order was entered in this lawsuit on October 4, 2017.  A copy of that document is attached hereto and marked as Exhibit A.  The Stipulated Protective Order ensures that certain information shall be maintained as confidential by the requesting parties and all receiving parties as set forth in that Order.  You have a right to invoke the protections of this Order.

Instead of producing documents and other items at the time, date and place set forth in the subpoena, you may send those documents and other items to the following address so long as the documents and items are received at this address no later than the date set forth for production in the subpoena:

James W. Hawkins
James W. Hawkins, LLC
11339 Musette Cir.
Alpharetta, GA 30009

As used herein, unless specifically indicated otherwise, the following terms shall have

the indicated meanings:

    1.      "You/your" means the subpoenaed party.

    2.      "Boback" means Robert J. Boback.  Boback is a defendant in this case.

    3.      "LabMD" means LabMD, Inc.  LabMD is the plaintiff in this case.

    4.      "Tiversa" means Tiversa Holding Corp. and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof. Tiversa is a defendant in this case.

    5.      "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

    6.      "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial

statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

7.     "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.     "Relate to", "Relating to", "Related to" and "Concerning" mean referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

9.     The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

10.     The term "any" includes "all," and the term "all" includes "any."

11.    "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.    Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

## DOCUMENTS AND THINGS CALLED FOR BY THIS SUBPOENA

1.    All documents relating to the methods, manners and technologies utilized by Tiversa Holding Corp. to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

2.    All documents relating to Tiversa Holding Corp. and/or Richard E. Wallace's use of law enforcement surveillance software (*e.g.*, EP2P) to search for, access and download files from clients on peer-to-peer networks including, without limitation, LabMD, Inc.

3.    All documents related to the allegation that Tiversa Holding Corp. manipulated metadata (including, but not limited to, IP addresses) in files in Tiversa's data store.

4.    All documents evidencing or relating to facts or opinions regarding Robert J. Boback's reputation for having a character for truthfulness or untruthfulness.

5.    All documents evidencing or relating to Robert J. Boback's malice (or lack thereof) against Michael J. Daugherty or Richard E. Wallace.

6.    Severance or post-employment agreements with Tiversa including, without limitation, non-disclosure agreements.

7.      Emails to or from current or former employees of Tiversa that mention or refer to LabMD, Inc. or Michael J. Daugherty.

8.      Emails to or from current or former employees of Tiversa that mention or refer to misconduct by Tiversa or Boback.

9.      Documents that mention, refer to or evidence misconduct by Tiversa or Boback.

10.      Documents you received from or gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

11.      Notes from meetings or interviews with Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

12.      Transcript of interviews or testimonies you gave to Congress, the Federal Bureau of Investigation, the Department of Justice, the Department of Health and Human Services or any other federal or state agencies regarding Tiversa or Tiversa's business practices.

13.      All documents relating to LabMD, Inc.

14.      All documents relating to Michael J. Daugherty.

IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

LABMD, INC.,

               Plaintiff,

    v.

TIVERSA HOLDING CORP. f/k/a
TIVERSA, INC.; ROBERT J. BOBACK;

AND DOES 1-10,

               Defendants.

Civil Action No. 2:15-cv-00092-MPK

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery in this case including, but not limited to, interrogatories; requests

for production of documents or things; requests for admission; and/or depositions, may require,

by way of illustration, not limitation, disclosure of personal and confidential information such as

information contained in customer account files; competitively sensitive or proprietary business

information and data; business policies, procedures and/or handbooks; marketing, financial

and/or business plans, models, strategies, information and data; otherwise private, confidential

and/or trade secret information; and/or information, the disclosure of which may cause injury or

embarrassment to the Plaintiff, Defendant, or third-parties (collectively, "Proposed Confidential

Materials"), which should otherwise remain confidential and the private property and

information of the respective party or third-party;

**WHEREAS**, the Proposed Confidential Materials should be given the protection of an

Order of this Court to prevent injury to, or an invasion of, the personal, confidential, proprietary

or trade secret information of the parties or third-parties by reason of any disclosure;

**WHEREAS,** the parties agree that personal and confidential information, trade secrets,

# Exhibit A

commercial and proprietary information will likely be relevant to the determination of the issues in this case;

**WHEREAS**, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information, trade secrets, and commercial and proprietary information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection;

**WHEREAS**, the purpose of this Stipulated Protective Order is to expedite the production of documents and other information without judicial intervention, the provisions in this Stipulated Protective Order shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Stipulated Protective Order;

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff LabMD, Inc., Defendant Tiversa Holding Corp. f/k/a Tiversa, Inc., and Defendant Robert J. Boback, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' proprietary and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED that access and dissemination of discovery material shall be governed by the following provisions:

## 1.     **Materials Covered**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Confidential Attorney Eyes Only" as described below.

