IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* Michael J. Daugherty,<br><br>        Plaintiff and Relator,<br><br>v.<br><br>TIVERSA HOLDING CORP., TIVERSA INC., TIVERSA GOVERNMENT INC. and ROBERT BOBACK,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 14-CV-4548-DLC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SUBPOENA

Please take notice, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that Relator Michael J. Daugherty intends to serve a Subpoena, in the form attached hereto, on U.S. Attorney for the Southern District of New York Geoffrey Berman on February 28, 2019, or as soon thereafter as service may be effectuated.

Dated: February 25, 2019

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Relator Michael J. Daugherty*

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| United States ex rel. Michael J. Daugherty <br> *Plaintiff* <br> v. <br> Tiversa Holding Corp., Tiversa Inc., Tiversa Government Inc. and Robert Boback <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 14-CV-4548-DLC |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Geoffrey Berman, U.S. Attorney for the Southern District of New York

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit to Subpoena attached hereto.

| Place: Duane Morris, LLP <br> 1540 Broadway <br> New York, NY 10036-4086 | Date and Time: <br> 03/25/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/25/2019

*CLERK OF COURT*                                              OR

_____                                 /s/ James W. Hawkins
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Michael Daugherty
_____, who issues or requests this subpoena, are:

James W. Hawkins, 5470 Blair Valley Run, Cumming, GA 30040, jhawkins@jameswhawkinsllc.com, 678-697-1278

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 14-CV-4548-DLC

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* Michael J. Daugherty,<br><br>       Plaintiff and Relator,<br><br>v.<br><br>TIVERSA HOLDING CORP., TIVERSA INC., TIVERSA GOVERNMENT INC. and ROBERT BOBACK,<br><br>       Defendants. | Civil Action No. 14-CV-4548-DLC |

**EXHIBIT TO SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Relator Michael J. Daugherty ("Relator") requests that you produce the following documents in connection with a subpoena served upon you.

**DEFINITIONS**

The terms and phrases listed below are defined as follows:

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1. "Plaintiff" or "Relator" refers to Michael J. Daugherty.

2. "Tiversa" means and refers to Tiversa Holding Corp., Tiversa, Inc. and Tiversa Government Inc., their agents, representatives, consultants and attorneys during the applicable period covered by these requests; any other person or entity acting on their behalf or on whose behalf they acted; and any other person or entity otherwise subject to their control or which controls them or with which they are under common control.

3. "Boback" means and refers to Defendant Robert Boback.

4. "Communication," or any variant thereof, means any contact between two or

more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

5. "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

6. "Identify" means:

   a. When used with respect to a person:

      i. the person's name;

      ii. the person's last known residence, business address and telephone number;

      iii. the person's company or business affiliation at the date of transaction, correspondence, or thing referred to; and

      iv. the person's title and duties in the company or business with which he was or is affiliated.

   b. When used with respect to a document or thing:

      i. the identity of each person who prepared and/or authored and/or signed it;

      ii. the date of the document or thing;

      iii. the general nature of the document or thing *(e.g.,* letter, memorandum, photograph, computer printout, model, etc.);

      iv. the identity of each person to whom it was addressed or distributed;

      v. its present location and the identity of its present custodian; and

      vi. the nature and substance of the document or thing with sufficient particularity to enable it to be identified.

   c. When used with respect to a communication:

      i. if written, the identity of the document or documents in which the communication was made, and the identity of all documents which refer to, relate to, or reflect such communication, in whole or in part, or which were discussed, displayed, or used during such communication; and

3

      ii.  if oral, whether the communication was made in person or by telephone; the identity of each person who attended, heard or observed it; the location of each such person at the time of communication; and the substance of what each person said.

  7. "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

  8. "Relate to", "Relating to", "Related to" and "Concerning" means referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

## INSTRUCTIONS

  1. In responding to this Subpoena, you must make a diligent search of your records and other papers and materials in your possession or available to you or your representatives. You must produce all documents requested below which are in your possession, custody or control, or in the possession, custody or control of any other person or entity acting or purporting to act in concert with you or on your behalf, wherever located.

