```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA ex rel.         :
MICHAEL J. DAUGHERTY,                    :         14cv4548(DLC)
                                         :
              Plaintiff,                 :         MEMORANDUM
                                         :       OPINION AND ORDER
       -v-                               :
                                         :
TIVERSA HOLDNG CORP., TIVERSA            :
GOVERNMENT INC., and ROBERT BOBACK,      :
                                         :
              Defendants.                :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

A final pretrial conference was held in the above-captioned case on August 1, 2019. At the conference, the parties agreed on a schedule for the remainder of pretrial proceedings and trial was scheduled for August 27. Following a discussion of the schedule, however, the relator in this False Claims Act ("FCA") case, Michael J. Daugherty ("Daugherty"), requested an adjournment of the trial date in order to pursue additional discovery related to a new theory of liability. As described at the conference, Daugherty's new theory of liability involves allegedly false statements made by defendants Tiversa Holding Corp. and Tiversa Government Inc. ("Tiversa") regarding the extent of its ability to access in real-time files available on worldwide peer-to-peer networks.

Daugherty's new theory of liability was not asserted in the

original complaint[1] or the July 27, 2018 amended complaint.  When the Government elected on March 20, 2018 not to intervene in this case, it had no opportunity to review the factual basis or legal merit of the new theory Daugherty now asserts.  Under the FCA, the Government is entitled to the opportunity to review any amended complaint asserting a new factual basis for false claims in order to allow the Government an opportunity to intervene and proceed with the action.[2]  See 31 U.S.C. §§ 3730(b)(2), (c)(3).

Rule 16, Fed. R. Civ. P., governs the amendment of pleadings after a scheduling order has been issued.  It states that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  "[A] district court . . . does not abuse its discretion in denying leave to amend the pleadings where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in the scheduling order."  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007).  "Whether good cause exists turns on the diligence of the moving party."  BPP Illinois, LLC v. Royal Bank of

---

[1] Following a motion to dismiss the original complaint, an Order of July 7, 2018 granted Daugherty leave to file an amended complaint but warned him that it was unlikely he would have a further opportunity to amend.

[2] Any amended complaint that asserts a new factual basis for false claims must be filed under seal.  31 U.S.C. § 3730(b)(2).

2

Scotland Grp. PLC, 859 F.3d 188, 195 (2d Cir. 2017) (citation omitted).

Fact discovery in this case was scheduled to close on May 31, 2019. An Order of May 31 extended the fact discovery deadline to June 28 to permit the completion of discovery that was timely noticed during the original discovery period or to which the parties had consented. The parties did not pursue expert discovery, and the joint pretrial order was filed on July 12. An Order of July 15 scheduled the final pretrial conference for August 1 and informed the parties that trial would begin on one of two dates: August 20 or August 27, 2019.

Daugherty first raised his request at the August 1 conference. As discussed at the conference, discovery necessary to support Daugherty's new theory of liability would likely include additional document production and deposition testimony regarding the allegedly false statements, expert discovery regarding Tiversa's ability to search peer-to-peer networks, and additional Touhy requests[3] to the Government. A further amendment of the complaint in this action would unduly delay this litigation and unfairly prejudice the defendants and the Government.

---

[3] See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

## **Conclusion**

Daugherty's August 1, 2019 application to adjourn the August 27 trial, amend his complaint, and reopen discovery is denied.

Dated: New York, New York
August 2, 2019

───────────────────────────
DENISE COTE
United States District Judge