# Exhibit D

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Michael J. Daugherty, <br><br> Plaintiff and Relator, <br><br> v. <br><br> TIVERSA HOLDING CORP., TIVERSA INC., TIVERSA GOVERNMENT INC. and ROBERT BOBACK, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Civil Action No. 14-CV-4548-DLC |

## RESPONSES TO RELATOR MICHAEL J. DAUGHERTY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS TIVERSA HOLDING CORP., TIVERSA INC. AND TIVERSA GOVERNMENT INC.

Pursuant to Fed. R. Civ. P. 26 and 34, Relator Michael J. Daugherty ("Daugherty") by and through his counsel, serves the following First Requests for Production of Documents and Things to Defendants Tiversa Holding Corp., Tiversa Inc. and Tiversa Government Inc. (hereinafter collectively referred to as "Tiversa"), hereby requesting that, in accordance with the definitions and instructions set forth herein, Tiversa produce documents responsive to the following requests for production of documents and things within the time permitted by law.

## GENERAL INSTRUCTIONS

1.      Each request herein seeks all documents within the possession, custody or control of Tiversa, including Tiversa's attorneys or agents, and any other person acting on its behalf.

2.      Unless otherwise stated, the time period covered by these requests is up to and including the date on which the requests are answered. These requests are deemed

continuing to the fullest extent permissible and to apply to all documents that Tiversa subsequently creates, develops, discovers or receives.

3.      If any documents called for in these requests are withheld on the grounds of privilege, provide the following information with respect to any such documents:

      a.      The nature of the privilege claimed (*e.g.*, attorney-client, work product, etc.);

      b.      The facts relied upon as the basis for claiming the privilege as to the specific information;

      c.      In the case of a document, identify:

          i.      each person who prepared the document;

          ii.     the title (if any) of the document;

          iii.    the date of the document;

          iv.     the number of pages in the document;

          v.      the paragraph or paragraphs of this request to which the document responds;

          vi.     whether any matter that is not privileged or not work product is discussed or mentioned in that document or thing;

          vii.    the name and job title of each person to whom the document was addressed, distributed or shown; and

          viii.   the general subject matter of the document.

4.      If any responsive document has been lost or destroyed, or transferred to a third party over whom you claim to lack control, please identify the document by author, date, and subject matter, the date and circumstances surrounding the loss, destruction or transfer, the

2

reason for the loss, destruction or transfer, the person or entity to whom transferred, the present location of the document and the date and manner in which you can or may obtain the document.

5.      Whenever appropriate, the singular form of the word shall be interpreted in the plural, or *vice versa*; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

6.      The word "or" is used herein in its inclusive sense. In other words, "or" should be read as "and/or." Similarly, the word "any" should be read as "any and all" and the word "each" should be read as "each and every." The word "including" should be read as "including, but not limited to" and the word "includes" should be read as "includes, but is not limited to."

7.      Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

8.      All documents should be produced at the law offices of Duane Morris LLP, 600 Grant Street, Suite 5010, Pittsburgh, PA 15219-2802 or delivered to James W. Hawkins, 5470 Blair Valley Run, Cumming, GA 30040, jhawkins@jameswhawkinsllc.com.

9.      If, at any time subsequent to your response to these requests, any other document responsive to these requests is located or comes within the possession, custody or control of Tiversa, Daugherty requests that Tiversa supplement its answers to these requests.

3

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1.      "Plaintiff" or "Relator" refers to Michael J. Daugherty.

2.      "Defendant," "you" and "your" means and refers to Defendants Tiversa Holding Corp., Tiversa Inc. and Tiversa Government Inc. (hereinafter collectively referred to as    "Tiversa"); their agents, representatives, consultants and attorneys during the applicable period covered by these requests; any other person or entity acting on Tiversa's behalf or on whose behalf Tiversa acted; and any other person or entity otherwise subject to Tiversa's control or which controls Tiversa or with which Tiversa is under common control.

3.      "Boback" means and refers to Defendant Robert J. Boback.