2

a.    "Confidential Material" shall mean material which contains personal employee information, trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.    Any document produced by a party in this litigation may be designated as Confidential Material by marking it "Confidential" or "Confidential Attorney Eyes Only" on the face of the document at or prior to the time of production.  A party or person may designate electronic documents and other non-paper media as "Confidential" or "Confidential Attorney Eyes Only," as appropriate, by noting such designation in an accompanying e-mail or accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

c.    For purposes of this Protective Order, the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the disclosing party in good faith believes constitutes, reflects or discloses its trade secrets or other confidential research, financial personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material.

d.    Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the testimony as Confidential Material.  The person desiring

3

to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. Additionally, any party may designate the transcript of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulated Protective Order by notifying the opposing party in writing, via e-mail, facsimile or hand delivery, within fifteen (15) days of receipt of the transcript that it contains Confidential Material. All such transcripts shall be treated as Confidential Material and subject to this Stipulated Protective Order until a time fifteen (15) days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with paragraph 5 hereof, within fifteen (15) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Stipulated Protective Order.

## 2.    Disclosures of Documents

a.    All materials produced in discovery, including, but not limited to, that which is designated "Confidential" shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulated Protective Order.

b.    Each person to whom "Confidential Material" is disclosed, except the persons identified in Paragraphs 3(a)-(e) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Stipulated Protective Order, before receiving "Confidential Material." Copies of this executed Declaration shall be retained by counsel disclosing "Confidential Material" to such person.

4

c.     Notwithstanding any contrary provision in this Stipulated Protective Order, a party is permitted to disclose "Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party with advance written notice of such subpoena or other legal process, via e-mail, facsimile or hand delivery, at least ten (10) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.     "Confidential Materials"**

Disclosure of "Confidential Materials" may be made only to:

a.     the Court, its judicial assistants, clerks, and law clerks in the manner set forth herein;

b.     attorneys for a party who are working on this action (including in-house or general counsel actively involved in the defense of this action) and their employed assistants, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.     parties to this lawsuit;

d.     employees or board members of a party who are actively involved in the prosecution or defense of the action and their employed assistants (this category hereinafter referred to as "Party Employees").

e.     court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

f.     any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are

5

employed) who is retained by counsel for any of the parties in this action to assist counsel, provided however that such disclosure may only occur for the purpose of assisting the preparation of the witness to render the specific services for which he/she was retained, PROVIDED THAT such expert or consultant execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Experts"). The parties agree that they will not employ or hire as a sales, marketing, business or strategic consultant any Expert retained by the other party during the pendency of the litigation or for a period of one year following the termination of the litigation;

g.      any person or individual who may testify as a witness either at a deposition or court proceeding in this action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness PROVIDED THAT such person execute a Declaration in the form of Exhibit A prior to the disclosure of any "Confidential Material" (this category hereinafter referred to as "Witnesses");

h.      Defendants' insurers to the extent necessary and as required under the agreements between Defendants and the insurers; and

i.      any other person that all parties agree to in writing.

**4.      Invocation of This Stipulated Protective Order**

The protection of this Stipulated Protective Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner. With respect to documents, each page containing "Confidential" information shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (a) declaring

6

the same on the record at the deposition; or (b) designating specific pages and/or lines as "Confidential" and serving such designations within fifteen (15) days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "Confidential" for the fifteen (15) day period following receipt of the transcript.

### 5.  Challenge to Designation

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. Any party wishing to challenge the "Confidential" designation assigned by another party or other person with respect to any material shall give written notice via e-mail, facsimile or hand delivery of such objection to counsel for the designating party. The parties shall confer in good faith in an attempt to resolve any such objection. In the event any objection to a designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" designation to file an appropriate motion with the Court, within ten (10) business days after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

### 6.  Handling of Confidential Materials

7

All material designated "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" material may require (at his or her sole cost and expense) the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert).

## 7. **Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with this Order and stamp the document or thing "Confidential," as applicable. The inadvertent failure of a party or person to designate a document as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. The provisions of Local Rule of Civil Procedure 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

## 9. **Information from Third-Party Sources**

8

To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Protective Order and identify the non-party's right to invoke the protections of this Stipulated Protective Order.

### 10. Use in Court Proceedings

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" material. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" material that may be presented at trial or in any hearing before the Court.

### 11. Filing in Court

Any party intending to file any pleading, motion or other paper with the Court that contains or references material designated as "Confidential" shall comply with all Local Rules of Court, regarding the filing of papers under seal. The parties shall abide by any ruling of the Court regarding whether the pleading, motion or other paper may be filed under seal.

### 12. Further Application

Nothing in this Protective Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this action. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

### 13. Remedies

9

This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

### 14.    **Reservation of Rights**

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

[signatures on following page]

Dated: October 3, 2017

Respectfully submitted,

/s/ James W. Hawkins
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com
*Attorney for Plaintiff LabMD, Inc.*

Respectfully submitted,

/s/ Jarrod D. Shaw
Jarrod D. Shaw
Pa. ID No. 93459
Natalie Zagari
Pa. ID No. 316221
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
Telephone: 412 667 6000
Facsimile: 412 402 4193
jshaw@mcguirewoods.com
nzagari@mcguirewoods.com
*Attorneys for Defendant Tiversa Holding Corp.*

/s/Brandon J. Verdream
Robert J. Ridge, Esquire
PA I.D. No.: 58651
E-mail: rridge@clarkhill.com
Brandon J. Verdream, Esquire
PA I.D. No.: 204162
E-mail: bverdream@clarkhill.com

Firm I.D. No.: 282
One Oxford Centre

10

301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Fax: (412) 394-2555
*Attorneys for Defendant, Robert J. Boback*

SO ORDERED:

Hon. Maureen P. Kelly
UNITED STATES DISTRICT COURT

Dated: October 4, 2017

11