  2. In responding to this Subpoena, you are required to serve a written response to all requests and are required to produce all documents that are in your actual or constructive possession, custody or control or that are in the possession, custody or control of your attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on your behalf at the offices of Duane Morris LLP, 1540 Broadway, New York New York, 10036, on or before the date set forth in the Subpoena.

  3. If any requested document(s) was but is no longer in your possession or subject to your control, or is no longer in existence, you must identify the document(s) and state whether

it (i) has been destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of documents should be identified. In each such instance, explain the circumstances surrounding the disposition and the identity of all persons who you believe to have knowledge of such disposition.

4. If you object to any document request in this Subpoena on the ground that it seeks privileged information, please identify the portion of the request to which the objection applies, state the general nature of the withheld information, identify all persons privy to the withheld information, and answer the remaining portions of the Subpoena. For each document or portion thereof withheld, the privilege log shall contain a description of the following:

    a.    the type of document (e.g., memorandum, letter, notes, e-mail, etc.);

    b.    the date of the document or, if no date appears thereon, the approximate date the document was prepared;

    c.    the author's name(s);

    d.    the recipient's name(s) (e.g., the direct addressee's name(s));

    e.    the identity of any other recipients of the document that appear on the document as having received a copy (e.g., as "cc" or "bcc");

    f.    the identity of any attachments to the document and whether the attachments have been produced;

    g.    the claim of privilege providing the grounds for withholding the document (e.g., attorney-client privilege or work product);

    h.    an identification number of the document;

    i.    designate the names of all persons identified as receiving a copy who were attorneys and designate the names of all persons identified as

          receiving a copy who were not employees or agents of a party to this litigation;

j.    a description of the document's general subject matter;

k.    the legal basis for withholding the document; and

l.    information sufficient to identify the title, capacity, and affiliation of each individual upon whom the claim of privilege or work product immunity is based.

Nothing herein shall prevent any party from seeking additional information regarding any writings or categories of documents identified on a privilege log.

5.    You should furnish all documents in your possession and all documents available to you through your representatives or otherwise.

6.    If you are unable to respond to the following document requests in the Subpoena completely, respond to the extent possible, specifically state the reason for your inability to respond to the remainder and state whatever information or knowledge you have concerning the documents not produced.

7.    All words used in the singular shall be read as having been used in the plural and vice versa.

## DOCUMENT REQUEST

1.    The full investigative file from the Department of Justice's investigation of Tiversa and/or its former CEO, Defendant Robert Boback, including any forensic evidence and computer hard drives.

6

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Relator Michael J. Daugherty*

7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel*. Michael J. Daugherty,<br><br>       Plaintiff and Relator,<br><br>v.<br><br>TIVERSA HOLDING CORP., TIVERSA<br>INC., TIVERSA GOVERNMENT INC.<br>and ROBERT BOBACK,<br><br>       Defendants. | Civil Action No. 14-CV-4548-DLC |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 25, 2019, I served the foregoing Notice of Subpoena on the following counsel via email:

    Steven W. Zoffer, Esq.
    Brett W. Farrar, Esq.
    Dickie, McCamey & Chilcote, P.C.
    Two PPG Place, Suite 400
    zoffers@dmclaw.com
    BFarrar@dmclaw.com

    Robert J. Ridge, Esq.
    Brandon J. Verdream, Esq.
    Jonathan D. Klein, Esq.
    Clark Hill PLC
    830 Third Avenue
    Suite 200
    New York, NY 10022
    rridge@clarkhill.com
    bverdream@clarkhill.com
    jklein@clarkhill.com

.

**JAMES W. HAWKINS, LLC**

*/s/ James W. Hawkins*
James W. Hawkins
*Admitted pro hac vice*
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
5470 Blair Valley Run
Cumming, GA 30040
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Relator Michael J. Daugherty*

3