4.      "Communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, text messages, social media, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

5.      "Documents" and "things" are used in the most comprehensive and inclusive sense permitted by Rule 45 of the Federal Rules of Civil Procedure and shall include, without limiting its generality, any physical thing embodying or containing information or any written, recorded, graphic, or other matter, in any language, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, back-up disks or other computer storage

devices, charts, film, or any other medium, including but not limited to matter in the form of reports, records, studies, statements, minutes, books, letters, notebooks, publications, pamphlets, microfilm, circulars, prospectuses, brochures, studies, notices, computer printouts, insurance policies, agreements, contracts, memoranda, summaries, compilations, appraisals, correspondence, working papers, notes, messages, emails, text messages, telegrams, bookkeeping entries, inventories, financial statements, accounting records, balance sheets, books of account, operating statements, budgets, schedules, appointment calendars and diaries, telegrams, travel reports and records, bills of lading, invoices, freight bills, ledger sheets, receipts, projections, graphs, sketches, drawings, blueprints, photographs, motion pictures, and information that has been electronically stored or recorded including but not limited to magnetic disks, optical disks, voice mail, as well as all samples, models, prototypes and devices and any documents necessary to the comprehension or understanding of any designated document (including, but not limited to, cross-referenced documents and indexes, definitions or keys to any terms or codes used) and also includes but is not limited to originals, drafts, and each separate copy of each document or thing that, by reason of any variation or change (*e.g.*, the presence or absence of handwritten notes, or underlining), represents a distinct version.

      6.     "Identify" means:

          a.     When used with respect to a person:

               i.     the person's name;

               ii.     the person's last known residence, business address and telephone number;

  iii. the person's company or business affiliation at the date of transaction, correspondence, or thing referred to; and

  iv. the person's title and duties in the company or business with which he was or is affiliated.

b. When used with respect to a document or thing:

  i. the identity of each person who prepared and/or authored and/or signed it;

  ii. the date of the document or thing;

  iii. the general nature of the document or thing *(e.g.,* letter, memorandum, photograph, computer printout, model, etc.);

  iv. the identity of each person to whom it was addressed or distributed;

  v. its present location and the identity of its present condition; and

  vi. the nature and substance of the document or thing with sufficient particularity to enable it to be identified.

c. When used with respect to a communication:

  i. if written, the identity of the document or documents in which the communication was made, and the identity of all documents which refer to, relate to, or reflect such communication, in whole or in part, or which were discussed, displayed, or used during such communication; and

     ii.    if ora, whether the communication was made in person or by telephone; the identity of each person who attended, heard or observed it; the location of each such person at the time of communication; and the substance of what each person said.

7.    "Person" means any natural person, firm, sole proprietorship, association, organization, partnership, business, joint venture, trust, corporation, company or public entity.

8.    "P2P Network" means all P2P networks ever searched by Tiversa.

9.    "Related to", "Relating to", "Related to" and "Concerning" means referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constitution in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

10.    "Report" means any report Tiversa prepared and delivered to the TSA between January 1, 2010 and December 31, 2013. "Report" includes, but is not limited to a "ticket" or "incident response form" or "incident response case" or "forensic investigation report" as those terms were used at Tiversa.

11.    "Search Warrant Affidavit" means the Affidavit in Support of an Application Under Rule 41 For A Warrant to Search and Seize, a true and correct copy of which is attached hereto as Exhibit A.

12.     "Software Documentation" means all system, technical, requirements, architecture, design, project, development and user documentation including, without limitation, software requirements specifications and software project management plans.

13.     "Subject File" means the file or files Tiversa obtained in or around 2011 relating to aircraft computers that Tiversa gave to and/or discussed with the TSA before the TSA Definitive Contract. "Subject File" includes all versions of the Subject File, including, without limitation, any alterations made by Tiversa to the metadata of the Subject File.

14.     "Other Files" means any file or files other than the Subject File that Tiversa provided to the TSA either before it entered into the TSA Definitive Contract or during its performance under that agreement and the TSA Definitive Contract Extension. "Other Files" include all versions of the Other Files, including, without limitation, any alterations made by Tiversa to the metadata of the Other Files.

15.     "AmEx Files" means all of the American Express files downloaded by Tiversa that are referenced in ¶¶ 62-64 of the Search Warrant Affidavit. "AmEx Files" include all versions of the AmEx Files, including, without limitation, any alterations made by Tiversa to the metadata of the AmEx Files.

16.     "LabMD Files" means all of the LabMD files downloaded by Tiversa that are referenced in ¶¶ 41-61 of the Search Warrant Affidavit. "LabMD Files" include all versions of the LabMD Files, including, without limitation, any alterations made by Tiversa to the metadata of the LabMD Files.

17.     "WRG Files" means all of the Wagner Resource Group files downloaded by Tiversa that are referenced in ¶¶ 65- 83 of the Search Warrant Affidavit. "WRG Files" include all versions of the WRG Files, including, without limitation, any alterations made by Tiversa to the metadata of the WRG Files.

18.     "ODC Files" means all of the Open Door Clinic files downloaded by Tiversa that are referenced in ¶ 84 of the Search Warrant Affidavit. "ODC Files" include all versions of the ODC Files, including, without limitation, any alterations made by Tiversa to the metadata of the ODC Files.

19.     "TSA" means the Transportation Security Administration.

20.     "TSA Definitive Contract" means the Firm Fixed Price Definitive Contract, PIID number HSTS0311CCIO554, for intelligence monitoring and detection services from August 3, 2011 through August 2, 2012.

21.     "TSA Definitive Contract Extension" means the extension of the TSA Definitive Contract from August 3, 2012 through August 2, 2013.

## **GENERAL OBJECTIONS**

To the extent Plaintiff/Relator ascribes special meaning or definition to words used in this discovery directed to the entities identified herein, Defendant Tiversa declines to accept those specialized meanings and definitions and interprets all words in accordance with their ordinary and customary meanings.  Defendant Tiversa objects to the Plaintiff/Relator's Definitions and Instructions as being overly broad and unduly burdensome and not consistent with, and setting obligations greater than the requirements of, the applicable Rules of Civil Procedure.

9

Further discovery, independent investigation, research and analysis may supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in or variations from the Responses herein. The following Answers and Responses are given without prejudice to Defendant Tiversa's right to produce evidence of any subsequently discovered facts or documents. Defendant Tiversa also reserves the right to assert additional privileges as warranted by new documents or evidence at a later date.

Defendant Tiversa's Answers and Responses herein reflect responsive information identified by Defendant Tiversa before the date of the Answers and Responses and pursuant to a reasonable and diligent search and investigation conducted in connection with the discovery. To the extent that the discovery purports to require more, Defendant Tiversa objects on the grounds that (a) the discovery seeks to compel a search beyond the scope of permissible discovery contemplated by the Rules of Evidence and Procedure and (b) compliance with the discovery would impose an undue burden and expense upon Defendant Tiversa.

The fact that documents may be referred to in these Answers and Responses does not constitute an admission or representation regarding the authenticity, admissibility or nature of any documents and Defendant Tiversa expressly reserves the right to object to the introduction of any documents during any trial on all applicable grounds.

Answers and Responses are provided without waiving, but expressly preserving: (a) any objections as to the competency, relevancy, authenticity, materiality and admissibility of any of the documents produced; and (b) the right to object to other

discovery procedures involving or relating to the subject matter of the discovery responded to herein.

Defendant Tiversa objects to the discovery to the extent that it is unreasonably cumulative, duplicative, or the responsive information is obtainable from other sources more conveniently available to the parties seeking discovery herein.

## REPLY TO REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1.      Please produce all documents identified in response to Relator Michael J. Daugherty's First Interrogatories to Defendants Tiversa Holding Corp., Tiversa Inc. and Tiversa Government Inc.

**RESPONSE:   Tiversa incorporates all objections and responses in response to Relator's First Interrogatories to Tiversa.  Tiversa further objects because this request for documents "identified" in Tiversa's Answers and Responses to Relator's First Interrogatories is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and in an effort to respond, Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any.  Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.**

2.      Please produce all Reports.

**RESPONSE:   Objection. This Request is overly broad and unduly burdensome based upon Relator's definition of Report.  Without waiving these objections and in an effort to respond, Tiversa will produce non-privileged documents in**

its possession, custody or control that are responsive to this request, if any. Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.

3.      Please produce all drafts and all versions of all Reports.

**RESPONSE:   Objection. This Request is overly broad and unduly burdensome based upon Relator's definition of Report.  Without waiving these objections and in an effort to respond, Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.**

4.      Please produce all documents evidencing or otherwise identifying all Tiversa employees or agents who prepared the Reports.

**RESPONSE:   Objection. This Request is overly broad and unduly burdensome based upon Relator's definition of Report.  Without waiving these objections and in an effort to respond, Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.**

5.      Please produce all documents evidencing or otherwise identifying all Tiversa employees or agents who reviewed the Reports before they were sent to TSA.

**RESPONSE:   Objection. This Request is overly broad and unduly burdensome based upon Relator's definition of Report.  Without waiving these objections and in an effort to respond, Tiversa will produce non-privileged documents in**

**its possession, custody or control that are responsive to this request, if any.**

**Discovery in this matter is ongoing and Tiversa reserves the right to**

**supplement this response, if necessary.**

6.     Please produce all of Tiversa's internal communications regarding the Report, the Subject File and the Other Files.

**RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and**

**seeks information that is not relevant and not reasonably calculated to lead to**

**the discovery of admissible evidence.  Further, the alleged Subject File is not**

**easily accessible because Tiversa is unaware of the document's title and is**

**unaware of whether it actually exists, nor has Relator provided the**

**document's title or an adequate description of the document. By way of**

**further response and without waiving these objections, Tiversa will produce**

**non-privileged documents in its possession, custody or control that are**

**responsive to this request, if any.  Discovery in this matter is ongoing and**

**Tiversa reserves the right to supplement this response, if necessary.**

7.     Please produce all of Tiversa's internal communications regarding alterations to the metadata of the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files.

**RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and**

**seeks information that is not relevant and not reasonably calculated to lead to**

**the discovery of admissible evidence.  Further, this Interrogatory assumes the**

**legal conclusion that alterations to metadata occurred.  Further, this Request is**

**not proportional to the needs of the case considering (1) the marginal**

importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.  Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document. By way of further response and without waiving these objections, at this time Tiversa does not have any knowledge whether alterations to metadata for the Subject File occurred.  Discovery is ongoing and Tiversa reserves the right to supplement this response, if necessary.

8.      Please produce all communications between Tiversa and Kristin Fuller, Michael Byrne, Tiffany Crowders, William Greg Maier, Yague Ngom or any other employees or agents of the TSA between January 1, 2010 and December 31, 2013.

RESPONSE:   Objection. This Request is overly broad and unduly burdensome based upon the relevant time frame.  Without waiving these objections and in an effort to respond, Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.

9.      Please produce all documents provided by Tiversa to Kristin Fuller, Michael Byrne, Tiffany Crowders, William Greg Maier, Yague Ngom or any other employees or agents of the TSA between January 1, 2010 and December 31, 2013.

RESPONSE:   Objection. This Request is overly broad and unduly burdensome based upon the relevant time frame.  Without waiving these objections and in

an effort to respond, Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.

10.   Please produce all presentations provided by Tiversa to Kristin Fuller, Michael Byrne, Tiffany Crowders, William Greg Maier, Yague Ngom or any other employees or agents of the TSA between January 1, 2010 and December 31, 2013.

RESPONSE:   Objection. This Request is overly broad and unduly burdensome based upon the relevant time frame.   Further, this requests is vague and ambiguous.   Without waiving these objections and in an effort to respond, Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any.   Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.

11.   Please produce all documents provided by Kristin Fuller, Michael Byrne, Tiffany Crowders, William Greg Maier, Yague Ngom or any other employees or agents of the TSA to Tiversa between January 1, 2010 and December 31, 2013.

RESPONSE:   Objection. This Request is overly broad and unduly burdensome based upon the relevant time frame.   Without waiving these objections and in an effort to respond, Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.

12.     Please produce all non-privileged communications between Tiversa outside counsel Eric Kline and Tiversa related to the TSA Definitive Contract and all facts that led to that agreement.

**RESPONSE: This interrogatory seeks confidential attorney client communications and/or work product and calls for legal opinions and/or legal conclusions.**

13.     Please produce all communications between Tiversa outside counsel Eric Kline and Kristin Fuller, Michael Byrne, Tiffany Crowders, William Greg Maier, Yague Ngom or any other employees or agents of the TSA between January 1, 2010 and December 31, 2013.

**RESPONSE:   Objection. This Request is overly broad and unduly burdensome based upon the relevant time frame.  Without waiving these objections and in an effort to respond, Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.**

14.     Please produce the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files.

**RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the**

16

substantial cost to identify responsive materials balanced against the amount
in controversy.   Further, the alleged Subject File is not easily accessible
because Tiversa is unaware of the document's title and is unaware of whether
it actually exists, nor has Relator provided the document's title or an adequate
description of the document.  By way of further response and without waiving
these objections, Tiversa will produce non-privileged documents in its
possession, custody or control that are responsive to this request, if any.
Discovery in this matter is ongoing and Tiversa reserves the right to
supplement this response, if necessary.

15.     Please produce all documents identifying who at Tiversa downloaded the
Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files.

RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and
seeks information that is not relevant and not reasonably calculated to lead to
the discovery of admissible evidence.   Further, this Request is not
proportional to the needs of the case considering (1) the marginal importance
of the materials to the claims and defenses in this litigation and (2) the
substantial cost to identify responsive materials balanced against the amount
in controversy. Further, the alleged Subject File is not easily accessible
because Tiversa is unaware of the document's title and is unaware of whether
it actually exists, nor has Relator provided the document's title or an adequate
description of the document.  By way of further response and without waiving
these objections, Tiversa will produce non-privileged documents in its
possession, custody or control that are responsive to this request, if any.

**Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.**

16.     Please produce all documents identifying when Tiversa downloaded the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files.

**RESPONSE:   Objection.   This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.   Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document.   By way of further response and without waiving these objections, Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.**

17.     Please produce all documents indicating how Tiversa located the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files (*e.g.*, search terms, browsing the host).

**RESPONSE:   Objection.   This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to**

the discovery of admissible evidence.   Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.   Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document.  By way of further response and without waiving these objections, Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.

18.     Please produce all documents indicating what program(s) (*e.g.*, Eagle Vision, LimeWire, eP2P) Tiversa used to download the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files.

RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.   Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether

it actually exists, nor has Relator provided the document's title or an adequate description of the document.   By way of further response and without waiving these objections, Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any. Discovery in this matter is ongoing and Tiversa reserves the right to supplement this response, if necessary.

19.   Please produce all documents showing the true metadata for the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files.

**RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, the Request is vague and ambiguous and fails to define the term "true metadata."  Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.   Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document.**

20.   Please produce all documents showing the true IP address(es) of all computer(s) that Tiversa accessed to download the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files.

**RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   Further, the Request is vague and ambiguous and fails to define the term "true IP address(es)."   Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.  Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document.**

21.    Please produce all documents showing whether Tiversa modified or altered the IP address(es) of the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files to make them appear as if they were disclosed at IP address(es) other than the true source IP address(es).

**RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.  Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether**

it actually exists, nor has Relator provided the document's title or an adequate description of the document.  By way of further response and without waiving these objections, at this time Tiversa does not have any knowledge whether Tiversa modified or altered the IP address(es) of the Subject File.  Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any.  Discovery is ongoing and Tiversa reserves the right to supplement this response, if necessary.

22.    Please produce all documents showing whether Tiversa modified or altered the timestamps of the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files.

RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.  Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document.  By way of further response and without waiving these objections, at this time Tiversa does not have any knowledge whether Tiversa modified or altered the timestamps of the Subject File.  Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this

22

request, if any.   Discovery is ongoing and Tiversa reserves the right to supplement this response, if necessary.

23.     Please produce all documents showing who modified or altered the IP address(es) of the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files to make them appear as if they were disclosed at IP address(es) other than the true source IP address(es).

**RESPONSE:   Objection.   This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   Further, the Request is vague and ambiguous and fails to define the term "true source IP address(es)."   Further, this Request assumes the legal conclusion that modification or alteration occurred.   Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.   Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document. By way of further response and without waiving these objections, at this time Tiversa does not have any knowledge whether Tiversa modified or altered the IP address(es) of the Subject File.   Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this**

request, if any.   Discovery is ongoing and Tiversa reserves the right to supplement this response, if necessary.

24.     Please produce all documents showing when Tiversa modified or altered the IP address(es) of the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files to make them appear as if they were disclosed at IP address(es) other than the true source IP address(es).

**RESPONSE:   Objection.   This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   Further, the Request is vague and ambiguous and fails to define the term "true source IP address(es)."   Further, this Request assumes the legal conclusion that modification or alteration occurred.   Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.   Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document.   By way of further response and without waiving these objections, at this time Tiversa does not have any knowledge whether Tiversa modified or altered the IP address(es) of the Subject File.   Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this**

request, if any.   Discovery is ongoing and Tiversa reserves the right to supplement this response, if necessary.

25.     Please produce all directions, methods and/or protocols created or used by Tiversa to instruct Tiversa's forensic analysts how to modify metadata.

**RESPONSE:   At this time Tiversa is not aware of documents responsive to this request.**

26.     Please produce all documents describing the tool(s) or means Tiversa used to change the metadata of the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files. See, *e.g.*, ¶29 of the Search Warrant Affidavit.

**RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, this Request assumes the legal conclusion that tools were used to change metadata.  Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.   Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document.  By way of further response and without waiving these objections, at this time Tiversa does not have any knowledge whether Tiversa changed the metadata of the Subject File.  Tiversa will produce non-privileged documents in its possession, custody or control**

that are responsive to this request, if any.  Discovery is ongoing and Tiversa reserves the right to supplement this response, if necessary.

27.     Please produce all log or other entries from File Renamer or whichever program(s) Tiversa used to change the file properties of the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files.

**RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, this Request assumes the legal conclusion that file properties were changed.  Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.   Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document.  By way of further response and without waiving these objections, at this time Tiversa does not have any knowledge whether Tiversa changed file properties of the Subject File.  Tiversa will produce non-privileged documents in its possession, custody or control that are responsive to this request, if any.  Discovery is ongoing and Tiversa reserves the right to supplement this response, if necessary.**

28.     Please produce all documents showing who injected the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files into Tiversa's Data Store.

**RESPONSE:   Objection.   This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   Further, this Request is vague and ambiguous and fails to define the term "injected."  Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.   Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document. By way of further response and without waiving these objections, at this time Tiversa does not have any knowledge whether Tiversa injected the Subject File into the Data Store.   By way of further response, Tiversa, no longer an operating entity, has no ability to conduct searches of its former Data Store.   Discovery is ongoing and Tiversa reserves the right to supplement this response, if necessary.**

29.   Please produce all documents showing when the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files were injected into Tiversa's Data Store.

**RESPONSE:   Objection.   This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   Further, the Request is vague and ambiguous and fails to define the term "injected."  Further, this Request is not proportional to the needs of the case considering (1) the marginal importance**

27

of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.   Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document.  By way of further response and without waiving these objections, at this time Tiversa does not have any knowledge whether Tiversa injected the Subject File into the Data Store.   By way of further response, Tiversa, no longer an operating entity, has no ability to conduct searches of its former Data Store.  Discovery is ongoing and Tiversa reserves the right to supplement this response, if necessary.

30.    Please produce all documents showing what program(s) Tiversa used to inject the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files into Tiversa's Data Store.

RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   Further, the Request is vague and ambiguous and fails to define the term "injected."  Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.   Further, the alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether

**it actually exists, nor has Relator provided the document's title or an adequate description of the document. By way of further response and without waiving these objections, at this time Tiversa does not have any knowledge whether Tiversa injected the Subject File into the Data Store. By way of further response, Tiversa, no longer an operating entity, has no ability to conduct searches of its former Data Store. Discovery is ongoing and Tiversa reserves the right to supplement this response, if necessary.**

31.    Please produce all Software Documentation regarding the programs used by employees at Tiversa to inject files into Tiversa's Data Store (e.g, the RAD Importer, File Importer and Data Store Importer).

**RESPONSE: Objection. This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the Request is vague and ambiguous and fails to define the term "inject." Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy. By way of further response, Tiversa, no longer an operating entity, has no ability to conduct searches of its former Data Store. Discovery is ongoing and Tiversa reserves the right to supplement this response, if necessary.**

32.    Please produce all log or other entries from Tiversa's SQL Server(s) showing the date the Subject File, Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files

29

were injected into Tiversa's Data Store and any other recorded dates for the Subject File,
Other Files, AmEx Files, LabMD Files, WRG Files and ODC Files (*e.g.*, create date, modified
date).

> **RESPONSE:   Objection.   This Request is overly broad, unduly burdensome and
> seeks information that is not relevant and not reasonably calculated to lead to
> the discovery of admissible evidence.   Further, the Request is vague and
> ambiguous and fails to define the term "injected."   Further, this Request is not
> proportional to the needs of the case considering (1) the marginal importance
> of the materials to the claims and defenses in this litigation and (2) the
> substantial cost to identify responsive materials balanced against the amount
> in controversy.   Further, the alleged Subject File is not easily accessible
> because Tiversa is unaware of the document's title and is unaware of whether
> it actually exists, nor has Relator provided the document's title or an adequate
> description of the document.   By way of further response, Tiversa, no longer
> an operating entity, has no ability to conduct searches of its former Data Store.
> Discovery is ongoing and Tiversa reserves the right to supplement this
> response, if necessary.**

33.     Please produce all directions, methods and/or protocols created or used by
Tiversa to instruct Tiversa's forensic analysts how to inject files into Tiversa's Data Store.

> **RESPONSE:  At this time Tiversa is not aware of documents responsive to this
> request.**

34.    Please produce all documents identifying the "Burnt IP addresses" used by Tiversa including, without limitation, the "Burnt IP addresses" described in ¶31 of the Search Warrant Affidavit.

**RESPONSE: Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.    Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.**

35.    Please produce all directions, methods and/or protocols created by Tiversa to instruct Tiversa's forensic analysts how to alter metadata.

**RESPONSE:  At this time Tiversa is not aware of documents responsive to this request.**

36.    Please produce all documents or other items Tiversa used to conclude that the Subject File was downloaded from the computer of a TSA employee in Denver, Colorado.

**RESPONSE: Objection.  The alleged Subject File is not easily accessible because Tiversa is unaware of the document's title and is unaware of whether it actually exists, nor has Relator provided the document's title or an adequate description of the document.  Discovery is ongoing and Tiversa reserves the right to supplement this response, if necessary.**

31

37.    Please produce the October 1, 2007 email referenced in ¶30 of the Search Warrant Affidavit.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.**

38.    Please produce all investigative reports prepared by Tiversa and/or its agents regarding allegations that Boback and/or Tiversa gave false statements and/or false testimonies and/or fabricated documents to Congress and the Federal Trade Commission.

**RESPONSE:    Objection. This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.**

39.    Please produce all communications to or from Tiversa and CSI Investigators, Inc. regarding any investigations or surveillance on Richard E. Wallace or Michael J. Daugherty or their attorneys and family members.

**RESPONSE:    Objection. This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.**

40.     Please produce all documents, including, without limitation, all investigative or other reports Tiversa received from CSI Investigators, Inc., regarding any investigations or surveillance on Richard E. Wallace or Michael J. Daugherty or their attorneys and family members.

**RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.**

41.     Please produce all communications to and from Tiversa and Sam Rosenberg (or others at InPax) regarding any investigations or surveillance on Richard E. Wallace or Michael J. Daugherty or their attorneys and family members.

**RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.**

42.     Please produce all documents, including, without limitation, all investigative or other reports Tiversa received from Sam Rosenberg (or others at InPax), regarding any investigations or surveillance on Richard E. Wallace or Michael J. Daugherty or their attorneys and family members.

**RESPONSE:   Objection.  This Request is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.**

Respectfully Submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By: _____

       Steven W. Zoffer, Esquire (pro hac vice)
       PA ID. # 62497
       zoffers@dmclaw.com
       Two PPG Place, Suite 400
       Telephone:  (412) 281-7272
       Facsimile:  (412) 392-5367

       Counsel for Defendants, Tiversa Holding Corp., Tiversa Inc., Tiversa Government Inc.

Dated:  4/5/19 _____

## **CERTIFICATE OF SERVICE**

I, Steven W. Zoffer, Esquire hereby certify that a true and correct copy of the foregoing Responses to Relator's First Requests for Production were served by U.S. First Class Mail this 5ᵗʰ day of _April_, 2019 to all counsel of record as follows:

Brandon Jude Verdream, Esquire
Jonathan Daniel Klein
Clark Hill PLC
One Oxford Centre
301 Grant Street, 14ᵗʰ Floor
Pittsburgh, PA  15219
bverdream@clarkhill.com
lmay@clarkhill.com
rridge@clarkhill.com
jklein@clarkhill.com
kmayer@clarkhill.com


James William Hawkins, Esquire
James W. Hawkins, LLC
11339 Musette Circle
Alpharetta, GA 30009
jhawkins@jameswhawkinsllc.com


Geoffrey S. Berman, Esquire
United States Attorney for the Southern District of New York
United States Attorney's Office
86 Chambers Street, 3ʳᵈ Floor
New York, NY  10007

Date: 4/5/19                    By: _[signature]_